Edward D. Fitzhugh
*Law Offices of Edward D. Fitzhugh*
P.O. Box 24238
Tempe, Arizona 85285-4238
(480) 752-2200
Arizona Bar No. 007138
Attorney for Plaintiffs

FILED
MAR 23 2007
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT

OF FEDERAL CLAIMS

07-195 C

DARRELL BOYE, a married man, individually, KIRK SNYDER, a married man, individually; LARRY ETSITTY, SR., a single man; SARAH HABAADIH, a single woman; JONES R. BEGAY, a married man, individually; JOHNNY PESHLAKAI, a married man, individually; RONALD PLATERIO, a married man, individually; REX BUTLER, a married man, individually; TYRONE BENALLY, a single man; CHARLENE BAHE, a single woman; KENNY JAMES, a married man, individually; ROSALYN BENALLY, a single woman; LEROY BUTLER, a married man, individually; LUCY LANE, a married woman, individually; DALE DENNISON, a married man, individually; RANDALL TOMASYO, a married man, individually; MARJORIE HENDERSON, a single woman; PATRICIA YELLOWHAIR, a single woman; CLINTON C. CURTIS, a single man; HENRY K. MOORE, a single man; IRENE SIX, a single woman; THOMAS ETSITTY, a single man; GENEVIEVE MORGAN, a single woman; DARRELL HARVEY, a single man; LELAND TOM, a single man; RANDALL J. BLUEHOUSE, a single man; ALVERNON TSOSIE, a single man; GILBERT YAZZIE, a single man; KARL ATCITTY, a single man; JONATHON LEONARD, a single man; O.J. WHITE, a single man; JULIAN HENRY, a single man; MARVIN CURLEY, a single man; DAREN SIMEONA, a single man; EMMITT YAZZIE, a single man; FARRELL BEGAY, a single man; DAVE M. FRANCISCO, a single man; MONICA BUTLER, a single woman; ELRENS C. HENIO, a single man; PATRICK YAZZIE, a single man; FRANKLIN LEE, a single man; ELAINE NEZ, a single woman;

Case No.:

COMPLAINT
(Breach of Contract)

DELVIN MILES, a single woman; DARRELL BETONIE, a single man; WILSON HONIE, a single man; RAMONA I. BEDONIE, a single woman; VERNESSA YELLOWHAIR, a single woman; LESLIEH YAZZIE, a single woman; JOSEPH BENALLY, a single man; TIM JOHNSON, a single man; DEAN HADLEY, a single man; ELOUSIE TSOSIE, a single woman; LORETTA REDHOUSE, a single woman; ERWIN TODDY, a single man; RENITA BENALLY, a single woman; FELICIA WILLIAMS, a single woman; LOUIS ANDERSON, JR., a single man; RONALD R. BITAH, a single man; BERNADINE FRANCIS, a single woman; LEON M. MITCHELL, a single man; LAMAR MARTIN, a single man; WALLY WHITEGOAT, a single man; AMOS BEN, a single man; LEANDER L. MORRIS, a single man; ROY E. LAWRENCE, a single man; LOUIS P. ORTIZ, a single man; MARTIN PAGE, a single man; STANLEY E. ASHLEY, a single man; DARLENE ANTONIO, a single woman; RICHARD SHIRLEY, JR., a single man; IRVIN ATTISON, a single man; LEMAN HARVEY, SR., a single man; ERIK FRANCISCO, a single man; LEROY WILSON, a single man; FRANK E. HENRY, a single man; JENNY M. MARTIN, a single woman; ELROY NASWOOD, a single man; ARNOLD SILVERSMITH, a single man; ALEJANDRO DAYEA, a single man; RON SINGER, a single man; DENISE BILLY, a single woman; ANTONIO COOKE, a married man, individually; EVELYN SMILEY, a single woman; MARY FERNANDO, a single woman; KATIE BELONE, a single woman; LOUIS ANDERSON, a single man; ESTHER CHARLEY, a married woman, individually; LOUIS ST. GERMAINE, a single man; ERNEST D. YAZZIE, a single man; SALVANTIS BEGAY, a single man; ROSINA FORD, a single woman; OTIS DESIDERIO, a married man, individually; ROBERT H. JAMES, a married man, individually; FREDERICK L. PRICE, a married man, individually;

RAYMOND K. BARLOW, a married man, individually; HENRY C. PLATERIO, JR., a married man, individually; FAYETTA DALE, a single woman; WALLACE BILLIE, a married man, individually; KARA TILDEN, a single woman; BERNADINE DODSON, a married woman, individually; RAYMOND BUTLER, JR., a married man, individually; JEREMIAH DEE, a married man, individually; and, on behalf of all other similarly situated employees of the Navajo Department of Public Safety and the Navajo Nation,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA, a sovereign entity,

Defendants.

COME NOW Plaintiffs and for their cause of action, state and allege as follows:

## JURISDICTION

I.

Plaintiffs bring this cause of action pursuant to 28 USC 1491 (Tucker Act), and 28 USC 1505 (Claims by American Indians).[1]

II.

The value of each of Plaintiffs' claims exceeds the $10,000 jurisdictional requirement. Attached hereto as Exhibit A is the Affidavit of Defendant's employee, Darrell

---

[1]On December 19, 2005, the Honorable Earl H. Carroll of the U.S. District Court for the District of Arizona denied Plaintiffs' Motion for a New Trial, "without prejudice to the filing of a new case." *Snyder, et al., v. United States*, No. CIV 02-0308-PCT-EHC. Pursuant to statute, these claims are properly before this Court.

