EDWARD D. FITZHUGH, ESQ.
P.O. Box 24238
Tempe, Arizona 85285-4238
(480) 752-2200
Bar No. 007138

Attorney for Plaintiffs

FILED LODGED
RECEIVED COPY
AUG 2 1 2002
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Kurt Snyder, a married man, individually; Darrell Boye, a married man, individually; Larry Etsitty, Sr., a single man, individually; Sarah Habaadih, a single woman, individually; Jones R. Begay, a married man, individually; Johnny Peshlakai, a married man, individually; Ronald Platerio, a married man, individually; Rex Butler, a married man, individually; Tyrone Benally, a single man, individually; Charlene Bahe, a single woman, individually; Kenny James, a married man, individually; Rosalyn Benally, a single woman, individually; LeRoy Butler, a married man, individually; Lucy Lane, a married woman, individually; Dale Dennison, a married man, individually; Randall Tomasyo, a married man, individually; and on behalf of all other similarly situated employees of the Navajo Nation; Navajo Department of Public Safety;

Plaintiffs,

vs.

THE NAVAJO NATION; THE UNITED STATES OF AMERICA, a sovereign entity;

Defendants.

No. CIV'02 0308 PCT EHC

**THIRD AMENDED COMPLAINT**

**(Action under Fair Labor and Standards Act, The Act, The National Labor Relations Act.)**

**DECLARATORY JUDGMENT, PERMANENT INJUNCTION, BACK PAY, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES [28 U.S.C. §§ 1331, 1337, 1391, 2301, 2202, 29 U.S.C. §216 (B)]**

**(Breach of Contract)**

COME NOW Plaintiffs Kurt Snyder, Darrell Boye, Larry Etsitty, Sr., Sarah Habaadih, Jones R. Begay, Johnny Peshlakai, Ronald Platerio, Rex Butler, Tyrone Benally, Charlene Bahe, Kenny James, Rosalyn Benally, Leroy Butler, Lucy Lane, Dale Dennison, Randall Tomasyo and for their cause of action against Defendants, Navajo Nation and the United States of America, state and allege as follows:

Plaintiffs, on behalf of themselves and other similarly situated employees of the Navajo Nation Department of Public Safety, including Emergency Transport Services, bring this action pursuant to the Fair Labor and Standards Act of 1938 ("FLSA") Title 29 United States Code § 201, et seq. More specifically, Plaintiffs and other similarly situated employees bring this claim for unpaid overtime wages and other benefits pursuant to 29 U.S.C. §216.

Plaintiffs also bring a breach of contract claim for defendants failure to pay them a contractually agreed rate of pay.

## JURISDICTION AND VENUE

1. Plaintiffs Kirk D. Snyder, Darrell Boye, Ronald Platerio, Rex Butler, Tyrone Benally, Charlene Bahe, Kenny James, Rosalyn Benally, LeRoy Butler, Lucy Lane, Dale Dennison, and Randall Tomasyo are now and were at all times alleged herein residents of Navajo and Coconino County, Arizona which is within the jurisdictional boundaries of this court.

2. Plaintiffs Larry Etsitty, Sr., Sarah Habaadih, Jones R. Begay, and Johnny Peshlakai are now and was at all times alleged herein residents of New Mexico.

3. Plaintiffs are employees as defined by 29 U.S.C. 203 (e).

4. Defendants Navajo Nation and United States are within the definition of a "Public Agency" 29 U.S.C. § 203 (x) and an "employer" within 29 U.S.C. 203 (d) and located within the Jurisdictional boundaries of this Court.

5. This Court has jurisdiction over all Defendants pursuant to 29 U.S.C. §216 (b), 28 U.S.C. §1331 and 28 U.S.C. 1337. Venue is properly with this court.

## THE PARTIES

6. Plaintiffs are police officers employed by the Navajo Nation. Plaintiffs consent to be named parties in this litigation has been filed with the Court. The, as yet unnamed, similarly situated prospective Plaintiffs are or have been police officers or

emergency medical technicians (ambulance personnel) employed by the Navajo Nation. The names and capacities of these prospective Plaintiffs will be filed with the court as this case progresses.

7. Plaintiff, Kurt Snyder and many of the other similarly situated employees of the Navajo Nation; Navajo Department of Public Safety are not enrolled members of the Navajo Tribe or Native Americans.

8. Defendant, Navajo Nation is a political entity governing the interior boundaries of the Navajo Reservation. The Navajo Department of Public Safety is a law enforcement agency established and controlled by the Navajo Nation.

9. Defendant, the United States of America is a sovereign entity. This Defendant has the duty to provide Law Enforcement within the boundaries of the Navajo Nation. At all times alleged herein this Defendant had contracted for Defendant Navajo Nation to assume its law enforcement duties within the Navajo Reservation. Pursuant to the statutes, with provisions, authorizing such contracts, the Indian contractor is deemed to be part of a federal agency and its employees are deemed employees of that Federal Agency. Further, that all claims against employees of the Navajo Nation performing law enforcement are deemed claims against the United States. Based on these statutes and related provisions, the United States is liable, in whole or part, to Plaintiffs.

