FILED LODGED
RECEIVED COPY
NOV 0 5 2003
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY C DEPUTY

EDWARD D. FITZHUGH, ESQ.
P.O. Box 24238
Tempe, Arizona 85285-4238
(480) 752-2200
Bar No. 007138

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Marjorie Henderson, a married woman;
Patricia Yellowhair, a single woman;
Clinton C. Curtis, a married man;
Henry K. Moore, a married man;
Irene Six, a single woman;
Thomas Etsitty, a married man;
Genevieve Morgan, a married woman;
Darrell Harvey, a married man;
Leland Tom, a married man;
Randall J. Bluehouse, a married man;
Alvernon Tsosie, a married man;
Gilbert Yazzie, a single man;
Karl Atcitty, a married man;
Jonathon Leonard, a married man;
O.J. White, a married man;
Julian Henry, a married man;
Marvin Curley, a married man;
Daren Simeona, a married man;
Emmitt Yazzie, a married man;
Farrell Begay, a married man;
Dave M. Francisco, a married man;
Monica Butler, a married woman;
Elreno C. Henio, a married man;
Patrick Yazzie, a married man;
Franklin Lee, a married man;
Elaine Nez, a single woman;
Delvin Miles, a single man;
Darrell Betonie, a single man;
Wilson Honie, a married man;
Ramona I. Bedonie, a married woman;
Vernessa Yellowhair, a single woman;
Leslieh Yazzie, a married woman;
Joseph Benally, a married man;
Tim Johnson, a married man;
Dean Hadley, a married man;
Elousie Tsosie, a married woman;
Loretta Redhouse, a married woman;
Erwin Todd, a single man;
Renita Benally, a married woman;
Felicia Williams, a single woman;

CV No. 03 2162 PCT JWS

**COMPLAINT**

**(Action under Fair Labor and Standards Act, The Act, The National Labor Relations Act.)**

**DECLARATORY JUDGMENT, PERMANENT INJUNCTION, BACK PAY, LIQUIDATED DAMAGES AND ATTORNEYS' FEES [28 U.S.C. §§ 1331, 1337, 1391, 2301, 2202, 29 U.S.C. §216 (B)]**

**(BREACH OF CONTRACT)**

Louis Anderson, Jr., a married man;
Ronald R. Bitah, a married man;
Bernadine Francis, a married woman;
Leon M. Mitchell, a married man;
Lamar Martin, a married man;
Wally Whitegoat, a married man;
Amos Ben, a married man;
Leander L. Morris, a married man;
Roy E. Lawrence, a single man;
Louis P. Ortiz, a married man;
Martin Page, a single man;
Stanley E. Ashley, a single man;
Darlene Antonio, a single woman;
Richard Shirley, Jr., a single man;
Irvin Attison, a married man;
Leman Harvey, Sr., a married man;
Erik Francisco, a married man;
Leroy Wilson, a single man;
Frank E. Henry, a married man;
Jenny M. Martin, a married woman;
Elroy Naswood, a single man;
Arnold Silversmith, a married man;
Alejandro Dayea, a married man;
Ron Singer, a married man;
Denise Billy, a married woman;
and on behalf of all other similarly situated employees of the Navajo Nation; Navajo Department of Public Safety;

Plaintiffs,

vs.

THE NAVAJO NATION; THE UNITED STATES OF AMERICA, a sovereign entity;

Defendants.

---

COME NOW Plaintiffs for their cause of action against Defendants, Navajo Nation and the United States of America, state and allege as follows:

Plaintiffs, on behalf of themselves and other similarly situated employees of the Navajo Nation Department of Public Safety, including Emergency Transport Services, bring this action pursuant to the Fair Labor and Standards Act of 1938 ("FLSA") Title 29 United States Code § 201, et seq. More specifically, Plaintiffs and other similarly situated employees bring this claim for unpaid overtime wages and other benefits pursuant to 29 U.S.C. §216.

Plaintiffs also bring a breach of contract claim for defendants failure to pay them a contractually agreed rate of pay.

## JURISDICTION AND VENUE

1. Plaintiffs are employees as defined by 29 U.S.C. 203 (e).

2. Defendants Navajo Nation and United States are within the definition of a "Public Agency" 29 U.S.C. § 203 (x) and an "employer" within 29 U.S.C. 203 (d) and located within the Jurisdictional boundaries of this Court.

3. This Court has jurisdiction over all Defendants pursuant to 29 U.S.C. §216 (b), 28 U.S.C. §1331 and 28 U.S.C. 1337. Venue is properly with this court.

## THE PARTIES

4. Plaintiffs are police officers employed by the Navajo Nation. Plaintiffs consent to be named parties in this litigation has been filed with the Court. The, as yet unnamed, similarly situated prospective Plaintiffs are or have been police officers or emergency medical technicians (ambulance personnel) employed by the Navajo Nation. The names and capacities of these prospective Plaintiffs will be filed with the court as this case progresses.

5. Defendant, Navajo Nation is a political entity governing the interior boundaries of the Navajo Reservation. The Navajo Department of Public Safety is a law enforcement agency established and controlled by the Navajo Nation.

