No. 07-195C
(Judge Sweeney)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DARRELL BOYE, et al.,

Plaintiffs,
v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S CORRECTED MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
James L. Weiner
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

July 27, 2007

# TABLE OF CONTENTS


TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

DEFENDANT'S CORRECTED MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Statement of Facts and Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. The Facts Alleged In The Plaintiffs' Most Recent Complaint . . . . . . . . . 2

B. Prior Claims Against The United States Brought By The Plaintiffs . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Applicable Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. This Court Lacks Jurisdiction Over the Plaintiffs' Claims Under The Tucker Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A. The Plaintiffs Are Not Parties To Any Contract With The Government Nor Are They Entitled To Third-Party Beneficiary Status . . . . . . . . . . . 10

B. The Plaintiffs Are Not Employees Of The BIA . . . . . . . . . . . . . . . . . . . . 13

C. The Plaintiffs Have Pointed To No Money-Mandating Legal Provision Entitling Them To Relief . . . . . . . . . . . . . . . . . . . . . . . 14

III. The Indian Tucker Act Does Not Permit This Court To Assert Jurisdiction Over The Plaintiffs' Claims . . . . . . . . . . . . . . . . . . . . . . . 15

IV. Even If The Plaintiffs Were Third Party Beneficiaries Of The Contract, They Would Still Have No Valid Claim Against The United States Because The Alleged Breach Is Merely A Breach Of An Alleged Duty To Investigate . . . . . 16

V. Even If This Court Determines That It Has Jurisdiction Over These Claims, And That Plaintiffs Have Stated A Claim, Claims Regarding Pay Prior To 2001 Are Time-Barred . . . . . 16

VI. The Plaintiffs Should Have Raised Their Third-Party Beneficiary Claim Earlier; By Failing To Do So, They Have Waived Their Claims, And The Entire Complaint Must Be Dismissed . . . . . 18

CONCLUSION . . . . . 19

APPENDIX

## TABLE OF AUTHORITIES

## CASES

Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955 (May 21, 2007) . . . . . . . . . . 8

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . 7

Brown Park Estates-Fairfield Dev. Co. v. United States,
127 F.3d 1449 (Fed. Cir. 1997) . . . . . . . . . . 17

Carlow v. United States,
40 Fed. Cl. 773 (1998) . . . . . . . . . . 12

Christos v. United States,
48 Fed. Cl. 469 (2000) . . . . . . . . . . 11

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . 8

Cooke v. United States,
No. 02-1627 (D. Ariz.) . . . . . . . . . . 5, 19

Demontiney v. United States,
54 Fed. Cl. 780 (2002) . . . . . . . . . . 12

Demontiney v. United States,
255 F.3d 801 (9th Cir. 2001) . . . . . . . . . . 12, 13

Doe v. United States,
463 F.3d 1314 (Fed. Cir. 2006) . . . . . . . . . . 14

FGS Constructors, Inc. v. Carlow,
64 F.3d 1230 (8th Cir. 1995) . . . . . . . . . . 13

Fields v. United States,
423 F.2d 380 (Ct. Cl. 1970) . . . . . . . . . . 15

Henderson v. Navajo Nation,
No. 03-2162 (D. Ariz.). . . . . . . . . . . 6

Henderson v. Navajo Nation,
No. 04-16635 (9th Cir. Feb. 8, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,19

Henke v. United States,
60 F.3d 795 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Indium Corp. Of America v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kremer v. Chemical Const. Corp.,
456 U.S. 461 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

LeBlanc v. United States,
50 F.3d 1025 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MacLean v. United States,
454 F.3d 1334 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,
58 F.3d 616 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Masco Corp. v. United States,,
303 F.3d 1316 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Massie v. U.S.,
226 F.3d 1318 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.,
424 F. 2d 1229 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 18

McNutt v. General Motors Acceptance Corp. of Indiana,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Montana v. United States,
124 F.3d 1269 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Montana v. United States,
440 U.S. 147 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Pactiv v. Dow Chemical Corp.,
449 F.3d 1227 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 19

Park Properties Assocs. L.P. v. United States,
74 Fed. Cl. 264 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Pennington Seed, Inc. v. Produce Exchange No. 299,
457 F.3d 1334 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Sanders v. United States,
34 Fed. Cl. 75 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Schrader v. United States,
75 Fed. Cl. 242 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Schuerman v. United States,
30 Fed. Cl. 420 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Sebastian v. United States,
185 F.3d 1368 (Fed. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sharp Kabushiki Kaisha v. Thinksharp, Inc.,
448 F.3d 1368 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 18

Simmons v. Small Business Administration,
475 F.3d 1372 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Snyder v. Navajo Nation,
382 F.3d 892 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Snyder v. Navajo Nation,
No. 02-0308 (D. Ariz.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 19

Soriano v. United States,
352 U.S. 270 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

Stokes v. Westinghouse Savannah River Co.,
206 F.3d 420 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Thomas v. United States,
34 Fed. Cl. 619 (1995) . . . . . . . . . . 7

United States v. Mitchell,
463 U.S. 206 (1983) . . . . . . . . . . 14, 15

United States v. Testan,
424 U.S. 392 (1972) . . . . . . . . . . 7

United States v. White Mountain Apache Tribe,
537 U.S. 465 (2003) . . . . . . . . . . 15

Weber v. United States,
71 Fed. Cl. 717 (2006) . . . . . . . . . . 17

**STATUTES AND REGULATIONS**

25 C.F.R. § 12.33 . . . . . . . . . . 3, 14

25 C.F.R. § 12.34 . . . . . . . . . . 3, 14

25 C.F.R. § 12.62 . . . . . . . . . . 3, 14

25 U.S.C. § 450a . . . . . . . . . . 12

25 U.S.C. § 450f . . . . . . . . . . 5, 13

28 U.S.C. § 1491(a) . . . . . . . . . . 1, 7

28 U.S.C. § 1505 . . . . . . . . . . 15

28 U.S.C. § 2501 . . . . . . . . . . 8, 17

29 U.S.C. § 201 . . . . . . . . . . 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-195C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S CORRECTED MOTION TO DISMISS

Defendant, the United States, respectfully requests this Court to dismiss the complaint of Plaintiff Darrell Boye and his co-plaintiffs for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of this Court ("RCFC"), failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), and claim preclusion.

QUESTIONS PRESENTED

1. Whether this Court lacks subject matter jurisdiction to adjudicate the plaintiffs' claims against the United States, which are not cognizable under the Tucker Act, 28 U.S.C. § 1491(a).

2. Whether the plaintiffs have failed to state a claim upon which relief can be granted.

3. Whether plaintiffs are barred from bringing this claim because they should have brought it in their earlier actions.

STATEMENT OF THE CASE

I. Nature of the Case

This case concerns the fourth attempt by a group of employees of the Navajo Nation Division of Public Safety ("Navajo Nation") to make the United States liable for alleged

misdeeds of their employer. These plaintiffs have brought various lawsuits against the Navajo Nation and against the United States on different theories of recovery. In this most recent complaint, the plaintiffs seek to recover from the United States on a third-party beneficiary theory. In particular, the plaintiffs allege that they are owed certain rates of pay and other benefits that they allege are set forth in various statutes and in a contract between the United States and the Navajo Nation. They claim that the United States breached this contract by failing to ensure that they received the appropriate rates of pay and other benefits. Not only does this Court not have jurisdiction because the plaintiffs are not, on the face of the complaint, third party beneficiaries to the contract, but they have waived this theory of recovery by failing to raise it in their earlier lawsuits.

## II. Statement of Facts and Procedural History[1]

### A. The Facts Alleged In The Plaintiffs' Most Recent Complaint

As discussed in greater detail below, the complaint that is currently before the Court is the fourth complaint filed by the plaintiffs alleging similar pay-related claims.[2] According to their current complaint, the plaintiffs are past and present employees of the Navajo Nation, which provides law enforcement on the Navajo Reservation. Compl. at ¶ III & IV. The plaintiffs claim that they "have not received their contractually agreed-upon benefits and rates of pay." Id. at ¶ V. The plaintiffs allege that the Navajo Nation has entered into a contract with the Bureau of Indian Affairs ("BIA") within the United States Department of the Interior, referred to as a

---

[1] For the sole purpose of this motion, we will treat the allegations in the plaintiffs' complaint as true. The documents attached to their complaint will be referred to as "Pl. Ex. _".

