No. 07-195C
Judge Sweeney

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DARRELL BOYE, et al.,

Plaintiffs,
v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Of Counsel:
ALTON E. WOODS
Assistant Solicitor
JAMES L. WEINER
Attorney-Advisor
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

September 24, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . ii

QUESTIONS PRESENTED . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . 3

I. Applicable Legal Standard . . . . . . . . . . 3

II. This Court Lacks Jurisdiction Over the Plaintiffs' Claims Under The Tucker Act . . . . . . . . . . 3

A. The Plaintiffs Are Not Third-Party Beneficiaries . . . . . . . . . . 4

B. The Plaintiffs Are Not Suing On A Money Mandating Provision . . . . . . . . . . 8

C. The Plaintiffs Improperly Seek Specific Relief In This Court . . . . . . . . . . 9

D. This Court Lacks Jurisdiction Over Any Claims More Than Six Years Old . . . . . . . . . . 9

III. The Plaintiffs Waived Their Claims By Failing To Raise Them Earlier . . . . . . . 10

IV. The Additional Relief Sought By Plaintiffs In Their Opposition Should Be Denied . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . 13

APPENDIX

## TABLE OF AUTHORITIES

### CASES


Big Owl v. United States,
961 F. Supp. 1304 (D.S.D. 1997) . . . . . . . . . . . . . . . . . . . . 7

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . 3

Brown Park Estates-Fairfield Dev. Co. v. United States,
127 F.3d 1449 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . 9, 10

Carlow v. United States,
40 Fed. Cl. 773 (1998) . . . . . . . . . . . . . . . . . . . . 6, 8

Christos v. United States,
48 Fed. Cl. 469 (2000) . . . . . . . . . . . . . . . . . . . . 5

Doe v. United States,
463 F.3d 1314 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . 8

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . 3

LeBlanc v. United States,
50 F.3d 1025 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . 3

Locke v. United States,
215 F. Supp. 2d 1033 (D.S.D. 2002) . . . . . . . . . . . . . . . . . . . . 7

MacLean v. United States,
454 F.3d 1334 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . 3

Massie v. U.S.,
226 F.3d 1318 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . 9

Matthews v. United States,
72 Fed.Cl. 274 (2006) . . . . . . . . . . . . . . . . . . . . 9

Montana v. United States,
124 F.3d 1269 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . 4

Murakami v. United States,
46 Fed. Cl. 731 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Murakami v. United States,
398 F.3d 1342 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Myers Investigative and Security Svcs., Inc. v. United States,
47 Fed. Cl. 288 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Sallee v. United States,
41 Fed. Cl. 509 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sanders v. United States,
34 Fed. Cl. 75 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Schuerman v. United States,
30 Fed. Cl. 420 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Sebastian v. United States,
185 F.3d 1368 (Fed. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Sharp Kabushiki Kaisha v. Thinksharp, Inc.,
448 F.3d 368 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Snyder v. Navajo Nation,
382 F.3d 892 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 11

Soriano v. United States,
352 U.S. 270 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Mitchell,
463 U.S. 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Testan,
424 U.S. 392 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Waters v. United States,
812 F. Supp. 166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

25 U.S.C. § 450 . . . . . . . . . . 8

25 U.S.C. § 450f . . . . . . . . . . 6, 7

25 U.S.C. §2808 . . . . . . . . . . 4

28 U.S.C. § 1491 . . . . . . . . . . 1, 3

28 U.S.C. § 2501 . . . . . . . . . . 3, 9, 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-195C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, the United States, respectfully renews its request that this Court dismiss the complaint of Plaintiff Darrell Boye and his co-plaintiffs for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of this Court ("RCFC"), failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), and claim preclusion.

QUESTIONS PRESENTED

1. Whether this Court lacks subject matter jurisdiction to adjudicate the plaintiffs' claims against the United States, which are not cognizable under the Tucker Act, 28 U.S.C. § 1491(a).