Boye, stating, by conservative measure, the approximate losses he has incurred up to the time that his Affidavit was prepared.

III.

Lead Plaintiff Darrell Boye resides within the Navajo reservation in Arizona, and is a registered member of the Navajo Tribe. With the exception of Plaintiff Kurt Snyder, the Plaintiffs reside within the boundaries of the Navajo Reservation. Not all of the similarly situated persons reside on the Reservation. At all times alleged herein, Plaintiff was employed by the Navajo Nation Division of Public Safety (hereinafter, "Navajo DPS"), as a law enforcement officer. The Navajo DPS provides law enforcement on the Reservation and to some of the state counties adjacent to the Reservation.

IV.

The other Plaintiffs and the similarly situated persons are past and present employees of the Navajo DPS and the Emergency Services Department, which is part of the Navajo DPS.

V.

Plaintiffs bring their Complaint on behalf of the other similarly situated Navajo DPS employees, past and present, who, as these Plaintiffs, have not received their contractually agreed-upon benefits and rates of pay.

VI.

That the United States Department of Interior, Bureau of Indian Affairs (hereinafter, "BIA"), by statute has the duty to provide law enforcement within the boundaries of the Navajo Reservation. 25 USC 2802. The BIA has the authority to contract for the provision of law enforcement and emergency medical services. These contracts are referred to as "638 contracts."

VII.

By statute, any entity contracted by the BIA to perform law enforcement and, in this case, emergency medical services, on an Indian Reservation, is considered a part of the BIA; and that entity's employees are deemed employees of the BIA. 25USC 450(f), *et seq.*

As such, in addition to the terms of the 638 contract and relevant statues and regulations, Plaintiffs are entitled to the rights and protections of the Fair Labor and Standards Act.

VIII.

That at all times alleged herein, the Navajo DPS has operated pursuant to a "638 contract" with the United States Department of the Interior, Bureau of Indian Affairs, to provide law enforcement within the boundaries of the Navajo Reservation and certain state counties adjacent to the Navajo Reservation. (See, attached Exhibit B, a copy of the contract).

IX.

That the contract did not and was not intended to "terminate, modify or reduce" the responsibility of the united States to provide law enforcement on the Navajo Reservation. Exhibit A, paragraph O (1)(b).

COUNT ONE

Breach of Contract

(Plaintiffs as Third-Party Beneficiaries)

X.

The enabling provisions of the 638 law enforcement contract requires that employees of the Navajo DPS be paid the same as their BIA counterparts: "Salaries paid law enforcement officers by the contractor under the contract shall be equal or greater than the salaries paid law enforcement officers with similar responsibilities employed directly by the Bureau of Indian Affairs." This standard is codified at 25 CFR 12.33 *et seq*. (See also, Exhibit B)

XI.

Similarly, the separate BIA 638 law enforcement contract with Navajo DPS criminal investigators has the same provision, requiring that, "Salaries paid criminal investigators by the contractor shall be equal to or greater than the salaries paid criminal investigators with similar responsibilities employed directly by the Bureau of Indian Affairs." (Exhibit C, section 106).

XII.

That by the terms of the "638 contract," Defendant United States BIA has the right to review the operations of the "contractor or agent," that is, Navajo DPS, including all documents concerning wages and benefits paid Plaintiffs and the other similarly situated employees, past and current. That, as one of the duties it may not delegate, Defendant BIA has the duty to investigate to insure that its "employees" are paid their proper salaries and benefits.

XIII.

That Plaintiffs and the other similarly situated employees of the Navajo DPS were the intended (third party) beneficiaries of the relevant federal regulations and contract provisions regarding the rate of pay and other benefits.

XIV.

That, in violation of these statutes and regulations, and in breach of the contracts, Plaintiffs and the other similarly situated employees of the Navajo DPS are paid far below the clearly defined rates of pay; and are further deprived of other benefits to which they are entitled, including regular uniform allowance payments, overtime pay, and travel pay. 25 CFR 12.62.

XV.

That Defendant's breach of the contractual and regulatory provisions regarding Plaintiffs' rate of pay, and payment of other benefits, was, and is, of a continuing nature for which the statue of limitations has no application.

XVI.

That Plaintiffs and the other similarly situated employees of the Navajo DPS would request their contractual pay and benefits, however, said employees are prevented and intimidated from pursuing their rights under threats of termination, which means not only a loss of employment, but a consequential stigma in the law enforcement community that would negatively impact their prospects of obtaining substitute employment with another law enforcement agency.

XVII.

That Defendant knew or, having the procedures in place, should have known, that Plaintiffs and the other similarly situated persons were not being paid the contractually and statutorily mandated rates of pay and other benefits.

WHEREFORE, Plaintiffs, on behalf of themselves and the other similarly situated employees, pray for judgment in their favor as follows:

1. An accounting by Defendant to each employee, past and present, of the Navajo Nation Division of Public Safety, of all amounts due them, pursuant to the 638 contract and by law.
2. Payment to Plaintiffs and the other similarly situated employees , past and present, of the monies due them.
3. For Plaintiffs' costs and attorney's fees incurred in bringing this cause of action.
4. For interest at the maximum legal rate on all monies owed Plaintiffs and other similarly situated employees, past and present.
5. For such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of March, 2007.

Edward D. Fitzhugh
Attorney for Plaintiffs