**COUNT ONE**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

10. At all times alleged herein Defendants were "employers" within the definition of the Fair Labor Standards Act of 1938, §3. 29 U.S.C.§ 203 and Plaintiffs were at all times set forth herein, "employees" and employees of these public agencies as within the definition found in that section.

11. At all times alleged herein Defendants were engaged in commerce within the meaning of that section of the FLSA.

12. That Defendants have employed Plaintiffs in the capacity of police officers, with related duties, working for its duly established law enforcement agency; the Navajo Department of Public Safety.

13. Defendant Navajo Nation employed Plaintiffs, as stated herein, and the other similarly situated employees in their respective duties on a forty (40) hour weekly work basis.

14. That during the period of Plaintiffs and the other similarly situated employees employment with Defendants (herein after referred to as "Plaintiffs") they were regularly required to work in excess of their forty hour week and were entitled to overtime compensation.

15. Despite the Plaintiffs' repeated requests for payment of the overtime due them, Defendant Navajo Nation has made only sporadic payments for the overtime. That when Defendant Navajo Nation made some over-time payments it has failed to inform Plaintiffs what period of overtime work they were being paid for.

16. That the records concerning Plaintiffs number of excess hours worked are in the Defendants' exclusive possession. Plaintiffs are unable, at this time, to state the exact amount owing to each of them. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken in this cause of action. Plaintiffs will then amend the complaint to set forth the amounts due them as well as the other similarly situated employees.

17. Defendants have refused to pay Plaintiffs' other benefits including:

- Refusal to pay Plaintiffs' for on the job travel time;
- Requiring Plaintiffs' to be "on call" severely restricting their movements and activities but refusing to compensate Plaintiffs' during the periods they are "on call";
- Refusing to pay certain Plaintiffs' the contractually agreed rate for Criminal Investigators and officers; and
- Failing to regularly pay Plaintiffs' their clothing allowance.

18. Through the years of Plaintiffs employment Defendant Navajo Nation has acknowledged its obligation to pay for overtime worked yet has knowingly, willfully failed to make timely and full payment to Plaintiffs as required by the FLSA.

19. That Defendants have knowingly and willfully refused or failed to pay Plaintiffs for "on call" work; pay officers the contractually agreed rate; pay Plaintiffs' for on the job travel time and to regularly pay Plaintiffs' their clothing allowance.

20. In violation of the National Labor Relations Act. 29 U.S.C. § 141, et seq., and § 29 U.S.C. § 215 (a)(3) of the FLSA Defendant Navajo Nation has retaliated and made threats of further retaliation against the plaintiffs, for their collective action and complaints about the failure of Defendants to pay overtime pay.

WHEREFORE, Plaintiffs pray for judgment in their favor and in favor of those similarly situated employees as follows:

A. For judgment in an amount to compensate each Plaintiff for all unpaid overtime work performed at Defendant Navajo Nation's request

B. An Order for a complete and accurate accounting and payment of all the compensation to which the plaintiffs are entitled;

C. A permanent injunction restraining and preventing the Defendant Navajo Nation from withholding the compensation that is due each of the plaintiffs and from further violating their rights under law;

D. An amount in liquidated damages.

E. For Plaintiffs attorneys fees.

F. For Plaintiffs costs incurred in bringing this cause of action for themselves and on behalf of the similarly situated employees of the Navajo Nation.

G. For such other and further relief as the court deems just and proper.

**COUNT TWO**

**(BREACH OF CONTRACT)**

Plaintiffs for their second cause of action against Defendants state and allege as follows:

21. Plaintiffs incorporate each and every allegation contained in paragraphs 1-20 of the Complaint as though fully set forth herein.

22. That addressing Plaintiffs rate of pay Defendants agreed and acknowledged that Plaintiffs as law enforcement officers employed to perform the 638 Contract would be paid "at least the same salary as a BIA officers performing the same duties."

23. That the amounts owed each Plaintiff is contained in documents within Defendants exclusive control.

24. That as referenced in paragraph 16 of the complaint Defendants have failed and deliberately refused to pay these Plaintiffs the contractually agreed rate of pay.

25. As a contract action Plaintiffs are entitled to their attorney's fees.

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

A. For judgment in an amount to compensate each of these Plaintiffs for the amounts owed them under the contract.

B. An accounting by Defendants of all amounts due Plaintiff under the contract.

C. For interest, at the highest legal limit, on all amounts due Plaintiffs.

D. For Plaintiffs attorney's fees incurred in bringing this contract action.

E. For Plaintiffs costs incurred in bringing this cause of action.

F. For such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of August, 2002.

Edward D. Fitzhugh
Attorney for Plaintiffs

ORIGINAL and COPY delivered
this 21st day of August, 2002, to:

Clerk of the Court
U.S. District Court
401 W. Washington
Phoenix, AZ 85003

COPY mailed the same date to:

Dana L. Bobroff, Esq.
Levon Henry, Esq.
Navajo Nation Department of Justice
Office of the Attorney General
P.O. Drawer 2010
Window Rock, AZ 86515-2010
Attorneys for Defendant Navajo Nation

Barbara D. Dean