6. Defendant, the United States of America is a sovereign entity. This Defendant has the duty to provide Law Enforcement within the boundaries of the Navajo Nation. At all times alleged herein this Defendant had contracted for Defendant Navajo Nation to assume its law enforcement duties within the Navajo Reservation. Pursuant to the statutes, with provisions, authorizing such contracts, the Indian contractor is deemed to be part of a federal agency and its employees are deemed employees of that Federal Agency. Further, that all claims against employees of the Navajo Nation performing law enforcement are deemed

claims against the United States. Based on these statutes and related provisions, the United States is liable, in whole or part, to Plaintiffs.

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

7. At all times alleged herein, Defendants were "employers" within the definition of the Fair Labor Standards Act of 1938, §3. 29 U.S.C.§ 203 and Plaintiffs were at all times set forth herein, "employees" and employees of these public agencies as within the definition found in that section.

8. At all times alleged herein, Defendants were engaged in commerce within the meaning of that section of the FLSA.

9. That Defendants have employed Plaintiffs in the capacity of police officers, with related duties, working for its duly established law enforcement agency; the Navajo Department of Public Safety.

10. Defendant Navajo Nation employed Plaintiffs, as described herein, and the other similarly situated employees in their respective duties on a forty (40) hour weekly work basis.

11. That during the period of Plaintiffs and the other similarly situated employees employment with Defendants (herein after referred to as "Plaintiffs") they were regularly required to work in excess of their forty hour week and were entitled to overtime compensation.

12. Despite the Plaintiffs' repeated requests for payment of the overtime due them, Defendant Navajo Nation has made only sporadic payments for the overtime. That when Defendant Navajo Nation made some over-time payments it has failed to inform Plaintiffs what period of overtime work they were being paid for.

13. That the records concerning Plaintiffs number of excess hours worked are in the Defendants' exclusive possession. Plaintiffs are unable, at this time, to state the exact amount owing to each of them. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken in this cause of action. Plaintiffs will then amend the

complaint to set forth the amounts due them as well as the other similarly situated employees.

14. Defendants have refused to pay Plaintiffs' other benefits including:

- Refusal to pay Plaintiffs' for on the job travel time;
- Requiring Plaintiffs' to be "on call" severely restricting their movements and activities but refusing to compensate Plaintiffs' during the periods they are "on call";
- Refusing to pay certain Plaintiffs' the contractually agreed rate for Criminal Investigators and officers; and
- Failing to regularly pay Plaintiffs' their clothing allowance.

15. Through the years of Plaintiffs employment Defendant Navajo Nation has acknowledged its obligation to pay for overtime worked yet has knowingly, willfully failed to make timely and full payment to Plaintiffs as required by the FLSA.

16. That Defendants have knowingly and willfully refused or failed to pay Plaintiffs for "on call" work; pay officers the contractually agreed rate; pay Plaintiffs' for on the job travel time and to regularly pay Plaintiffs' their clothing allowance.

17. In violation of the National Labor Relations Act. 29 U.S.C. § 141, et seq., and § 29 U.S.C. § 215 (a)(3) of the FLSA Defendant Navajo Nation has retaliated and made threats of further retaliation against the plaintiffs, for their collective action and complaints about the failure of Defendants to pay overtime pay.

WHEREFORE, Plaintiffs pray for judgment in their favor and in favor of those similarly situated employees as follows:

A. For judgment in an amount to compensate each Plaintiff for all unpaid overtime work performed at Defendant Navajo Nation's request

B. An Order for a complete and accurate accounting and payment of all the compensation to which the plaintiffs are entitled;

C. A permanent injunction restraining and preventing the Defendant Navajo Nation from withholding the compensation that is due each of the plaintiffs and from further violating their rights under law;

D. An amount in liquidated damages.

E. For Plaintiffs attorneys fees.

F. For Plaintiffs costs incurred in bringing this cause of action for themselves and on behalf of the similarly situated employees of the Navajo Nation.

G. For such other and further relief as the court deems just and proper.

## COUNT TWO
## (BREACH OF CONTRACT)

Plaintiffs, for their second cause of action against Defendants state and allege as follows:

18. Plaintiffs incorporate each and every allegation contained in paragraphs 1-17 of the Complaint as though fully set forth herein.

19. That addressing Plaintiffs rate of pay Defendants agreed and acknowledged that Plaintiffs as law enforcement officers employed to perform the 638 Contract would be paid "at least the same salary as a BIA officers performing the same duties."

20. That the amounts owed each Plaintiff is contained in documents within Defendants exclusive control.

21. That as referenced in paragraph 16 of the complaint Defendants have failed and deliberately refused to pay these Plaintiffs the contractually agreed rate of pay.

22. As a contract action Plaintiffs are entitled to their attorney's fees.

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

A. For judgment in an amount to compensate each of these Plaintiffs for the amounts owed them under the contract.

B. An accounting by Defendants of all amounts due Plaintiff under the contract.

C. For interest, at the highest legal limit, on all amounts due Plaintiffs.

D. For Plaintiffs attorney's fees incurred in bringing this contract action.

E. For Plaintiffs costs incurred in bringing this cause of action.

F. For such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of November, 2003.

Edward D. Fitzhugh
Attorney for Plaintiffs