[2] All of the plaintiffs in the present action, with the exception of Jeremiah Dee, appear to have been plaintiffs to one or more of the prior actions discussed below in Part II of the Statement of Facts.

"638 Contract." Id. at ¶ VIII. Under this 638 Contract, according to the plaintiffs, the Navajo Nation has agreed to "provide law enforcement within the boundaries of the Navajo Reservation and certain state counties adjacent to the Navajo Reservation." Id.; see Pl. Ex. B (unsigned document entitled "Law Enforcement Patrol P.L. 93-638: Statement of Work"); Pl. Ex. C (unsigned document entitled "Criminal Investigations P.L. 93-638 Contract: Statement of Work").[3] Further, the plaintiffs allege, that under the 638 Contract, "BIA has the duty to investigate to insure[sp] that its 'employees' are paid their proper salaries and benefits." Compl. at ¶ XII.

The plaintiffs allege that the 638 Contract between the BIA and the Navajo Nation, as well as certain regulations, require that Navajo Nation employees "be paid the same as their BIA counterparts." Id. at ¶ X. The plaintiffs allege that in breach of this 638 Contract, and in violation of these regulations, the plaintiffs are not being paid "the clearly defined rates of pay." Id. at ¶ XIV. It appears that they are alleging specifically that they are not being paid the rates of pay which apply to their "BIA counterparts." In their complaint, the plaintiffs make reference to "25 C.F.R. § 12.33 et seq." and 25 C.F.R. § 12.62, but do not specifically state whether these are the regulations they are alleging the BIA has violated.[4]

---

[3]The plaintiffs state that the document attached as Exhibit B to their complaint is a copy of the 638 Contract, although the document is not signed, and is entitled "Statement of Work." See Pl. Ex. B.

[4]We note that 25 C.F.R. § 12.33 states that BIA law enforcement officer positions are not to be established at a lower grade level on the Federal pay scale than similar Federal law enforcement officer positions in other agencies. We also note that 25 C.F.R. § 12.34, which was not cited by the plaintiffs, explains that 638 Contracts must require that tribal law enforcement officers are paid at least the same salary as a BIA officer "performing the same duties." Finally, 25 C.F.R. § 12.62 states that BIA law enforcement officers shall be paid a regular allowance to cover the cost of their required uniforms.

The plaintiffs in the complaint allege "breach of contract," and seek the following remedies: (1) an accounting by the United States of all amounts due them; (2) payment of all amounts due them; (3) costs and attorneys' fees; (4) interest on all amounts due them; and (5) further relief as the Court deems just and proper. Id. at 8.

B. Prior Claims Against The United States Brought By The Plaintiffs

In February 2002, the plaintiffs filed a complaint against the Navajo Nation in the federal district court for the District of Arizona, alleging unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.[5] Complaint at 1, Snyder v. Navajo Nation, No. 02-0308 (D. Ariz.) (complaint filed Feb. 20, 2002). The plaintiffs later amended their complaint to assert a claim against the United States for unpaid overtime wages "and other benefits," alleging that the United States was liable to them because they, as employees of the Navajo Nation, were deemed employees of the BIA. Third Amended Complaint at 1,3, Snyder v. Navajo Nation, No. 02-0308 (D. Ariz.) (complaint filed Aug. 21, 2002). The United States moved to dismiss this complaint on the ground that the Navajo Nation, was a necessary and indispensable party to the action, but immune from suit. Snyder v. Navajo Nation, No. 02-0308 (D. Ariz. Jan. 31, 2003) (order dismissing complaint). The court dismissed the complaint on this ground, and the plaintiffs appealed to the Ninth Circuit Court of Appeals. See Snyder v. Navajo Nation, 382 F.3d 892 (9th Cir. 2004).

Also in August 2002, a group of plaintiffs not originally part of the Snyder litigation filed a complaint against the Navajo Nation and the United States alleging similar claims under FLSA

[5]The plaintiffs named in the original Snyder complaint make up the names Darrell Boye through Randall Tomasyo in the complaint currently before this Court. Compare Compl. with Complaint at 1, Snyder v. Navajo Nation, No. 02-0308 (D. Ariz.) (complaint filed Feb. 20, 2002).

and the 638 Contract between the Navajo Nation and the United States.[6] Complaint, Cooke v. United States, No. 02-1627 (D. Ariz.) complaint filed Aug. 21, 2002). This litigation was consolidated with the Snyder litigation in November 2002, and proceeded under the caption Snyder v. Navajo Nation. Snyder v. Navajo Nation, No. 02-0308 (D. Ariz. Nov. 12, 2002) (order consolidating Snyder and Cooke).

The Ninth Circuit affirmed the dismissal of the Snyder complaint, explaining,

> The claims against the United States are in reality claims against the tribe, which is appellants' true employer. Appellants have joined the United States only through a tenuous link. It involves the tribe's self-determination contract [the "638 Contract"] and a statutory provision that limits the tort liability of the tribe for employees' torts [25 U.S.C. § 450f].

382 F.3d at 896. Because the plaintiffs did not assert tort claims, and because Congress did not intend Section 450f to "provide a remedy against the United States in civil actions unrelated to the [Federal Tort Claims Act]," the court concluded that "the United States is therefore an inappropriate party to this action." 382 F.3d at 897.

The plaintiffs, on remand, moved for a new trial in the case on the basis of allegedly new evidence regarding their responsibilities as Navajo Nation employees. Snyder v. Navajo Nation, No. 02-0308 (D. Ariz. Dec. 19, 2005) (order denying motion for new trial). The Court denied their motion "without prejudice to the filing of a new case." Id.

In the meanwhile, the plaintiffs filed a third complaint against the Navajo Nation and the

---

[6] The plaintiffs named on the Cooke complaint make up the names Antonio Cooke through Raymond Butler in the complaint currently before the Court. Compare Compl. with Snyder v. Navajo Nation, No. 02-0308 (D. Ariz. Nov. 12, 2002) (order consolidating Snyder and Cooke).

United States, again alleging that the defendants had violated the FLSA and breached the 638 Contract.[7] Complaint, Henderson v. Navajo Nation, No. 03-2162 (D. Ariz.) (complaint filed Nov. 5, 2003). The Navajo Nation and the United States moved to dismiss the complaint on the same grounds as their motions in Snyder. The district court, finding that "[t]he factual foundation, as well as the substantive allegations, in the Snyder and Henderson cases are identical," and relying on the Ninth Circuit's decision in Snyder, dismissed the complaint. The plaintiffs had also sought to transfer the case to this Court; the district court denied the transfer motion as moot. Henderson, No. 03-2162 (D. Ariz. June 22, 2004) (order dismissing complaint, and denying motion to transfer). The Ninth Circuit affirmed the district court's dismissal of the Henderson complaint on February 8, 2005. Henderson v. Navajo Nation, No. 04-16635 (9th Cir. Feb. 8, 2005) (summary affirmance of district court opinion).

## ARGUMENT

### I. Applicable Legal Standard

It is axiomatic that if this Court lacks subject matter jurisdiction over the claims in the complaint, the complaint must be dismissed. RCFC 12(b)(1). The plaintiff bears the burden of showing that the Court possesses jurisdiction over his claims. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Furthermore, the plaintiff must carry this burden by a preponderance of the evidence. Reynolds, 846 F.2d at 748.

[7] The plaintiffs named in the Henderson complaint make up the names Marjorie Henderson through Denise Billy in the complaint currently before the Court. Compare Compl. with Complaint, Henderson v. Navajo Nation, No. 03-2162 (D. Ariz.) (complaint filed Nov. 5, 2003).

In determining whether it possesses subject matter jurisdiction, this Court is to treat the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). The Court may, however, take into account "evidentiary matters outside the pleadings" in making this determination. Indium Corp. Of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Thomas v. United States, 34 Fed. Cl. 619, 621 (1995).

The jurisdiction of this Court is limited; Congress has only granted this Court jurisdiction over claims where the United States has waived its sovereign immunity from suit. United States v. Testan, 424 U.S. 392, 399 (1972); Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993). The Tucker Act, 28 U.S.C. § 1491, governs the United States' waiver of sovereign immunity from suit in this Court:

> This statute confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages.

LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Because the Tucker Act is merely a jurisdictional statute, however, it creates no substantive right to relief in suits against the United States. Accordingly, a plaintiff in this Court must identify a contract or money-mandating constitutional provision, statute, or regulation that entitles him to relief. Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Sanders v. United States, 34 Fed. Cl. 75, 78 (1995). In any event, claims for money under the Tucker Act must be brought within six years after the date the claim accrues, and this is a jurisdictional requirement. 28 U.S.C. § 2501; Soriano v. United States, 352 U.S. 270, 273 (1957); MacLean v. United States, 454 F.3d 1334,

1336 (Fed. Cir. 2006).

In addition, to state a claim for relief in any court, a plaintiff must set forth factual allegations in support of his claim, rather than merely setting forth labels and conclusions, or merely reciting the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-69 (May 21, 2007) (limiting the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). As the Supreme Court recently held, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., 127 S.Ct. at 1965.

Generally, on a motion to dismiss, the Court does not consider matters outside of the pleadings. The Court can, however, consider matters of public record. Sebastian v. United States, 185 F.3d 1368, 1374 (Fed. 1999). In addition, where a plaintiff has attached materials to his complaint, these materials may be considered as part of the complaint on a motion to dismiss. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334 1342 n. 6 (Fed. Cir. 2006).

Issue preclusion, or collateral estoppel, operates to preclude "relitigation in a second suit of issues actually litigated and determined in the first suit." Masco Corp. v. United States, 303 F.3s 1316, 1329 (Fed. Cir. 2002); see also Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 1368, 1370 (Fed. Cir. 2006). Issue preclusion applies when the following conditions are satisfied:

> (1) the issue is identical to one decided in the first action;
> (2) the issue was actually litigated in the first action;
> (3) resolution of the issue was essental to a final judgment in the first action; and
> (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

Masco, 303 F.3d at 1329; see also Simmons v. Small Business Administration, 475 F.3d 1372, 1374 (Fed. Cir. 2007).

Claim preclusion, on the other hand, or res judicata, operates to preclude litigation for the first time of matters that should have been litigated in an earlier suit. Sharp, 448 F.3d at 1370. In order for claim preclusion to apply, the following must be true: (1) there is an identity of parties or their privies; (2) there has been a final judgment on the merits of the prior claim; (3) the second claim is "based on the same transactional facts as the first and should have been litigated in the prior case." Sharp, 448 F.3d at 1370; Mayer/Berkshire Corp. v. Berkshire Fashions, Inc., 424 F. 2d 1229, 1232 (Fed. Cir. 2005). Where these conditions are met, this Court can dismiss the complaint. See Schrader v. United States, 75 Fed. Cl. 242, 248-49 (2007).

The plaintiffs have failed to meet their burden to show that this Court possesses jurisdiction over their claims. They have not identified any contract or money-mandating legal provision that entitles them to money damages, and their claims fall well outside the established jurisdiction of the Court of Federal Claims. Furthermore, even if this Court possesses jurisdiction, the plaintiffs have failed to state a claim for relief, and their claims are precluded by the doctrine of claim preclusion.

## II. This Court Lacks Jurisdiction Over the Plaintiffs' Claims Under The Tucker Act

The plaintiffs have pointed to no contract or money-mandating provision which entitles

them to relief; accordingly, this Court lacks jurisdiction over their claims under the Tucker Act.

A. The Plaintiffs Are Not Parties To Any Contract With The Government Nor Are They Entitled To Third-Party Beneficiary Status

In their complaint, the plaintiffs are unable to point to any breach of any contract between them and the BIA. It is clear from the facts they have alleged that they have not entered into any such contract with the BIA. Because they are not parties to any contract with the BIA, they assert that they are third-party beneficiaries of the contracts that do exist, namely, the contracts between the BIA and the Navajo Nation. Compl. at ¶ X-XVII.

The plaintiffs cannot show that they are intended third party beneficiaries of the 638 Contracts, and therefore cannot prevail in this action. The Federal Circuit has endorsed the following two-part test for determining whether or not a party can be considered an "intended third party beneficiary" of a contract. To be considered an intended third-party beneficiary, "(1) the contract must reflect the intent to benefit the third-party, and (2) the contract must give the third-party the direct right to compensation or to enforce that right against the promisor." Montana v. United States, 124 F.3d 1269 1273 (Fed. Cir. 1997). Neither of these conditions are met here.

In order to determine whether the contract "reflects the intent" to benefit the plaintiffs, this Court asks whether the plaintiffs would be reasonable in relying on the promise as manifesting an intention to confer a right on them. Id. at 1273. This Court distinguishes between direct beneficiaries, on the one hand, who are entitled to third-party beneficiary status, and indirect or incidental beneficiaries on the other hand, who are not entitled to third-party beneficiary status. Schuerman v. United States, 30 Fed. Cl. 420, 433 (1994). It is not reasonable

for the plaintiffs to rely on the 638 Contracts as granting them a right to a certain salary because they are merely "incidental" beneficiaries of the provisions they cite. In fact, on this point, this case is on all fours with the decision of this court in Christos v. United States, 48 Fed. Cl. 469, 477 (2000), in which employees of a government contractor attempted to sue the United States asserting third-party beneficiary status.

The employees in Christos relied upon a contract between a government contractor (their employer) and the Government. The contract stated that "severance pay will be paid to terminated employees as follows" and "eligible involuntarily separated . . . full-service employees will receive severance pay." Christos, 48 Fed. Cl. at 473. The Court, nevertheless, found that it was not reasonable for these employees to rely on this language as conferring a right upon them; they were merely incidental beneficiaries. Rather, the provisions cited to represented an agreement between the Government and the contractor that the Government would reimburse the contractor for severance pay costs. Because "there was no indication in the contract that this provision was intended to create a direct benefit to laid-off employees," they were not third-party beneficiaries. 48 Fed. Cl. at 477; see also Stokes v. Westinghouse Savannah River Co., 206 F.3d 420 (4th Cir. 2000) (decision rendered in case involving same plaintiffs as Christos).

The 638 Contract at issue and the entire statutory scheme regarding this contract is not for the benefit of individual employees of BIA contractors; rather these contracts are intended to benefit the tribes as a whole. This is set forth explicitly in the governing statute:

> The Congress declares its commitment to the maintenance of the Federal Government's unique and continuing relationship with, and responsibility to, individual Indian tribes and to the Indian people as a whole through the establishment of a meaningful Indian

> self-determination policy which will permit an orderly transition from the Federal domination of programs for, and services to, Indians to effective and meaningful participation by the Indian people in the planning, conduct, and administration of those programs and services. In accordance with this policy, the United States is committed to supporting and assisting Indian tribes in the development of strong and stable tribal governments, capable of administering quality programs and developing the economies of their respective communities.

25 U.S.C. §450a (Congressional Policy). Courts have recognized that the policy of the ISDEAA was to benefit Indian tribes and Indian people as a whole. See, e.g., Demontiney v. United States, 255 F.3d 801, 806 (9th Cir. 2001); Demontiney v. United States, 54 Fed. Cl. 780, 787, 791 (2002) ("The BIA's traditional role of protector and guardian of Native American interests, and involvement with Tribal organizations in self-determination contracts, does not place the BIA in privity of contract with contractors with which Tribal organizations contract."). At most, the provisions plaintiffs have identified are a means of ensuring that the BIA and the tribe agree as to the general nature of the costs to be incurred by the tribe in carrying out the contract. They cannot be read to confer rights on these plaintiffs or any other employees of the Navajo Nation.

We note that the plaintiffs' claims stand in stark contrast to the claims of the plaintiffs in Carlow v. United States, 40 Fed. Cl. 773 (1998). In that case, the plaintiffs were found to be third-party beneficiaries of the contracts at issue because those contracts specifically contemplated a process of retrocession whereby the tribe could withdraw from a 638 Contract, and the government would assume its role and obligations with respect to the program covered by that contract. 40 Fed. Cl. 782-83. No such circumstances exist here. No retrocession or modification of the contract is alleged, nor are any other facts alleged which would show that the

Government agreed to assume the role of the tribe with respect to its employees.

B. The Plaintiffs Are Not Employees Of The BIA

The plaintiffs appear to claim in their complaint that "by statute," they are "deemed employees of the BIA," which entitles them to relief. Compl. at ¶ VII. This legal proposition is erroneous, and the statute they cite does not support this proposition. Furthermore, the Ninth Circuit already determined that question with respect to the very same plaintiffs in this case.