2. Whether the plaintiffs have failed to state a claim upon which relief can be granted.

3. Whether plaintiffs are barred from bringing this claim because they should have brought it in their earlier actions.

## INTRODUCTION

Our statement of facts is set forth in full in our motion to dismiss.[1] The plaintiffs, a group of employees of the Navajo Nation Division of Public Safety ("Navajo Nation"), have brought suit against the United States based upon alleged misdeeds of their employer. In particular, the plaintiffs allege that they are owed certain rates of pay and other benefits that they allege are set forth in various statutes and in a contract between the United States and the Navajo Nation. The plaintiffs have attempted to hold the United States liable for their employer's actions under various theories in various forums for over five years.

In this, their most recent lawsuit, the plaintiffs have set forth a breach of contract claim on a third-party beneficiary theory. Under this theory, they claim that the United States breached its contract with their employer by failing to ensure that the plaintiffs received the appropriate rates of pay and other benefits. This is the first time the plaintiffs have articulated this theory in any court, despite ample opportunities to do so earlier. Res judicata, or claim preclusion, precludes them from raising a new claim based upon the same facts after years of litigation in other courts.

Even if res judicata does not apply, this Court still lacks jurisdiction to entertain the plaintiffs' claims. The plaintiffs are not third-party beneficiaries to the contracts they cite, and they have not identified a money-mandating statute or regulation that entitles them to

[1] Because this is a motion to dismiss, the Defendant treats the allegations in the plaintiffs' complaint as true. The plaintiffs find fault with our reference to their allegations as "allegations," accusing the United States of "misrepresent[ing] the facts and "misleading the Court." Pl. Opp. 1, 7; see also discussion in Part V. To the contrary, our motion to dismiss does not depend on our admission or denial of the plaintiffs' allegation, but on the allegations themselves. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, our characterization of the plaintiffs' allegations as "allegations" is not improper.

compensation. Further, this Court cannot order the specific relief the plaintiffs seek. It is also well-settled that this Court lacks jurisdiction to hear any of the plaintiffs' claims that are over six years old.

## ARGUMENT

### I. Applicable Legal Standard

The jurisdiction of this Court is limited; Congress has only granted this Court jurisdiction over claims where the United States has waived its sovereign immunity from suit. United States v. Testan, 424 U.S. 392, 399 (1972); Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993). The Tucker Act, 28 U.S.C. § 1491, governs the United States' waiver of sovereign immunity from suit in this Court. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). To obtain Tucker Act jurisdiction in this Court, the plaintiffs must identify a contract or money-mandating constitutional provision, statute, or regulation that entitles them to relief. Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Sanders v. United States, 34 Fed. Cl. 75, 78 (1995). In any event, this Court may not assert jurisdiction over claims for money under the Tucker Act that are more than six years old. 28 U.S.C. § 2501; Soriano v. United States, 352 U.S. 270, 273 (1957); MacLean v. United States, 454 F.3d 1334, 1336 (Fed. Cir. 2006).

The plaintiffs have failed to meet their burden to show by a preponderance of the evidence that this Court possesses jurisdiction over their claims. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). On the face of their complaint, they cannot show that they are third-party beneficiaries of a contract with the United States. Similarly, they have not identified a money-mandating legal provision that entitles them to money damages. Their claims also fail because of claim preclusion, statute of limitations, and failure to seek relief this Court can grant.

II. This Court Lacks Jurisdiction Over the Plaintiffs' Claims Under The Tucker Act

In their opposition, the plaintiffs concede much of the basis of the United States' motion to dismiss. They explicitly state that they are not parties to any contract with the Bureau of Indian Affairs ("BIA"). Pl. Opp. 16. They also do not contest that they should not to be considered employees of the BIA under governing law. See Pl. Opp. 21 (discussing the holding of Snyder v. Navajo Nation, 382 F.3d 892 (9th Cir. 2004)). Finally, they fail to address our demonstration that there is no jurisdiction under the Indian Tucker Act for claims not brought by Indian tribes. Conceding all this, they assert that because of the special relationship that the United States has with the Indian tribes, the plaintiffs are entitled to third-party beneficiary status and that this Court has held that 25 U.S.C. §§ 450, 2808 are money mandating provisions. These assertions are incorrect and unsupported in the law.