The statute the plaintiffs cite, 25 U.S.C. § 450f, is a provision of the ISDEAA which permits employees of contracting tribes to be deemed employees of the BIA for the sole purpose of suits *against those employees for torts* resulting from the performance of functions under 638 Contracts. Snyder, 382 F.3d at 896-97; see also Demontiney, 255 F.3d at 807; FGS Constructors, Inc. v. Carlow, 64 F.3d 1230, 1234 (8th Cir. 1995) (explaining that Section 450f effectuated Congress's intent to "provide liability insurance to the tribal government for self-determination contracts"). The plain language of the statute precludes plaintiffs from relying upon this provision regarding tort claims against tribes to obtain the Court's jurisdiction over their quasi-contractual claims against the Government.

Moreover, the plaintiffs are not to be deemed employees of the BIA for any other purpose but for claims under the Federal Tort Claims Act. Snyder, 382 F.3d at 897. The doctrine of issue preclusion bars relitigation of this question, as all of the requirements for issue preclusion are met. First, the issue—whether the plaintiffs are to be deemed employees of the BIA—is identical to the one decided by the Ninth Circuit in Snyder. Second, this issue was actually litigated in Snyder. Third, resolution of this issue was essential to final judgment in Snyder as the plaintiffs' theory of relief was that the BIA constituted their employer for FLSA

purposes. Fourth, the plaintiffs had a full and fair opportunity to litigate this issue. In order to avoid application of this doctrine, plaintiffs would have to make a "compelling showing of unfairness or inadequacy in the prior litigation." Pactiv v. Dow Chemical Corp., 449 F.3d 1227, 1233 (Fed. Cir. 2006); see Montana v. United States, 440 U.S. 147, 163-64 (1979). Accordingly, this Court should refuse to reconsider the question whether the plaintiffs are BIA employees; they are not.

C. The Plaintiffs Have Pointed To No Money-Mandating Legal Provision Entitling Them To Relief

Because the plaintiffs can point to neither a contract nor a money-mandating legal provision entitling them to relief, this Court lacks jurisdiction. A legal provision provides jurisdiction under the Tucker Act only if it "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained." United States v. Mitchell, 463 U.S. 206, 217 (1983); see Doe v. United States, 463 F.3d 1314, 1324. There is no such provision which applies to the plaintiffs. It appears that the plaintiffs seek relief based upon 25 C.F.R. §12.34, which states, "Any contract or compact with the BIA to provide law enforcement services for an Indian tribe must require a law enforcement officer to be paid at least the same salary as a BIA officer performing the same duties."[8] This provision merely sets forth a requirement for 638 Contracts regarding law enforcement, and does not mandate compensation to any class of persons. Nor does this provision establish a private right of action. In fact there is nothing in the

[8]In their complaint, the plaintiffs cite to "25 C.F.R. § 12.33 et seq." Section 12.33, regarding the pay scales of BIA employees versus other federal employees does not appear to apply, and may have been cited in error. Section 12.34 is the provision regarding salaries of tribal employees. The plaintiffs also cite 25 C.F.R. §12.62, which discusses the requirement that BIA officers be paid an allowance to cover the cost of their uniforms. As the plaintiffs are not BIA officers, this provision does not apply.

ISDEAA statutory scheme that plaintiffs have been able to point to which even suggests that suits against the United States of this sort were contemplated, or that the United States explicitly waived its sovereign immunity with respect to such claims. With no money mandating provision, there is no waiver of sovereign immunity under the Tucker Act, and there is no jurisdiction in this Court.[9]

## III. The Indian Tucker Act Does Not Permit This Court To Assert Jurisdiction Over The Plaintiffs' Claims

In their complaint, the plaintiffs have alleged that the Indian Tucker Act, 28 U.S.C. §1505, grants this Court jurisdiction over their claims. This allegation is plainly in error as the Indian Tucker Act only applies to claims by Indian tribes, not to claims by individuals. Fields v. United States, 423 F.2d 380, 383 (Ct. Cl. 1970) ("[S]ince the instant case is one brought by individual Indians and not a tribe, band, or identifiable group of Indians, we feel that defendant is correct in asserting that [the Indian Tucker Act] does not apply to the present case."); see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (explaining that the Indian Tucker Act is the companion to the Tucker Act for claimants which are "Indian tribes"); Mitchell, 463 U.S. at 214-215 (same). It appears from their complaint that plaintiffs are a group of "employees of the Navajo DPS and the Emergency Services Department." Compl. at ¶ III-IV. Plaintiffs do not allege, however, that they constitute an Indian tribe although the lead plaintiff, Darrell Boye, is alleged to be a "registered member of the Navajo Tribe." Id. at ¶ III.

[9]Plaintiffs appear to allege third-party beneficiary status both with respect to the 638 Contract as well as with respect to the cited regulatory provisions. There is no doctrine which permits a plaintiff to obtain the jurisdiction of this Court by way of third-party beneficiary status with respect to a statute or regulation. In any event, even if there were, for the same reasons as stated above with respect to the 638 Contract, the plaintiffs are not "third-party beneficiaries" with respect to the statute and regulations at issue.

Accordingly, the Indian Tucker Act does not apply and this Court cannot assert jurisdiction under this provision.

IV. Even If The Plaintiffs Were Third Party Beneficiaries Of The Contract, They Would Still Have No Valid Claim Against The United States Because The Alleged Breach Is Merely A Breach Of An Alleged Duty To Investigate

Finally, even if the plaintiffs were the intended third-party beneficiaries of the contract, and this Court could assert jurisdiction over their pay claims, the BIA promise they are relying upon is an allegedly nondelegable "duty" by the BIA "to investigate to insure[sp] that its 'employees' are paid their proper salaries and benefits." Compl. at ¶ XII. The plaintiffs point to no provision of the 638 Contract setting forth this duty, nor does such a provision appear to exist. In any event, however, even if the BIA had such a duty, and even if the plaintiffs were third-party beneficiaries of its promise to carry out this duty, this Court would still not possess jurisdiction over this claim because this claim would constitute a claim for specific performance of the BIA's "investigatory duty." It is well-settled that this Court cannot order specific performance, as this is a form of equitable relief. Massie v. U.S., 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief."). The plaintiffs point to no other contractual provision setting forth a promise to pay on the part of the BIA; accordingly, their complaint fails for want of jurisdiction.

V. Even If This Court Determines That It Has Jurisdiction Over These Claims, And That Plaintiffs Have Stated A Claim, Claims Regarding Pay Prior To 2001 Are Time-Barred

Any claims regarding improper pay prior to March 23, 2001, are barred by the six-year statute of limitations applicable to Tucker Act claims. In their complaint, the plaintiffs attempt to circumvent this jurisdictional bar by alleging, "[t]he Defendant's breach of the contractual and

regulatory provisions regarding Plaintiffs' rate of pay, and payment of other benefits, was, and is, of a continuing nature for which the statute of limitations has no application." Compl. at ¶ XV. The statute of limitations in the Court of Federal Claims is jurisdictional, and cannot be so easily dismissed. 28 U.S.C. § 2501; Soriano v. United States, 352 U.S. at 273; MacLean v. United States, 454 F.3d at 1336.

It appears that the plaintiffs allege that the BIA has committed one breach, which had continued ill effects later on. If so, and if this breach occurred more than six years prior to their complaint, their complaint is barred. 28 U.S.C. § 2501; Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1455 (Fed. Cir. 1997) ("A claim first accrues within the meaning of the statute of limitations "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." (quotations omitted)). Even, however, if the continuing claim doctrine applies to the plaintiffs' claims, because this Court considers each failure to properly pay the plaintiffs and each failure to investigate whether the plaintiffs were being properly paid to constitute an "independent, distinct wrong," the plaintiffs are still not entitled to relief regarding any allegedly improper pay received more than six years prior to their complaint. See Brown Park Estates-Fairfield Dev. Co., 127 F.3d at 1455-56 (discussing the continuing claim doctrine in the context of contractual Tucker Act claims); Park Properties Assocs. L.P. v. United States, 74 Fed. Cl. 264, 270-272 (2006); see also Weber v. United States, 71 Fed. Cl. 717, 720-726 (2006) (discussing the continuing claims doctrine in the context of an Equal Pay Act claim, explaining that each instance of allegedly improper pay "is a discrete act and therefore embodies a separate cause of action for purposes of the statute of

limitations."). Accordingly, this Court should dismiss any portion of the plaintiffs claims that arises prior to March 23, 2001.