A. The Plaintiffs Are Not Third-Party Beneficiaries

The plaintiffs correctly assert that this Court only considers one factor in determining whether or not the plaintiffs are third-party beneficiaries: whether the contract reflects the intent to benefit the third-party.[2] Montana v. United States, 124 F.3d 1269 1273 (Fed. Cir. 1997). Although in our motion, we set forth two factors, our discussion properly focused on this first factor. Def. Mot. 10-11. According to Montana, if it would not be reasonable for the plaintiffs to rely on the promises in the 638 Contracts as manifesting an intention to confer a right on them, the 638 Contract does not reflect the intent to benefit them. Id. at 1273. This Court draws

[2] The plaintiffs' citation to cases on the applicability of federal common law to third-party beneficiary cases, Pl. Opp. 16, is inapposite as this Court has not been presented with the question of what law to apply. The United States' motion concerns the threshold question whether this Court even has jurisdiction. Similarly, the plaintiffs' citation to Arizona state law, Pl. Opp. 17, should be disregarded as the cases cited are neither binding nor persuasive authority in this Court.

a sharp distinction between direct beneficiaries, on the one hand, and indirect or incidental beneficiaries on the other hand. Schuerman v. United States, 30 Fed. Cl. 420, 433 (1994). Direct beneficiaries are entitled to third-party beneficiary status because it is reasonable for them to rely on the promises set forth in a given contract. Id. Indirect or incidental beneficiaries are not entitled to third-party beneficiary status because such reliance would not be reasonable. Id.

It is unreasonable for the plaintiffs to rely on the alleged promises allegedly set forth in the 638 Contracts as conferring on them any rights. Therefore, they are at most incidental or indirect beneficiaries of those contracts. First, to the extent that the 638 Contracts embody a promise to pay, that promise was made by their employer, not by the United States. Second, the 638 Contracts were executed not for the benefit of individual law enforcement officers, but for the benefit of the Tribe and the residents of the reservation who are to benefit from the law enforcement services provided.

As discussed in our motion to dismiss, the decision of this Court in Christos v. United States, 48 Fed. Cl. 469, 477 (2000), should guide the Court's determination with respect to the plaintiffs. In Christos, employees of a government contractor attempted to sue the United States asserting third-party beneficiary status. Plaintiffs do not deny that Christos was rightly decided. Instead, they argue that the reasoning of Christos is inapplicable for three reasons: (1) the Christos plaintiffs were not American Indians; (2) the contract at issue was not a 638 Contract; and (3) there were no "accompanying CFR's or a money mandating provision."[3] These factors are insufficient to distinguish Christos from the plaintiffs' case. In particular, the plaintiffs have

[3] As discussed in Section II.B., there is no money mandating provision in the plaintiffs' case either. For purposes of this discussion, however, we will assume that the plaintiffs' case does involve "accompanying CFR's" and a "money mandating provision" as they now claim.

pointed to no authority supporting the proposition that the plaintiffs' status as employees of an Indian tribe exempts them from this Court's jurisprudence on third-party beneficiaries. This Court's jurisdiction is limited and not to be lightly conferred. In the absence of specific guidance set forth in binding precedent or in a statute, this Court should refrain from expanding its jurisdiction in this manner. We note, moreover, that where Congress wanted to exempt tribal employees from the general rules that would otherwise govern in litigation, it did so explicitly. 25 U.S.C. § 450f (permitting employees of contracting tribes to be deemed employees of the BIA for the sole purpose of suits against those employees for torts resulting from the performance of functions under 638 Contracts); see Snyder, 382 F.3d at 896-97.