VI. The Plaintiffs Should Have Raised Their Third-Party Beneficiary Claim Earlier; By Failing To Do So, They Have Waived Their Claims, And The Entire Complaint Must Be Dismissed

Finally, it appears that the entirety of the plaintiffs complaint is barred by claim preclusion, or res judicata, because they failed to raise the third-party beneficiary claim earlier, although they had the opportunity to do so. All three of the conditions that must be satisfied for this Court to apply claim preclusion exist in this case: (1) identity of the parties; (2) final judgment on the merits; and (3) the same transactional facts. Sharp, 448 F.3d 1368; Mayer/Berkshire Corp., 424 F.3d at 1232.

The parties to this action are identical to the parties in the prior actions, with the possible exception of one plaintiff.[10] There was a final judgment on the merits as to the United States in the prior action; the Ninth Circuit affirmed the result reached by the district court that the United States could not be sued as the alleged employer of the plaintiffs. Snyder, 382 F.3d at 897. The transactional facts were precisely the same, as a review of the complaints shows. In all of the complaints, the plaintiffs recite that (1) they are employees of the Navajo Nation; (2) the Navajo Nation and the United States entered into a contract which stated, "Salaries paid law enforcement officers by the contractor under the contract shall be equal or greater than the salaries paid law enforcement officers with similar responsibilities employed directly by the

[10]As discussed above, it appears that there may be one plaintiff in this action, Jeremiah Dee, who was not a named plaintiff in the prior actions. Nevertheless, to the extent that Mr. Dee was in privity with the other named plaintiffs, his claims, too, would be precluded. See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995) ("It is well-settled, for example, that claim preclusion may be invoked by and against those in privity with parties.").

Bureau of Indian Affairs;" (3) the United States breached that contract; and (4) the plaintiffs have not received the pay and benefits required under the contract. See Compl; Third Amended Complaint at 1,3, Snyder v. Navajo Nation, No. 02-0308 (D. Ariz.) (complaint filed Aug. 21, 2002); Complaint, Cooke v. United States, No. 02-1627 (D. Ariz.) complaint filed Aug. 21, 2002); Snyder v. Navajo Nation, No. 02-0308 (D. Ariz. Nov. 12, 2002) (order consolidating Snyder and Cooke) (enumerating the identical allegations of fact and prayer for relief between the two cases); Complaint, Henderson v. Navajo Nation, No. 03-2162 (D. Ariz.) (complaint filed Nov. 5, 2003); Henderson, No. 03-2162 (D. Ariz. June 22, 2004) (order dismissing complaint, and denying motion to transfer) ("The factual foundation, as well as the substantive allegations, in the Snyder and Henderson cases are identical.").

In the absence of a due process violation in the prior litigation, claim preclusion must apply. Kremer v. Chemical Const. Corp., 456 U.S. 461, 491 & n. 22 (1981); Pactiv, 449 F.3d at 1233. The plaintiffs could have and should have raised in their prior complaints that they constitute third-party beneficiaries to the 638 Contract. Because they failed to do so, they must be precluded from doing so now.

## CONCLUSION

The plaintiffs have made their fourth attempt at attributing liability to the United States for an alleged failure by their employer, the Navajo Nation, to pay them their entitled pay and other benefits. This Court does not have jurisdiction over this complaint, however, because the plaintiffs are not third-party beneficiaries of a contract with the United States, nor have they pointed to any money-mandating legal provision which would entitle them to relief. Furthermore, this Court lacks jurisdiction over their alleged breach claim as plaintiffs essentially

seek equitable relief. In addition, claims that arose more than six years prior to their complaint are statutorily time-barred. Finally, plaintiffs should have brought these claims in their earlier litigation, but failed to do so; accordingly, they are precluded from bringing them now.

For the foregoing reasons, this Court should dismiss the plaintiffs' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
James L. Weiner
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

July 27, 2007

CERTIFICATE OF FILING

I hereby certify that on this 27th day of July, 2007, a copy of the foregoing "DEFENDANT'S CORRECTED MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah

## INDEX TO APPENDIX

Third Amended Complaint, Snyder v. Navajo Nation (Aug. 21, 2002),
No. 02-0308 (D. Ariz.) . . . . . . . . . . A1

Order, Snyder v. Navajo Nation (Nov. 12, 2002),
No. 02-0308 (D. Ariz.) . . . . . . . . . . A8

Complaint, Henderson v. Navajo Nation (Nov. 5, 2003),
No. 03-2162 (D. Ariz.). . . . . . . . . . . A11

Order, Henderson v. Navajo Nation (June 22, 2004),
No. 03-2162 (D. Ariz.). . . . . . . . . . . A18

Text of Statutes and Regulations. . . . . . . . . . . A19

FILED ✓ LODGED
RECEIVED COPY
AUG 2 1 2002
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

EDWARD D. FITZHUGH, ESQ.
P.O. Box 24238
Tempe, Arizona 85285-4238
(480) 752-2200
Bar No. 007138

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Kurt Snyder, a married man, individually; Darrell Boye, a married man, individually; Larry Etsitty, Sr., a single man, individually; Sarah Habaadih, a single woman, individually; Jones R. Begay, a married man, individually; Johnny Peshlakai, a married man, individually; Ronald Platerio, a married man, individually; Rex Butler, a married man, individually; Tyrone Benally, a single man, individually; Charlene Bahe, a single woman, individually; Kenny James, a married man, individually; Rosalyn Benally, a single woman, individually; LeRoy Butler, a married man, individually; Lucy Lane, a married woman, individually; Dale Dennison, a married man, individually; Randall Tomasyo, a married man, individually; and on behalf of all other similarly situated employees of the Navajo Nation; Navajo Department of Public Safety;

Plaintiffs,

vs.

THE NAVAJO NATION; THE UNITED STATES OF AMERICA, a sovereign entity;

Defendants.

No. CIV'02 0308 PCT EHC

**THIRD AMENDED COMPLAINT**

**(Action under Fair Labor and Standards Act, The Act, The National Labor Relations Act.)**

**DECLARATORY JUDGMENT, PERMANENT INJUNCTION, BACK PAY, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES [28 U.S.C. §§ 1331, 1337, 1391, 2301, 2202, 29 U.S.C. §216 (B)]**

**(Breach of Contract)**

COME NOW Plaintiffs Kurt Snyder, Darrell Boye, Larry Etsitty, Sr., Sarah Habaadih, Jones R. Begay, Johnny Peshlakai, Ronald Platerio, Rex Butler, Tyrone Benally, Charlene Bahe, Kenny James, Rosalyn Benally, Leroy Butler, Lucy Lane, Dale Dennison, Randall Tomasyo and for their cause of action against Defendants, Navajo Nation and the United States of America, state and allege as follows:

Plaintiffs, on behalf of themselves and other similarly situated employees of the Navajo Nation Department of Public Safety, including Emergency Transport Services, bring this action pursuant to the Fair Labor and Standards Act of 1938 ("FLSA") Title 29 United States Code § 201, et seq. More specifically, Plaintiffs and other similarly situated employees bring this claim for unpaid overtime wages and other benefits pursuant to 29 U.S.C. §216.

Plaintiffs also bring a breach of contract claim for defendants failure to pay them a contractually agreed rate of pay.

## JURISDICTION AND VENUE

1. Plaintiffs Kirk D. Snyder, Darrell Boye, Ronald Platerio, Rex Butler, Tyrone Benally, Charlene Bahe, Kenny James, Rosalyn Benally, LeRoy Butler, Lucy Lane, Dale Dennison, and Randall Tomasyo are now and were at all times alleged herein residents of Navajo and Coconino County, Arizona which is within the jurisdictional boundaries of this court.

2. Plaintiffs Larry Etsitty, Sr., Sarah Habaadih, Jones R. Begay, and Johnny Peshlakai are now and was at all times alleged herein residents of New Mexico.

3. Plaintiffs are employees as defined by 29 U.S.C. 203 (e).

4. Defendants Navajo Nation and United States are within the definition of a "Public Agency" 29 U.S.C. § 203 (x) and an "employer" within 29 U.S.C. 203 (d) and located within the Jurisdictional boundaries of this Court.