The plaintiffs also cite Carlow v. United States, 40 Fed. Cl. 773 (1998) in support of their opposition. Carlow does not support their claims. In Carlow, the Court held that the contractor plaintiff was entitled to third party beneficiary status with respect to a 638 Contract between the United States and the tribe which had contracted with the contractor. The Court made clear that the contractor was entitled to third party beneficiary status because of the retrocession provision in the contract between the United States and the tribe. 40 Fed. Cl. at 782-83. That provision explicitly placed the United States in the shoes of the tribe if and when the tribe withdrew from contracts, including the one entered into with the plaintiff. Id. Pursuant to the retrocession provision, the United States would assume the rights and obligations of the tribe under its contracts with its contractors. Id. Accordingly, those contractors reasonably relied on the retrocession provision as conferring a right on them and were properly considered intended third-party beneficiaries. Id. The plaintiffs have not pointed to any retrocession provision in the 638 Contract at issue in this case. The United States has not indicated that it will stand in the

shoes of the tribe with respect to the plaintiffs, and the plaintiffs would be unreasonable to assume that it has. They are not intended third party beneficiaries.

The plaintiffs cite several district court cases in support of their alleged third-party beneficiary status. Pl. Opp. 15. These cases are irrelevant and inapplicable as they all concern tort claims brought in district courts.[4] As discussed in our motion to dismiss, the statute contains a specific provision permitting suits against the United States for torts committed by a tribe or employee of a tribe. The plaintiffs are not making a tort claim and they are not in district court.

The plaintiffs state that the entire 638 Contract must be taken into account when determining whether or not there is an "intent to confer a benefit" on third parties such as the plaintiffs. Pl. Opp. 18-20 (citing Sallee v. United States, 41 Fed. Cl. 509 (1998), where this Court held that employee of government contractor was not entitled to third-party beneficiary status). They also assert that under Sallee, this Court must "consider as a whole the unique contractual relationship between the Navajo Tribe and the United States, including the purpose, goals, and underlying statutory scheme of the ISDEAA." Pl. Opp. 18. Assuming this is true, consideration of the entire contractual relationship between the Tribe and the United States further supports the United States' position that the plaintiffs are not third party beneficiaries. The statutes, regulations and contracts at issue are for the benefit of the Tribe, its members, and residents on its reservations, not the Tribe's employees. In the statute, Congress states its

[4] Locke v. United States, 215 F. Supp. 2d 1033 (D.S.D. 2002), concerns a tort claim against tribal police officer. Waters v. United States, 812 F. Supp. 166 (N.D. Cal. 1993), concerns tort claims and statutory claims against an entity operating a health facility pursuant to an ISDEAA contract; the claims arose from allegations of physical and sexual assault by the health facility's director. Big Owl v. United States, 961 F. Supp. 1304 (D.S.D. 1997), concerns tort claims against a tribal school board for infliction of emotional distress. These cases clearly fall within the specific provisions of 25 U.S.C. § 450f permitting suits against the United States for torts committed by tribal employees or entities.

commitment to "individual Indian Tribes and the Indian people as a whole." The statutory provision at issue here is not for the benefit of tribal law enforcement but for the benefit of the Indian people. Individual employees cannot use this provision to obtain relief for the misdeeds of their tribal employer.

B. The Plaintiffs Are Not Suing On A Money Mandating Provision

The plaintiffs agree that a legal provision provides jurisdiction under the Tucker Act only if it "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained."[5] United States v. Mitchell, 463 U.S. 206, 217 (1983); see Doe v. United States, 463 F.3d 1314, 1324 (Fed. Cir. 2006). Their opposition rests upon their assertion that this Court held in Carlow that 25 USC 450(a) is a money mandating provision and that it has jurisdiction over breach of contract claims pursuant to the ISDEAA. Pl. Opp. 8, 12. The Carlow decision does not even address whether 25 U.S.C. 450(a) (or any other statutory provision) is money mandating. Because the plaintiffs in Carlow sought Tucker Act jurisdiction on the basis of a contract, the Court's opinion addresses only the question of whether this breach of contract claim could proceed on a third-party beneficiary theory.