5. This Court has jurisdiction over all Defendants pursuant to 29 U.S.C. §216 (b), 28 U.S.C. §1331 and 28 U.S.C. 1337. Venue is properly with this court.

## THE PARTIES

6. Plaintiffs are police officers employed by the Navajo Nation. Plaintiffs consent to be named parties in this litigation has been filed with the Court. The, as yet unnamed, similarly situated prospective Plaintiffs are or have been police officers or

emergency medical technicians (ambulance personnel) employed by the Navajo Nation. The names and capacities of these prospective Plaintiffs will be filed with the court as this case progresses.

7. Plaintiff, Kurt Snyder and many of the other similarly situated employees of the Navajo Nation; Navajo Department of Public Safety are not enrolled members of the Navajo Tribe or Native Americans.

8. Defendant, Navajo Nation is a political entity governing the interior boundaries of the Navajo Reservation. The Navajo Department of Public Safety is a law enforcement agency established and controlled by the Navajo Nation.

9. Defendant, the United States of America is a sovereign entity. This Defendant has the duty to provide Law Enforcement within the boundaries of the Navajo Nation. At all times alleged herein this Defendant had contracted for Defendant Navajo Nation to assume its law enforcement duties within the Navajo Reservation. Pursuant to the statutes, with provisions, authorizing such contracts, the Indian contractor is deemed to be part of a federal agency and its employees are deemed employees of that Federal Agency. Further, that all claims against employees of the Navajo Nation performing law enforcement are deemed claims against the United States. Based on these statutes and related provisions, the United States is liable, in whole or part, to Plaintiffs.

**COUNT ONE**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

10. At all times alleged herein Defendants were "employers" within the definition of the Fair Labor Standards Act of 1938, §3. 29 U.S.C.§ 203 and Plaintiffs were at all times set forth herein, "employees" and employees of these public agencies as within the definition found in that section.

11. At all times alleged herein Defendants were engaged in commerce within the meaning of that section of the FLSA.

12. That Defendants have employed Plaintiffs in the capacity of police officers, with related duties, working for its duly established law enforcement agency; the Navajo Department of Public Safety.

13. Defendant Navajo Nation employed Plaintiffs, as stated herein, and the other similarly situated employees in their respective duties on a forty (40) hour weekly work basis.

14. That during the period of Plaintiffs and the other similarly situated employees employment with Defendants (herein after referred to as "Plaintiffs") they were regularly required to work in excess of their forty hour week and were entitled to overtime compensation.

15. Despite the Plaintiffs' repeated requests for payment of the overtime due them, Defendant Navajo Nation has made only sporadic payments for the overtime. That when Defendant Navajo Nation made some over-time payments it has failed to inform Plaintiffs what period of overtime work they were being paid for.

16. That the records concerning Plaintiffs number of excess hours worked are in the Defendants' exclusive possession. Plaintiffs are unable, at this time, to state the exact amount owing to each of them. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken in this cause of action. Plaintiffs will then amend the complaint to set forth the amounts due them as well as the other similarly situated employees.

17. Defendants have refused to pay Plaintiffs' other benefits including:

- Refusal to pay Plaintiffs' for on the job travel time;
- Requiring Plaintiffs' to be "on call" severely restricting their movements and activities but refusing to compensate Plaintiffs' during the periods they are "on call";
- Refusing to pay certain Plaintiffs' the contractually agreed rate for Criminal Investigators and officers; and
- Failing to regularly pay Plaintiffs' their clothing allowance.

18. Through the years of Plaintiffs employment Defendant Navajo Nation has acknowledged its obligation to pay for overtime worked yet has knowingly, willfully failed to make timely and full payment to Plaintiffs as required by the FLSA.

19. That Defendants have knowingly and willfully refused or failed to pay Plaintiffs for "on call" work; pay officers the contractually agreed rate; pay Plaintiffs' for on the job travel time and to regularly pay Plaintiffs' their clothing allowance.

20. In violation of the National Labor Relations Act. 29 U.S.C. § 141, et seq., and § 29 U.S.C. § 215 (a)(3) of the FLSA Defendant Navajo Nation has retaliated and made threats of further retaliation against the plaintiffs, for their collective action and complaints about the failure of Defendants to pay overtime pay.

WHEREFORE, Plaintiffs pray for judgment in their favor and in favor of those similarly situated employees as follows:

A. For judgment in an amount to compensate each Plaintiff for all unpaid overtime work performed at Defendant Navajo Nation's request

B. An Order for a complete and accurate accounting and payment of all the compensation to which the plaintiffs are entitled;

C. A permanent injunction restraining and preventing the Defendant Navajo Nation from withholding the compensation that is due each of the plaintiffs and from further violating their rights under law;

D. An amount in liquidated damages.

E. For Plaintiffs attorneys fees.

F. For Plaintiffs costs incurred in bringing this cause of action for themselves and on behalf of the similarly situated employees of the Navajo Nation.

G. For such other and further relief as the court deems just and proper.

**COUNT TWO**

**(BREACH OF CONTRACT)**

Plaintiffs for their second cause of action against Defendants state and allege as follows:

21. Plaintiffs incorporate each and every allegation contained in paragraphs 1-20 of the Complaint as though fully set forth herein.

22. That addressing Plaintiffs rate of pay Defendants agreed and acknowledged that Plaintiffs as law enforcement officers employed to perform the 638 Contract would be paid "at least the same salary as a BIA officers performing the same duties."

23. That the amounts owed each Plaintiff is contained in documents within Defendants exclusive control.

24. That as referenced in paragraph 16 of the complaint Defendants have failed and deliberately refused to pay these Plaintiffs the contractually agreed rate of pay.

25. As a contract action Plaintiffs are entitled to their attorney's fees.

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

A. For judgment in an amount to compensate each of these Plaintiffs for the amounts owed them under the contract.

B. An accounting by Defendants of all amounts due Plaintiff under the contract.

C. For interest, at the highest legal limit, on all amounts due Plaintiffs.

D. For Plaintiffs attorney's fees incurred in bringing this contract action.

E. For Plaintiffs costs incurred in bringing this cause of action.

F. For such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of August, 2002.

Edward D. Fitzhugh
Attorney for Plaintiffs

ORIGINAL and COPY delivered
this 21st day of August, 2002, to:

Clerk of the Court
U.S. District Court
401 W. Washington
Phoenix, AZ 85003

COPY mailed the same date to:

Dana L. Bobroff, Esq.
Levon Henry, Esq.
Navajo Nation Department of Justice
Office of the Attorney General
P.O. Drawer 2010
Window Rock, AZ 86515-2010
Attorneys for Defendant Navajo Nation

Barbara D. Dean

X FILED ___ LODGED
___ RECEIVED ___ COPY
NOV 12 2002
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurt Snyder, et al., Plaintiffs, vs. The United States of America, Defendant. | No. CIV 02-0308-~~PHX~~ PCT-EHC ✓<br>No. CIV 02-1627-PHX-EHC (consolidated)<br>**ORDER** |
| Antonio Cooke, et al. Plaintiffs, vs. The United States of America, Defendant. | |

Pending before the Court are Plaintiffs' Motion to Consolidate Cases [Dkt. 53] and the United States' Motion to Consolidate [CIV 02-0308-PHX-EHC, Dkt. 55; CIV 02-1627-PHX-EHC, Dkt. 13]. Pursuant to Rule 42(a), Fed.R.Civ.P., and Local Rule 1.2(g)(2), the parties request the Court consolidate the cases Kurt Snyder, et al. v. The United States of America, CIV 02-0308, and Antonio Cooke, et al. v. The United States of America, CIV 02-1627. The two cases involve common questions of law and fact, persons suing in the same capacity, and the same defendant.

56

A8

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Consolidate Cases [Dkt. 53] and the United States' Motion to Consolidate [CIV 02-0308-PHX-EHC, Dkt. 55; CIV 02-1627-PHX-EHC, Dkt. 13] are **GRANTED**. Any further filings shall contain the caption substantially as it appears in this Order.

DATED this 7th day of November, 2002.

Earl H. Carroll
United States District Judge

# United States District Court

District of Arizona

Notice of Orders or Judgments
Fed. R. Civ. P. 77(d)
Fed.R.Crim.P.49

Date: 11/12/02

To: James C Hair
40 N Central
Ste 1200
Phoenix, AZ 85004

Re: Case Number: 3:02-cv-00308 Instrument Number: 56

If this transmission does not complete, it will be re-sent, up to three times. If a complete copy of this document is not received, please call the scanning clerk in Phoenix at (602)322-7206 or Tucson at (520)205-4223.

Number of pages including cover sheet: 3

*** NOTICE ***

**The recently adopted emergency amendment to Local Rule 1.18 is now available for review and comment on the court's website at www.azd.uscourts.gov. Comments are due not later than November 30, 2002.**

FILED / LODGED / RECEIVED / COPY

NOV 0 5 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ________ DEPUTY

EDWARD D. FITZHUGH, ESQ.
P.O. Box 24238
Tempe, Arizona 85285-4238
(480) 752-2200
Bar No. 007138

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Marjorie Henderson, a married woman;
Patricia Yellowhair, a single woman;
Clinton C. Curtis, a married man;
Henry K. Moore, a married man;
Irene Six, a single woman;
Thomas Etsitty, a married man;
Genevieve Morgan, a married woman;
Darrell Harvey, a married man;
Leland Tom, a married man;
Randall J. Bluehouse, a married man;
Alvernon Tsosie, a married man;
Gilbert Yazzie, a single man;
Karl Atcitty, a married man;
Jonathon Leonard, a married man;
O.J. White, a married man;
Julian Henry, a married man;
Marvin Curley, a married man;
Daren Simeona, a married man;
Emmitt Yazzie, a married man;
Farrell Begay, a married man;
Dave M. Francisco, a married man;
Monica Butler, a married woman;
Elreno C. Henio, a married man;
Patrick Yazzie, a married man;
Franklin Lee, a married man;
Elaine Nez, a single woman;
Delvin Miles, a single man;
Darrell Betonie, a single man;
Wilson Honie, a married man;
Ramona I. Bedonie, a married woman;
Vernessa Yellowhair, a single woman;
Leslieh Yazzie, a married woman;
Joseph Benally, a married man;
Tim Johnson, a married man;
Dean Hadley, a married man;
Elousie Tsosie, a married woman;
Loretta Redhouse, a married woman;
Erwin Todd, a single man;
Renita Benally, a married woman;
Felicia Williams, a single woman;

CV No. 03 2162 PCT JWS

**COMPLAINT**

**(Action under Fair Labor and Standards Act, The Act, The National Labor Relations Act.)**

**DECLARATORY JUDGMENT, PERMANENT INJUNCTION, BACK PAY, LIQUIDATED DAMAGES AND ATTORNEYS' FEES [28 U.S.C. §§ 1331, 1337, 1391, 2301, 2202, 29 U.S.C. §216 (B)]**

**(BREACH OF CONTRACT)**

Louis Anderson, Jr., a married man;
Ronald R. Bitah, a married man;
Bernadine Francis, a married woman;
Leon M. Mitchell, a married man;
Lamar Martin, a married man;
Wally Whitegoat, a married man;
Amos Ben, a married man;
Leander L. Morris, a married man;
Roy E. Lawrence, a single man;
Louis P. Ortiz, a married man;
Martin Page, a single man;
Stanley E. Ashley, a single man;
Darlene Antonio, a single woman;
Richard Shirley, Jr., a single man;
Irvin Attison, a married man;
Leman Harvey, Sr., a married man;
Erik Francisco, a married man;
Leroy Wilson, a single man;
Frank E. Henry, a married man;
Jenny M. Martin, a married woman;
Elroy Naswood, a single man;
Arnold Silversmith, a married man;
Alejandro Dayea, a married man;
Ron Singer, a married man;
Denise Billy, a married woman;
and on behalf of all other similarly situated employees of the Navajo Nation; Navajo Department of Public Safety;

Plaintiffs,

vs.

THE NAVAJO NATION; THE UNITED STATES OF AMERICA, a sovereign entity;

Defendants.

---

COME NOW Plaintiffs for their cause of action against Defendants, Navajo Nation and the United States of America, state and allege as follows:

Plaintiffs, on behalf of themselves and other similarly situated employees of the Navajo Nation Department of Public Safety, including Emergency Transport Services, bring this action pursuant to the Fair Labor and Standards Act of 1938 ("FLSA") Title 29 United States Code § 201, et seq. More specifically, Plaintiffs and other similarly situated employees bring this claim for unpaid overtime wages and other benefits pursuant to 29 U.S.C. §216.

Plaintiffs also bring a breach of contract claim for defendants failure to pay them a contractually agreed rate of pay.

## JURISDICTION AND VENUE

1. Plaintiffs are employees as defined by 29 U.S.C. 203 (e).

2. Defendants Navajo Nation and United States are within the definition of a "Public Agency" 29 U.S.C. § 203 (x) and an "employer" within 29 U.S.C. 203 (d) and located within the Jurisdictional boundaries of this Court.

3. This Court has jurisdiction over all Defendants pursuant to 29 U.S.C. §216 (b), 28 U.S.C. §1331 and 28 U.S.C. 1337. Venue is properly with this court.

## THE PARTIES

4. Plaintiffs are police officers employed by the Navajo Nation. Plaintiffs consent to be named parties in this litigation has been filed with the Court. The, as yet unnamed, similarly situated prospective Plaintiffs are or have been police officers or emergency medical technicians (ambulance personnel) employed by the Navajo Nation. The names and capacities of these prospective Plaintiffs will be filed with the court as this case progresses.

5. Defendant, Navajo Nation is a political entity governing the interior boundaries of the Navajo Reservation. The Navajo Department of Public Safety is a law enforcement agency established and controlled by the Navajo Nation.

6. Defendant, the United States of America is a sovereign entity. This Defendant has the duty to provide Law Enforcement within the boundaries of the Navajo Nation. At all times alleged herein this Defendant had contracted for Defendant Navajo Nation to assume its law enforcement duties within the Navajo Reservation. Pursuant to the statutes, with provisions, authorizing such contracts, the Indian contractor is deemed to be part of a federal agency and its employees are deemed employees of that Federal Agency. Further, that all claims against employees of the Navajo Nation performing law enforcement are deemed

claims against the United States. Based on these statutes and related provisions, the United States is liable, in whole or part, to Plaintiffs.

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

7. At all times alleged herein, Defendants were "employers" within the definition of the Fair Labor Standards Act of 1938, §3. 29 U.S.C.§ 203 and Plaintiffs were at all times set forth herein, "employees" and employees of these public agencies as within the definition found in that section.

8. At all times alleged herein, Defendants were engaged in commerce within the meaning of that section of the FLSA.

9. That Defendants have employed Plaintiffs in the capacity of police officers, with related duties, working for its duly established law enforcement agency; the Navajo Department of Public Safety.

10. Defendant Navajo Nation employed Plaintiffs, as described herein, and the other similarly situated employees in their respective duties on a forty (40) hour weekly work basis.

11. That during the period of Plaintiffs and the other similarly situated employees employment with Defendants (herein after referred to as "Plaintiffs") they were regularly required to work in excess of their forty hour week and were entitled to overtime compensation.

12. Despite the Plaintiffs' repeated requests for payment of the overtime due them, Defendant Navajo Nation has made only sporadic payments for the overtime. That when Defendant Navajo Nation made some over-time payments it has failed to inform Plaintiffs what period of overtime work they were being paid for.

13. That the records concerning Plaintiffs number of excess hours worked are in the Defendants' exclusive possession. Plaintiffs are unable, at this time, to state the exact amount owing to each of them. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken in this cause of action. Plaintiffs will then amend the

complaint to set forth the amounts due them as well as the other similarly situated employees.

14. Defendants have refused to pay Plaintiffs' other benefits including:

- Refusal to pay Plaintiffs' for on the job travel time;
- Requiring Plaintiffs' to be "on call" severely restricting their movements and activities but refusing to compensate Plaintiffs' during the periods they are "on call";
- Refusing to pay certain Plaintiffs' the contractually agreed rate for Criminal Investigators and officers; and
- Failing to regularly pay Plaintiffs' their clothing allowance.

15. Through the years of Plaintiffs employment Defendant Navajo Nation has acknowledged its obligation to pay for overtime worked yet has knowingly, willfully failed to make timely and full payment to Plaintiffs as required by the FLSA.

16. That Defendants have knowingly and willfully refused or failed to pay Plaintiffs for "on call" work; pay officers the contractually agreed rate; pay Plaintiffs' for on the job travel time and to regularly pay Plaintiffs' their clothing allowance.