As established above, the provisions plaintiffs cite are not "money-mandating" under the Tucker Act. They neither mandate nor even contemplate money damages to tribal employees from the United States for a tribe's failure to properly compensate those employees. They indeed are detailed, as plaintiff contends, but this is not enough. Rather, the fact that they are so detailed makes more glaring the absence of a grant of jurisdiction or a right of action. This Court cannot read into the statute a money-mandating provision where none exists.

[5] Pl. Opp. 12.

C. The Plaintiffs Improperly Seek Specific Relief In This Court

As set forth in our motion to dismiss, the plaintiffs appear to seek specific performance of the United States' duty to investigate the Tribe's compensation of its employees. In their opposition, the plaintiffs appear to agree that their Complaint states a breach of an alleged duty to investigate and that they seek specific performance of this duty. See, e.g., Pl. Opp. 5 (referring to the United States' duty "to provide law enforcement"), 14 (referring to the United States' alleged duty "to prohibit the Navajo DPS from withholding promised employment benefits from Plaintiffs"), 15 (referring to the United States' allegedly "nondelegable duty and Congress' mandate that the 638 Law Enforcement contracts not be carried out at a level lower than it would have cost the B.I.A., had it continued to operate it as a B.I.A. Law Enforcement Department"). This Court cannot grant specific relief, nor can it adjudicate claims sounding in tort. Accordingly, any claim for specific relief must be dismissed, and any claim sounding in tort (by alleging breach of a duty) must also be dismissed. See Massie v. U.S., 226 F.3d 1318, 1321 (Fed. Cir. 2000) (equitable relief generally unavailable in Court of Federal Claims); Matthews v. United States, 72 Fed.Cl. 274, 279 (2006) (tort claims cannot be heard in Court of Federal Claims).

D. This Court Lacks Jurisdiction Over Any Claims More Than Six Years Old

The plaintiffs assert that the continuing claim doctrine applies to their complaint. Be that as it may, even under the continuing claim doctrine, this Court lacks jurisdiction to entertain any claims (continuing or otherwise) that are over six years old. 28 U.S.C. § 2501. As the plaintiffs concede, under the continuing claim doctrine, this Court considers each paycheck a separate wrong giving rise to a separate claim. See Brown Park Estates-Fairfield Dev. Co. v. United

States, 127 F.3d 1449, 1455-56 (discussing the continuing claim doctrine in the context of contractual Tucker Act claims). Accordingly, this Court would apply the statute of limitations to each of these separate claims. See id. Any claim regarding any paycheck prior to March 23, 2001, would therefore be barred. See id.; 28 U.S.C. §2501.

III. The Plaintiffs Waived Their Claims By Failing To Raise Them Earlier

The plaintiffs do not at all address the central question of claim preclusion: whether they could have raised their third party beneficiary claim earlier and failed to do so. Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 368, 1370 (Fed. Cir. 2006) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."). It is clear from the plaintiffs' complaints and their opposition that they could have raised this claim earlier and failed to do so. It is therefore irrelevant that there was no final judgment on the merits on this new third party beneficiary claim. There was a final judgment on the merits on the claims the plaintiffs did bring, and those claims are based on the same transactional facts as this new claim. Res judicata precludes this new claim.

IV. The Additional Relief Sought By Plaintiffs In Their Opposition Should Be Denied

The plaintiffs make several requests of the Court in their opposition, all of which should be denied. In particular, the plaintiffs request the following: (1) the United States be ordered to produce certain documents to the plaintiffs; (2) the Court draw an adverse inference from the United States' failure to produce these documents; and (3) the Court take judicial notice of certain facts not set forth in their complaint.