17. In violation of the National Labor Relations Act. 29 U.S.C. § 141, et seq., and § 29 U.S.C. § 215 (a)(3) of the FLSA Defendant Navajo Nation has retaliated and made threats of further retaliation against the plaintiffs, for their collective action and complaints about the failure of Defendants to pay overtime pay.

WHEREFORE, Plaintiffs pray for judgment in their favor and in favor of those similarly situated employees as follows:

A. For judgment in an amount to compensate each Plaintiff for all unpaid overtime work performed at Defendant Navajo Nation's request

B. An Order for a complete and accurate accounting and payment of all the compensation to which the plaintiffs are entitled;

C. A permanent injunction restraining and preventing the Defendant Navajo Nation from withholding the compensation that is due each of the plaintiffs and from further violating their rights under law;

D. An amount in liquidated damages.

E. For Plaintiffs attorneys fees.

F. For Plaintiffs costs incurred in bringing this cause of action for themselves and on behalf of the similarly situated employees of the Navajo Nation.

G. For such other and further relief as the court deems just and proper.

**COUNT TWO**

**(BREACH OF CONTRACT)**

Plaintiffs, for their second cause of action against Defendants state and allege as follows:

18. Plaintiffs incorporate each and every allegation contained in paragraphs 1-17 of the Complaint as though fully set forth herein.

19. That addressing Plaintiffs rate of pay Defendants agreed and acknowledged that Plaintiffs as law enforcement officers employed to perform the 638 Contract would be paid "at least the same salary as a BIA officers performing the same duties."

20. That the amounts owed each Plaintiff is contained in documents within Defendants exclusive control.

21. That as referenced in paragraph 16 of the complaint Defendants have failed and deliberately refused to pay these Plaintiffs the contractually agreed rate of pay.

22. As a contract action Plaintiffs are entitled to their attorney's fees.

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

A. For judgment in an amount to compensate each of these Plaintiffs for the amounts owed them under the contract.

B. An accounting by Defendants of all amounts due Plaintiff under the contract.

C. For interest, at the highest legal limit, on all amounts due Plaintiffs.

D. For Plaintiffs attorney's fees incurred in bringing this contract action.

E. For Plaintiffs costs incurred in bringing this cause of action.

F. For such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED this 3rd day of November, 2003.

Edward D. Fitzhugh
Attorney for Plaintiffs

X FILED ___ LODGED
___ RECEIVED ___ COPY
JUN 2 2 2004
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

**MINUTES OF THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

**MARJORIE HENDERSON, *et al.*,** v. **NAVAJO NATION, *et al.*,**

THE HONORABLE JOHN W. SEDWICK CASE NO. **03-2162 PCT** (JWS)

PROCEEDINGS: **ORDER FROM CHAMBERS** June 17, 2004

---

At docket 5, defendant Navajo Nation moves to dismiss the action against it based upon, *inter alia*, the lack of subject matter jurisdiction and the doctrine of sovereign immunity. At docket 7, defendant United States moves to hold this action in abeyance pending the Ninth Circuit's decision in *Snyder v. Navajo Nation*, or alternatively, to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (7). At docket 15, plaintiffs Marjorie Henderson, *et al.*, move to transfer the case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. The motions are opposed. Oral argument has not been requested, and it would not assist the court.

On June 10, 2004, the Ninth Circuit filed its decision in *Snyder v. The Navajo Nation*. The court held that the Fair Labor Standards Act ("FLSA") does not apply to the Navajo Nation's Department of Public Safety, and that the "638 Contract," which is a self-determination contract between the Navajo Nation and the Bureau of Indian Affairs ("BIA") pursuant to the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), does not deem the plaintiffs federal employees for purposes of the FLSA. 02-16632, 03-15395, 2004 WL 1277031 at *3-*4. The court explained that "tribal law enforcement clearly is a part of tribal government and is for that reason an appropriate activity to exempt as intramural." *Id.* at *2; *see also* 29 U.S.C. §§ 207(k), 207(o). Further, "Congress, [ ], did not intend section 314 [of the ISDEAA, which states that Indian contractors are deemed to be a part of the BIA and that any civil action "shall be deemed to be an action against the United States. . . ."] to provide a remedy against the United States in civil actions unrelated to the [Federal Tort Claims Act]." *Id.* at *4.

The factual foundation, as well as the substantive allegations, in the *Snyder* and *Henderson* cases are identical. Accordingly, defendant Navajo Nation's motion to dismiss at docket 5 is **GRANTED**; the United States' motion to dismiss at docket 7-2 is **GRANTED**, and its motion to hold the action in abeyance at docket 7-1 is **DENIED as moot**; and, plaintiffs' motion to transfer the case at docket 15 is **DENIED as moot.**

---

(19)

## TEXT OF STATUTES AND REGULATIONS

**25 C.F.R § 12.33**

§ 12.33 Are Indian country law enforcement officers paid less than other law enforcement officers?

An officer's pay is determined by his/her grade and classification. The Commissioner of Indian Affairs must ensure that all BIA law enforcement officer positions are established at no lower grade level on the Federal scale than similar Federal law enforcement officer positions in other agencies. No BIA position performing commissioned law enforcement duties will be classified in other than the GS 0083, police officer series, for uniformed officers and the GS 1811, criminal investigating series, for criminal investigators.

**25 C.F.R. § 12.34**

§ 12.34 Do minimum salaries and position classifications apply to a tribe that has contracted or compacted law enforcement under self-determination?

Any contract or compact with the BIA to provide law enforcement services for an Indian tribe must require a law enforcement officer to be paid at least the same salary as a BIA officer performing the same duties.

**25 C.F.R § 12.62**

§ 12.62 Who decides what uniform an Indian country law enforcement officer can wear and who pays for it?

Each local law enforcement program must establish its own uniform requirements for patrol and detention personnel. Uniformed BIA police officers may be paid an annual uniform allowance not to exceed $400. Local programs may provide uniforms and related equipment to officers in lieu of this payment. All law enforcement officers must also have their official identification on their person at all times when performing law enforcement duties. Uniforms, when worn, will be plainly distinguishable from the uniforms of any non-law enforcement personnel working on the reservation.

**25 U.S.C. § 450f(d)**

(d) Tribal organizations and Indian contractors deemed part of Public Health Service

For purposes of section 233 of title 42, with respect to claims by any person, initially filed on or after December 22, 1987, whether or not such person is an Indian or Alaska Native or is served on a fee basis or under other circumstances as permitted by Federal law or regulations for personal injury, including death, resulting from the performance prior to, including, or after December 22, 1987, of medical, surgical, dental, or related functions, including the conduct of

clinical studies or investigations, or for purposes of section 2679, title 28, with respect to claims by any such person, on or after November 29, 1990, for personal injury, including death, resulting from the operation of an emergency motor vehicle, an Indian tribe, a tribal organization or Indian contractor carrying out a contract, grant agreement, or cooperative agreement under sections (!2) 450f or 450h of this title is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees (including those acting on behalf of the organization or contractor as provided in section 2671 of title 28 and including an individual who provides health care services pursuant to a personal services contract with a tribal organization for the provision of services in any facility owned, operated, or constructed under the jurisdiction of the Indian Health Service) are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement: Provided, That such employees shall be deemed to be acting within the scope of their employment in carrying out such contract or agreement when they are required, by reason of such employment, to perform medical, surgical, dental or related functions at a facility other than the facility operated pursuant to such contract or agreement, but only if such employees are not compensated for the performance of such functions by a person or entity other than such Indian tribe, tribal organization or Indian contractor.

**28 U.S.C. § 1491(a)**

(a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

(2) To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act.

**28 U.S.C. § 1505**

§ 1505. Indian claims

The United States Court of Federal Claims shall have jurisdiction of any claim against the United States accruing after August 13, 1946, in favor of any tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band or group.

**25 U.S.C. § 2501**

§ 2501. Time for filing suit

Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

Every claim under section 1497 of this title shall be barred unless the petition thereon is filed within two years after the termination of the river and harbor improvements operations on which the claim is based.

A petition on the claim of a person under legal disability or beyond the seas at the time the claim accrues may be filed within three years after the disability ceases.

A suit for the fees of an officer of the United States shall not be filed until his account for such fees has been finally acted upon, unless the Government Accountability Office fails to act within six months after receiving the account.