In their opposition, the plaintiffs "reiterate their demand that defendant be ordered to produce the relevant signed contracts and related documents." Pl. Opp. 7. The United States is unaware of any request to produce documents being served in this matter or any motion to compel the production of documents in this matter. Furthermore, it appears that the plaintiffs themselves already have obtained the 2002 version of the 638 Contract at issue (for law enforcement patrol) as it was produced by the Navajo Nation in the Snyder and in the Henderson litigation. In any event, the United States has attached this 638 Contract to this brief (at A22-70) and has attached the 638 Contracts for law enforcement patrol and criminal investigators from 2007 to this brief (at A71-102 and A103-139, respectively). Review of these contracts in their entirety confirms that the plaintiffs are not intended third-party beneficiaries.

Plaintiffs improperly request that this Court draw an adverse inference from the United States' "failure" to produce documents in this case. Pl. Opp. 8 ("Defendant's failure to produce the contracts and related documents should be construed as an admission of the accuracy of Plaintiffs' factual allegations and the applicability of the cited CFRs."), 24 ("The court should peremptorily rule that the subject 638 Contracts do exist with those terms, strike Defendant's motion and order it to submit any future document with a good faith argument why the stated provisions and accompanying CFR's are not what they say they are."). First, plaintiffs presumably attached to the complaint what they consider the relevant portion of the 638 Contracts. Second, as noted above, contrary to the implication raised by plaintiffs' claim, the plaintiffs already possess a complete copy of the 2002 638 Contract for law enforcement patrol. Finally, as also noted above, no discovery request has been directed at the Government in this case.

Finally, the plaintiffs use their opposition to ask the Court to take judicial notice of certain facts not set forth in their complaint.[6] In particular, the plaintiffs ask the Court to take judicial notice of the following: (1) the alleged fact that the Navajo Nation Division of Public Safety employs over seven hundred personnel, and there are regularly retirements and new employees, Pl. Opp. 9; and (2) the alleged fact that the 638 Contracts have a number of sub-parts, Pl. Opp. 9.[7] The two alleged facts are not set forth in the plaintiffs' complaint, and the documents attached to the "Amended Complaint" were not attached to the plaintiffs' complaint. This Court may take judicial notice only of a fact that:

> is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

FRE 201. A fact must be "generally known" and "indisputable" to qualify for judicial notice. See Murakami v. United States, 398 F.3d 1342, 1355 (Fed. Cir. 2002); Myers Investigative and Security Svcs., Inc. v. United States, 47 Fed. Cl. 288, 297 (2000); Murakami v. United States, 46 Fed. Cl. 731, 739 (2000). The alleged facts regarding the number of employees and the

---

[6] We note that, generally, on a motion to dismiss, the Court does not consider matters outside of the pleadings. The Court can, however, consider matters of public record. Sebastian v. United States, 185 F.3d 1368, 1374 (Fed. 1999).

[7] We understand that the plaintiffs' citations to "Pl. Amd. Compl., Exhibit __" refer to the exhibits attached to the original complaint. Pl. Opp. 8 (explaining that plaintiffs will refer to the "contracts attached to their complaint" in this manner). We note that neither the "Amended Complaint" served on the United States nor that available on the Court's electronic filing system contain any exhibits. To the extent, however, that the plaintiffs seek to have the Court take judicial notice of documents not attached to their original complaint, the United States respectfully requests that this request be denied. In particular, reliance upon the "Amended Complaint" or any documents attached thereto should not be permitted because the "Amended Complaint" was improperly filed. It was filed without consent of the United States or leave of the Court after the United States' motion to dismiss was served. RCFC 15(a).

nature of the 638 Contracts are neither generally known nor indisputable, and therefore inappropriate candidates for judicial notice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the plaintiffs' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
ALTON E. WOODS
Assistant Solicitor
JAMES L. WEINER
Attorney-Advisor
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

September 24, 2007

CERTIFICATE OF FILING

I hereby certify that on this 24th day of September, 2007, a copy of the foregoing "DEFENDANT'S CORRECTED MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah