No. 07-195C
Judge Sweeney

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DARRELL BOYE, et al.,

Plaintiffs,
v.

THE UNITED STATES,

Defendant.

# APPENDIX TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Of Counsel:
ALTON E. WOODS
Assistant Solicitor
JAMES L. WEINER
Attorney-Advisor
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

September 24, 2007

Attorneys for Defendant

## INDEX TO APPENDIX

638 Contract for Law Enforcement Patrol (2002),
produced in Snyder and Henderson litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A22

638 Contract for Law Enforcement Patrol (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A71

638 Contract for Criminal Investigators (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A103

OCG Use:
Date: 11/14/01
Disk: ________
Page: ________

P.O. Drawer "J"
Window Rock, Arizona 86515

SAS № 1693

**SIGNATURE APPROVAL SHEET**

FROM: Div. of Public Safety (Name) Dorothy L. Fulton, AED (Phone No) 6581

DOCUMENT: INTERGOVERNMENTAL RELATIONS COMMITTEE: Approving the reapplication of the NN for respective departments of LE/CIS/CORR to recontract services within P.L. 93-638 for FY'02/'03/'04.

1. Program DATE: 11/14/01
2. Division DATE: 11/14/01
3. Contracts & Grants/OMB DATE: 11/21/01
4. Division of Finance 11/21/01 /Controller : DATE:
5. Department of Justice DATE: 12/6/2001
6. Office of the President DATE: 12/08/01
7. Legislative Counsel : DATE: 12-17-01

RETURN ENTIRE DOCUMENTS TO OFFICE OF CONTRACTS AND GRANTS WHEN SIGNED BY PRESIDENT/VICE PRESIDENT.

*. IGR Chair: DATE 12/17/01
Outcome: Committe Review/Action:
Sign/Date: OCG Final Receipt:

WHITE - President's Office BLUE - OCG YELLOW - Financial PINK - Division / Public Safety

EXHIBIT A

OCG Use:

Date: ________

Disk: ________

Page: ________

RUSH

NAVAJO DIVISION OF PUBLIC SAFETY
P.O. Drawer "J"
Window Rock, Arizona 86515

SAS № 1701

SIGNATURE APPROVAL SHEET

RUSH

ADMINISTRATIVE REVIEW

FROM: Division of Public Safety (Name) D.L. Fulton, AFD (Phone No) 871-6581

DOCUMENT: Review contract CIN00I78084 (LE), CIN00I78085 (CIS), and CIN00I78086 (CORR) for FY'02, FY'03, and FY'04 as approved by IGRD-320-01 and PSCD-24-01 respectively for the Navajo Nation.

| | | | |
|---|---|---|---|
| 1. Program | : [signature] | | DATE: 1/18/02 |
| 2. Division | : [signature] | | DATE: 1/18/02 |
| 3. Contracts & Grants/OMB | : | | DATE: |
| 4. Division of Finance ______/Controller | : | | DATE: |
| 5. Department of Justice | : [signature] | | DATE: 1/15/2002 |
| 6. Office of the President | : Karen Bennally | | DATE: 1-15-02 |
| 7. Legislative Counsel | : | | DATE: |

RETURN ENTIRE DOCUMENTS TO OFFICE OF CONTRACTS AND GRANTS WHEN SIGNED BY PRESIDENT/VICE PRESIDENT.

Outcome: ________________ Committe Review/Action: ________________

Sign/Date: ________________ OCG Final Receipt: ________________

WHITE - President's Office BLUE - OCG YELLOW - Financial PINK - Division / Public Safety

**NAVAJO NATION**

P. O. BOX 9000 • WINDOW ROCK, ARIZONA 86515 • (520) 871-6000

KELSEY A. BEGAYE
PRESIDENT

TAYLOR McKENZIE, M.D.
VICE PRESIDENT

January 22, 2002

# TRANSMITTAL

TO : **Dorothy Smith, Accounting Manager**
Contract Accounting Section, DOF

FROM : **Sonny Clark, Acting Contracting Officer**
Office of Contracts and Grants

**SUBJECT: LAW ENFORCEMENT**

[XX] Division of: **Public Safety**

[XX] Program Name: **Law Enforcement**

[XX] Contract No.: CTN00T78084
Amount: $14,421,563.28
Period From: January 01, 2002 To: December 31, 2002

[ ] NN Match Funds: Amount $________, Account No.

[ ] Modification No.:
[ ] Increase $
[ ] Decrease $________
[ ] Other -

[ ] Budget Period/Time Extension - From:________ To:__________

[XX] Approved / Signed by: [ X ] President - **Kelsey A. Begaye**
[ ] Vice President - **Taylor McKenzie, M.D.**
[ X ] Other – *NRO-BIA*

[XX] Please assign Outside Funded Project Account No. and notify:
**Francis E. Brandley, Acting Chief of Police, DPS**

SC/lvh:

xc: [redacted]is E. Brandley, Acting Chief of Police, DPS
Dorothy Fulton, Acting Division Director, Division of Public Safety
Chrono/File

U. . .d States Department of . .e Interior
BUREAU OF INDIAN AFFAIRS
Navajo Regional Office
P. O. Box 1060
Gallup, New Mexico 87305-1060

IN REPLY REFER TO:

Contract No.: CTN00T78084
Law Enforcement

JAN 17 2002

Mr. Kelsey Begaye

President, The Navajo Nation

Attention: Office of Contracts and Grants

Dear Mr. Begaye:

Enclosed is one (1) signed copy of Contract No. CTN00T78084, for Law Enforcement Services, which was submitted to you on January 11, 2002 and signed on January 15, 2002. The amount of this contract is $14,421,563.28.

Also enclosed are two copies of an Awarding Official's Technical Representative (AOTR) Designation and a Subordinate Awarding Official's Technical Representative (Sub-AOTR) Designation. Please acknowledge receipt on one copy of each designation and return that copy to:

U. S. Department of the Interior
Bureau of Indian Affairs
Navajo Regional Office
Branch of Self-Determination
P. O. Box 1060
Attention: Awarding Official
Gallup, New Mexico 87305-1060

All correspondence regarding this contract must reference the contract number.

Sincerely,

Delores F. Truz [signature]

Awarding Official

Enclosure:

NAVAJO
NATION
P. O. BOX 9000 • WINDOW ROCK, ARIZONA 86515 • (520) 871-6

KELSEY A. BEGAYE
PRESIDENT

TAYLOR McKENZIE,
VICE PRESIDENT

January 14, 2002

U.S. Department of the Interior
BIA-Navajo Regional Office
Branch of Self-Determination
Attention: Delores Torrez
P.O. Box 1060
Gallup, New Mexico 87305

Re: Law Enforcement, Contract No. CTN00T78084
Criminal Investigations, Contract No. CTN00T78085
Corrections, Contract No. CTNT0078086

Dear Ms. Torrez:

Enclosed are three (3) signed copies of Public Law 93-638 contracts for Law Enforcement, Criminal Investigations and Corrections in the amount of $20,029,949 for fiscal year 2002.

Upon review and signature, please provide one (1) fully executed copy of each contract to

Contracting Officer
Office of Contract and Grants, OMB
The Navajo Nation
Post Office Box 646
Window Rock, AZ 86515

Should you require additional information or have any questions, you may call Office of Contract and Grants at (520) 871-6470.

Sincerely,

THE NAVAJO NATION

Kelsey A. Begaye, President
Office of President and Vice President

RECEIVED

Encl.: Contract No. CTN00T8084/5/6
Xc: Dorothy L. Fulton, Acting Division Director, NDPS
Dorothy Smith, Accounting Manager, Contract Accounting Section, DOF
Chrono/File

JAN 17 2002

Awarding Official

Scope of Authority, Duties, and Responsibilities of an Awarding Official's Technical Representative (AOTR) on Contract Number CTN00T78084, Law Enforcement.

Mr. Danny Breuninger, District Commander, District Four (4), Office of Law Enforcement Services

This Memorandum of Designation is to formally appoint you as an Awarding Official's Technical Representative (AOTR) for the term of the cited contract (Sections attached). I shall contact you to discuss your duties and responsibilities as an AOTR and to answer any questions you may have after reading the attached material.

Since this contract is awarded to a tribal organization pursuant to the authority of P.L. 93-638, as the Program Specialist you will serve as primary AOTR pursuant to Bureau policy. Staff persons designated by you (who are knowledgeable in the technical areas covered by this contract) shall serve as SUB-AOTR's and are responsible directly to you for administration of this contract. A Memorandum of Designation should be provided to those persons as well. Your request for a SUB-AOTR designation must be in writing and must identify the specific duties you want performed.

I have discussed your appointment with your immediate supervisor who understands that your AOTR duties will be in addition to your regular Bureau responsibilities.

The duties and responsibility of the AOTR shall include, but are not limited to, the following:

(a) Become thoroughly familiar with the terms and conditions of the contract.

(b) Prepare a plan for monitoring the contract and submit it to the Awarding Official within 45 calendar days of receipt of the designation memorandum.

(c) Recommend resolution of questions of fact with regard to quality and acceptability of work performed when determining compliance with the terms and provisions of the contract.

(d) Advise the tribal organization of any violation of the contract terms and provisions and promptly bring the matter to the attention of the Awarding Official if the tribal organization fails or is unable to correct or stop the violation.

(e) Review any proposed modifications initiated by the tribal organization and furnish recommendations regarding their cost, need, etc.

(f) Maintain a working contract file.

(g) Ensure contract funds are used for the purpose intended, ensure cash on hand is not excessive, ensure that accounting and appropriation data are correct and that all disbursements are properly supported with contracts, purchase orders, invoices, receiving reports and/or inspection reports.

(h) Submit quarterly monitoring reports for the term of the contract and semi-annual monitoring rep .ts for a mature contract.

(i) Review contract progress reports and recommend approval or disapproval to the Awarding Official.

(j) Ensure that all accountable real and personal property purchased with contract funds or provided as Federal Government furnished property are accounted for, tagged and inventoried annually, and ensure that laws, regulations, departmental and Bureau directives are followed in the excess and disposal processes.

(k) The AOTR shall NOT:

(1) Enter into supplemental agreements.

(2) Suspend work or issue change orders.

(3) Grant extensions of time.

(4) Modify the terms or conditions of the contract.

(5) Commit the Federal Government in any manner.

(6) Redelegate your duties and responsibilities.

(7) Make a final decision that is subject to appeal under the dispute clause of the contract.

As the AOTR with responsibility delegated as an agent of the Federal Government, you are to have timely, direct, and free communications with my office on any item pertaining to this contract. Please do not hesitate to contact me by telephone at (505) 863-8227.

A copy of this Memorandum of Designation is being forwarded to your immediate Supervisor, to the contractor, and to your official personnel folder.

I look forward to working with you on administering this contract.

DOLORES F TORREZ

Attachments:

cc: The Navajo Nation
Office of Contracts and Grants
P. O. Box 9000
Window Rock, Arizona 86515 - 2 Copies

ACKNOWLEDGE RECEIPT OF:

NAME: ____________

TITLE: ____________

DATE: 1-22-02

JAN 17 2002

Awarding Official

Scope of Authority, Duties and Responsibilities of a Subordinate-Awarding Official's Technical Representative (Sub-AOTR) on Contract Number CTN00T78084, Law Enforcement Program.

Ms. Michelle Kedelty, Law Enforcement Specialist

This Memorandum of Designation is to formally appoint you as a Subordinate Awarding Official's Technical Representative (Sub-AOTR) for the term of the cited contract.

Since this contract is awarded to a tribal organization pursuant to the authority of P. L. 93-638, you will serve as Sub-AOTR pursuant to Bureau policy. You shall coordinate your activities with Mr. Danny Breuninger, District Commander, District Four (4), the primary Awarding Official's Technical Representative (AOTR).

I have discussed your appointment with your immediate supervisor who understands that your Sub-AOTR duties will be in addition to your regular Bureau responsibilities.

The duties and responsibility of the Sub-AOTR shall include, but are not limited to, the following:

(a) Become thoroughly familiar with the terms and conditions of the contract.

(b) In coordination with the primary AOTR prepare a plan for monitoring the contract and submit it to the Awarding Official within 45 calendar days of receipt of this designation memorandum.

(c) Recommend resolution of questions of fact with regard to quality and acceptability of work performed when determining compliance with the terms and provisions of the contract.

(d) Advise the tribal organization of any violations of the contract terms and provisions and promptly bring the matter to the attention of the Awarding Official if the tribal organization fails or is unable to correct or stop the violation.

(e) In coordination with the primary AOTR, review any proposed modification initiated by the tribal organization and furnish recommendations regarding their cost, need, etc.

(f) Maintain a working contract file.

(g) Ensure contract funds are used for the purpose intended, ensure cash on hand is not excessive, ensure that accounting and appropriation data are correct, and that all disbursements are properly supported by contracts, purchase orders, invoices, receiving reports and/or inspection reports.

(h) Submit quarterly monitoring reports for the term of the grant and semi-annual monitoring reports for mature contracts.

(i) Review contractors progress reports and recommend approval or disapproval to the Awarding Official.

(j) Ensure that all accountable real and personal property purchased with contract funds or provided as Federal Government furnished property are accounted for, tagged and inventoried annually, and ensure that laws, regulations, departmental and Bureau directives are followed in the excess and disposal processes.

(k) The SUB-AOTR shall NOT:

(1) Enter into supplemental agreements.

(2) Suspend work or issue change orders.

(3) Grant extensions of time.

(4) Modify the terms or conditions of the contract.

(5) Commit the Federal Government in any manner.

(6) Redelegate your duties and responsibilities.

(7) Make a final decision that is subject to appeal under the dispute clause of the contract.

As the Sub-AOTR with responsibility delegated as an agent of the Federal Government, you are to have timely, direct, and free communications with my office on any item pertaining to this contract. Please do not hesitate to contact me by telephone at (505) 863-8227.

A copy of this Memorandum of Designation is being forwarded to your immediate Supervisor, to the contractor, and to your official personnel folder.

I look forward to working with you on administering this contract.

DOLORES F TORREZ

cc: The Navajo Nation
Office of Contracts and Grants
P. O. Box 9000
Window Rock, Arizona 86515 - 2 Copies

ACKNOWLEDGE RECEIPT OF:

NAME: ____________________

TITLE: ____________________

DATE: 1-22-02

1. CONTRACT (Proc. Inst. Ident.) NO. CTN00T78084
2. EFFECTIVE DATE Jan J02
3. REQUISITION/PURCHASE REQUEST/PROJECT NO.
4. CERTIFIED FOR NATIONAL DEFENSE UNDER BDSA REG. 2 and/or DMS REG. 1. RATING:

5. ISSUED BY CODE
U.S. Department of the Interior
Bureau of Indian Affairs
Navajo Regional Office

6. ADMINISTERED BY (If other than block 5) CODE
BIA-Navajo Regional Office
Branch of Self-Determination
P. O. Box 1060
Gallup, New Mexico 87305-1060

7. DELIVERY
☐ FOB DESTINATION
☒ OTHER (See below)

8. CONTRACTOR CODE NAME AND ADDRESS (Street, city, county, State, and ZIP code)
The Navajo Nation
Office of Contracts and Grants
P. O. Box 9000
Window Rock, Arizona 86515

"Law Enforcement"

Facility Code

9. DISCOUNT FOR PROMPT PAYMENT

10. SUBMIT INVOICES (4 copies unless otherwise specified) TO ADDRESS SHOWN IN BLOCK ___

11. SHIP TO/MARK FOR CODE

12. PAYMENT WILL BE MADE BY CODE
BIA-Navajo Regional Office
Branch of Finance - PO Box 1060
Gallup, New Mexico 87305-1060

13. THIS PROCUREMENT WAS ☐ ADVERTISED ☒ NEGOTIATED PURSUANT TO: ☐ 10 U.S.C. 2304 (a)( ) ☒ 41 U.S.C. 252 (c)( ) P.L. 93-638

14. ACCOUNTING AND APPROPRIATION DATA
KLM016 2002/2003 37730 25.2I

| 15. ITEM NO. | 16. SUPPLIES/SERVICES | 17. QUANTITY | 18. UNIT | 19. UNIT PRICE | 20. AMOUNT |
|---|---|---|---|---|---|
| | COST-REIMBURSEMENT NO FEE CONTRACT<br><br>Provide Law Enforcement Services on The Navajo Reservation. Services to be provided in accordance with Resolutions, The Model Contract provisions, Annual Funding Agreement, Scope of Work and Budget, which are attached and made a part of this contract. | | | | NOT TO EXCEED<br><br>$14,421,563.28 |

21. TOTAL CONTRACT AMOUNT $14,421,563.28

CONTRACTING OFFICER WILL COMPLETE BLOCK 22 OR 26 AS APPLICABLE

22. ☒ CONTRACTOR'S NEGOTIATED AGREEMENT (Contractor is required to sign this document and return 3 copies to issuing office.) Contractor agrees to furnish and deliver all items or perform all the services set forth or otherwise identified above and on any continuation sheets for the consideration stated herein. The rights and obligations of the parties to this contract shall be subject to and governed by the following documents: (a) this award/contract, (b) the solicitation, if any, and (c) such provisions, representations, certifications, and specifications, as are attached or incorporated by reference herein. (Attachments are listed herein.)

26. ☐ AWARD (Contractor is not required to sign this document.) Your Offer on Solicitation Number ___, including the additions or changes made by you which additions or changes are set forth in full above, is hereby accepted as to the items listed above and on any continuation sheets. This award consummates the contract which consists of the following documents: (a) the Government's solicitation and your offer, and (b) this award/contract. No further contractual document is necessary.

23. NAME OF CONTRACTOR
BY [signature]
(Signature of person authorized to sign)

27. UNITED STATES OF AMERICA
BY [signature] Dolores F. Torrez
(Signature of Contracting Officer)

24. NAME AND TITLE OF SIGNER (Type or Print)
Kelsey A. Begaye, President

25. DATE SIGNED
1-15-02

28. NAME OF CONTRACTING OFFICER (Type or Print)
Dolores F. Torrez, Awarding Official
BIA-2001-L1-000001

29. DATE SIGNED
JAN 17 2002

*U.S. GOVERNMENT PRINTING OFFICE: 1981 0 - 341-526 (7079)

IGRD-320-01

# RESOLUTION OF THE INTERGOVERNMENTAL RELATIONS COMMITTEE OF THE NAVAJO NATION COUNCIL

Approving the Re-application of the Navajo Nation For the Respective Departments of Law Enforcement, Criminal Investigation, and Corrections to Re-contract Services Within Public Law 93-638, as Amended, For Fiscal Years 2002, 2003 and 2004, Pursuant to the Self-Determination and Education Assistance Act and 25 C.F.R. Part 900

**WHEREAS:**

1. Pursuant to 2 N.N.C. §821, the Intergovernmental Relations Committee of the Navajo Nation Council is established as a standing committee of the Navajo Nation Council; and

2. Pursuant to 2 N.N.C. §822(A), the Intergovernmental Relations Committee of the Navajo Nation Council coordinates all federal, county and state programs with other standing committees and branches of the Navajo Nation government to provide the most efficient delivery of services to the Navajo Nation; and

3. Pursuant to 2 N.N.C. §824(B)(4), the Intergovernmental Relations Committee of the Navajo Nation Council is authorized to review, approve and accept any and all contracts, grants and associated budgets with the United States, its departments and agencies, for the implementation of the Indian Self-Determination and Education Assistance Act, as amended upon the recommendation of the standing committee which has oversight of the division, department or program applying for the contract and/or grant; and

4. The Navajo Nation has contracted the Bureau of Indian Affairs services in accordance with Public Law 93-638, as amended, 25 C.F.R. Part 900, and current contracts for the Navajo Department of Law Enforcement (CTNOOT78070), Department of Criminal Investigations (CTNOOT78071) and Department of Corrections (CTNOOT78072) will expire on December 31, 2001; and

5. The Navajo Nation Department of Law Enforcement, Department of Criminal Investigations, and Department of Corrections have prepared applications (Model Contract, Annual Funding Agreements – "AFA", Statement of Work, and Budget Summary), Exhibits "A", "B" and "C", respectively, for submission to the Bureau of Indian Affairs for Calendar Year 2002; and

6. The applications and the resulting contracts will take advantage of the flexibility and provisions of the 1994 amendment to Public Law 93-638 contained in Public Law 103-413; and

7. Because of uncertainty of federal appropriations, it is not absolutely possible to determine the funding for these proposed Public Law 93-638 contracts, and further negotiations with the Bureau of Indian Affairs may be necessary on the Statements of Work and Annual Funding Agreements; and

8. The Intergovernmental Relations Committee of the Navajo Nation Council, upon review and discussions, deems it in the best interest of the Navajo Nation to approve the applications and the resulting contracts for the Department of Law Enforcement, Department Criminal of Investigations and Department of Corrections; and

9. The Public Safety Committee of the Navajo Nation Council, by Resolution PSCD-24-01, attached hereto as Exhibit "D", approved and recommended to the Intergovernmental Relations Committee of the Navajo Nation Council the approval of the applications and the resulting Contracts.

**NOW THEREFORE BE IT RESOLVED THAT:**

1. The Intergovernmental Relations Committee of the Navajo Nation Council hereby approves the re-application of the Navajo Nation for the respective departments of Law Enforcement, Criminal Investigations and Corrections to re-contract services within Public Law 93-638, as amended, for Fiscal Years 2002, 2003 and 2004, pursuant to the Self-Determination and Education Assistance Act and 25 C.F.R. Part 900, attached hereto and incorporated herein as Exhibits "A", "B" and "C", respectively.

2. The Intergovernmental Relations Committee of the Navajo Nation Council also authorizes the Navajo Division of Public Safety, Departments of Law Enforcement, Criminal Investigations and Corrections to conduct negotiations and finalize respective Public Law 93-638 contracts, model contracts, scope of work, annual funding agreements and annual budgets.

3. The Intergovernmental Relations Committee of the Navajo Nation Council hereby authorizes the President of the Navajo Nation to execute the application and the resulting contracts and annual funding agreements on behalf of the Navajo Nation, pursuant to 2 N.N.C. §222(A)(1).

**CERTIFICATION**

I hereby certify that the foregoing resolution was duly considered by the Intergovernmental Relations Committee of the Navajo Nation Council at a duly called meeting at Window Rock, Navajo Nation (Arizona), at which a quorum was present and that same was passed by a vote of 6 in favor, 1 opposed, and 1 abstained, this 28th day of December, 2001.

Edward T. Begay, Chairperson
Intergovernmental Relations Committee

Motion: Alfred Yazzie
Second: Harrison Plummer

**RESOLUTION OF THE
PUBLIC SAFETY COMMITTEE OF THE
NAVAJO NATION COUNCIL**

**Recommending that the Intergovernmental Relations Committee of the Navajo Nation Council Approve the Re-application of the Navajo Nation for Corrections to Re-contract Services within Public Law 93-638, as amended, for Fiscal Years 2002, 2003, and 2004 Pursuant to the Self-Determination and Education Assistance Act and 25 C.F.R. Part 900**

**WHEREAS:**

1. Pursuant to 2 N.N.C. §§661 and 662 (C), the Public Safety Committee is established as a standing committee of the Navajo Nation Council and promotes the efficient operation of public safety on the Navajo Nation; and

2. Pursuant to 2 N.N.C. §664, (B), (2) and (5), the Public Safety Committee of the Navajo Nation Council is empowered to coordinate all law enforcement activities of the Navajo Nation and its enterprises, as well as those activities of federal, state and regional agencies and serve as legislative oversight authority for the Navajo Division of Public Safety; and

3. The Public Safety Committee of the Navajo Nation Council is authorized to recommend contracts or grants within its area of oversight to the Intergovernmental Relations Committee, pursuant to 2 N.N.C. §185 (B) (1), and is therefore authorized to recommend approval and acceptance of Indian Self-determination and Education Assistance Act (Public Law 93-638, as amended) Contracts; and

4. The Navajo Nation has contracted the Bureau of Indian Affairs services in accordance with Public Law 93-638, as amended, 25 C.F.R. part 900, and current contracts for the Navajo Department of Law Enforcement (CTN00T78070), Department of Criminal Investigations (CTN00T78071) and Department of Corrections (CTN00T78072) will expire on December 31, 2001; and

5. The Navajo Nation Department of Law Enforcement, Department of Criminal Investigations, and Department of Corrections have prepared three (3) Applications (Model Contract, Annual Funding Agreements - "AFA", Statement of Work,

CERTIFICATION

I certify that the foregoing resolution was duly considered by the Public Safety Committee of the Navajo Nation Council at a duly called meeting in Window Rock, Navajo Nation (Arizona), at which a quorum was present and that the same was passed by a vote of 5 in favor, 0 opposed and 0 abstained, this 17th day of December, 2001.

Edison J. Wauneka, Chairperson
Public Safety Committee

Motion: Harry Williams
Second: Harry Clark

# EXHIBIT "A"

## LAW ENFORCEMENT

84

Contract Number CTN00T78070

Model Contract, Annual Funding Agreement, Scope of Work and Budget for FY'2002

**AGREEMENT BETWEEN THE SEC__TARY OF THE DEPARTMENT OF THE INTERIOR AND THE NAVAJO NATION**

**A. Authority and Purpose**

**1. Authority**

This agreement, denoted a Self-Determination Contract (referred to in this agreement as the "Contract"), is entered into by the Secretary of the Interior or the Secretary of Health and Human Services (referred to in this agreement as the "Secretary"), for and on behalf of the United States pursuant to Title I of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450, et seq.) and by the authority of the Navajo Nation (referred to in this agreement as the "Contractor"). The provisions of Title I of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450, et seq.) are incorporated in this agreement.

**2. Purpose**

Each provision of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450, et seq.) and each provision of this Contract shall be liberally construed for the benefit of the Contractor to transfer the funding and the following related functions, services, activities and programs (or portions thereof), that are otherwise contractible under Section 102(a) of such Act, including all related administrative functions, from the Federal Government to the Contractor: **Law Enforcement Patrol**.

**B. Terms, Provisions and Conditions**

**1. Term**

Pursuant to Section 105(c)(I) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(c)(1)),

the term of th contract shall be 3 (three) years. Pursuant to Section 105(d)(1) of such Act (25 U.S.C. 450j(d), upon the election by the Contractor, the period of this Contract shall be determined on the basis of a calendar year, unless the Secretary and the Contractor agree on a different period in the annual funding agreement incorporated by reference in subsection (F)(2).

**2. Effective Date**

This Contract shall become effective upon the date of the approval and execution by the Contractor and the Secretary, unless the Contractor and the Secretary agree on an effective date other than the date specified in this paragraph.

**3. Program Standards**

The Contractor agrees to administer the program, services, functions and activities (or portions thereof) listed in subsection (A)(2) of the Contract in conformity with the following standards: Navajo Nation laws, federal laws (including the Indian Civil Rights Act), Navajo Nation General Orders, 25 C.F.R. Part 12, 68 BIAM, and applicable U.S. Attorney Guidelines. **The Secretary shall provide copies of all Bureau of Indian Affairs manuals, federal laws and regulations, as well as any updates, used as standards within this Contract.** The procedures contained within this Contract supersede any conflicting Bureau procedures. **In the event the Bureau updates its procedures, the Contractor will have 120 days to review these updated procedures and, at the Contractor's option, request a waiver before these updated procedures become applicable to this Contract.**

4. **Fund. J Amount**

Subject to the availability of appropriations, the Secretary shall make available to the Contractor the total amount specified in the annual funding agreement incorporated by reference in subsection (F)(2). Such amount shall not be less than the applicable amount determined pursuant to Section 106(a) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j-1).

5. **Limitation of Costs**

The Contractor shall not be obligated to continue performance that requires an expenditure of funds in excess of the amount of funds awarded under this Contract. If, at any time, the Contractor has reason to believe that the total amount required for performance of this Contract or a specific activity conducted under this Contract would be greater than the amount of funds awarded under this Contract, the Contractor shall provide reasonable notice to the appropriate Secretary. If the appropriate Secretary does not take such action as may be necessary to increase the amount of funds awarded under this Contract, the Contractor may suspend performance of the Contract until such time as additional funds are awarded.

6. **Payment**

A. In general - Payments to the Contractor under this Contract shall:

(i) be made as expeditiously as practicable; and

(ii) include financial arrangements to cover funding during periods covered by joint

resolutions adopted by Congress making continuing appropriations, to the extent permitted by such resolutions.

B. Quarterly, semi-annual, lump-sum, and other methods of payment:

(i) In general - Pursuant to Section 108(b) of the Indian Self-Determination and Education Assistance Act, and notwithstanding any other provision of law, for each fiscal year covered by this Contract, the Secretary shall make available to the Contractor the funds specified for the fiscal year under the annual funding agreement incorporated by reference pursuant to subsection (F)(2) by paying to the Contractor, on a quarterly basis, one-quarter of the total amount provided for in the annual funding agreement for that fiscal year, in a lump-sum payment or as semi-annual payments, or any other method of payment authorized by law, in accordance with such method as may be requested by the Contractor and specified in the annual funding agreement; and

(ii) Method of quarterly payment - If quarterly payments are specified in the annual funding agreement incorporated by reference pursuant to subsection (F)(2), each quarterly payment made pursuant to clause (i) shall be made on the first day of each quarter of the fiscal

year, except that in any case in which the Contract year coincides with the Federal fiscal year, payment for the first quarter shall be made not later than the date that is 10 calendar days after the date on which the Office of Management and Budget apportions the appropriations for the fiscal year for the programs, services, functions and activities subject to this Contract; and

(iii) Applicability - Chapter 39 of Title 31, United States Code, shall apply to the payment of funds due under this Contract and the annual funding agreement referred to in clause (i).

7. **Records and Monitoring**

A. In general - Except for previously provided copies of tribal records that the Secretary demonstrates are clearly required to be maintained as part of the recordkeeping system of the Department of the Interior or the Department of Health and Human Services (or both), records of the Contractor shall not be considered Federal records for purposes of Chapter 5 of Title 5, United States Code.

B. Recordkeeping System - The Contractor shall maintain a recordkeeping system and, upon reasonable advance request, provide reasonable access to such records to the Secretary.

C. Responsibilities of Contractor - The Contractor shall be responsible for managing the day-to-day operations conducted under this Contract and for monitoring activities conducted under this Contract to ensure compliance with the

contract and applicable Federal requirements. With respect to the monitoring activities of the Secretary, the routine monitoring visits shall be limited to not more than one performance monitoring visit for this Contract by the head of each operating division, departmental bureau, or departmental agency, or duly authorized representative of such head unless:

(i) the Contractor agrees to one or more additional visits; or

(ii) the appropriate official determines that there is reasonable cause to believe that grounds for reassumption of the Contract, suspension of Contract payments, or other serious Contract performance deficiency may exist.

No additional visit referred to in clause (ii) shall be made until such time as reasonable advance notice that includes a description of the nature of the problem that requires the additional visit has been given to the Contractor.

8. **Property**

A. In general - As provided in Section 105(f) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(f)), at the request of the Contractor, the Secretary may make available, or transfer to the Contractor, all reasonably divisible real property, facilities, equipment, and personal property that the Secretary has used to provide or administer the programs, services, functions, and activities covered by this Contract. A mutually agreed upon list specifying the property, facilities, and equipment so furnished shall also be prepared by the Secretary,

with the concu ence of the Contractor, an periodically revised by the Secretary, with the concurrence of the Contractor.

B. Records - The Contractor shall maintain a record of all property referred to in subparagraph (A) or other property acquired by the Contractor under Section 105(f)(2)(A) of such Act for purposes of replacement.

C. Joint Use Agreements - Upon the request of the Contractor, the Secretary and the Contractor shall enter into a separate joint use agreement to address the shared use by the parties of real or personal property that is not reasonably divisible.

D. Acquisition of Property - The Contractor is granted the authority to acquire such excess property as the Contractor may determine to be appropriate in the judgment of the Contractor to support the programs, services, functions, and activities operated pursuant to this Contract.

E. Confiscated or Excess Property - The Secretary shall assist the Contractor in obtaining such confiscated or excess property as may become available to tribes, tribal organizations, or local governments.

F. Screener Identification Card - A screener identification card (General Services Administration form numbered 2946) shall be issued to the Contractor not later than the effective date of this Contract. The designated official shall, upon request, assist the Contractor in securing the use of the card.

G. Capital Equipment - The Contractor shall determine the capital equipment, leases, rentals, property, or services the

Contractor requires to perform the obligations of the Contractor under this subsection, and shall acquire and maintain records of such capital equipment, property rentals, leases, property, or services through applicable procurement procedures of the Contractor.

9. **Availability of Funds**

Notwithstanding any other provision of law, any funds provided under this contract.

A. shall remain available until expended; and

B. with respect to such funds, no further:

(i) approval by the Secretary, or

(ii) justifying documentation from the Contractor,

shall be required prior to the expenditure of such funds.

10. **Transportation**

Beginning on the effective date of this Contract, the Secretary shall authorize the Contractor to obtain interagency motor pool vehicles and related services for performance of any activities carried out under this Contract.

11. **Federal program guidelines, manuals, or policy directives**

Except as specifically provided in the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450, et seq.) the Contractor is not required to abide by program guidelines, manuals, or policy directives of the Secretary, unless otherwise agreed to by the Contractor and the Secretary, or otherwise required by law.

**12. Disp[illegible]es**

A. Third-Party Mediation Defined - For the purposes of this Contract, the term 'third-party mediation' means a form of mediation whereby the Secretary and the Contractor nominate a third party who is not employed by or significantly involved with the Secretary of the Interior, the Secretary of Health and Human Services, or the Contractor, to serve as third-party mediator to mediate disputes under this Contract.

B. Alternative Procedures - In addition to, or as an alternative to, remedies and procedures prescribed by Section 110 of the Indian-Self-Determination and Education Assistance Act (25 U.S.C. 450m-1), the parties to this Contract may jointly:

(i) submit disputes under this Contract to third-party mediation; and

(ii) submit the dispute to the adjudicatory body of the Contractor, including the tribal court of the Contractor; and

(iii) submit the dispute to mediation processes provided for under the laws, policies, or procedures of the Contractor; or

(iv) use the administrative dispute resolution process authorized in subchapter IV of Chapter 5, Title 5, United States Code.

C. Effect of Decisions - The Secretary shall be bound by decisions made pursuant to the procedures set forth in subparagraph (B), except that the Secretary shall not be bound by any decision that significantly conflicts with the interests of

Indians or the United States.

13. **Administrative Procedures of Contractor**

Pursuant to the Indian Civil Rights Act of 1968 (25 U.S.C. 1301, et seq.), the laws policies, and procedures of the Contractor shall provide for administrative due process (or the equivalent of administrative due process) with respect to programs, services, functions, and activities that are provided by the Contractor pursuant to this Contract.

14. **Successor Annual Funding Agreement**

A. In general - Negotiations for a successor annual funding agreement, provided for in subsection (F)(2), shall begin not later than 120 days prior to the conclusion of the preceding annual funding agreement. Except as provided in Section 105(c)(2) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450(c)(2)), the funding for each successor annual funding agreement shall only be reduced pursuant to Section 106(b) of such Act (25 U.S.C. 450j-1(b)).

B. Information - The Secretary shall prepare and supply relevant information, and promptly comply with any request by the Contractor for information that the Contractor reasonably needs to determine the amount of funds that may be available for a successor annual funding agreement, as provided for in subsection (F)(2) of this Contract.

15. **Contract Requirements, Approval by Secretary**

A. In general - Except as provided in subparagraph (B), for the term of the contract Section 2103 of the Revised Statutes (25 U.S.C. 81) and Section 16 of the Act of June 18, 1934 (48 Stat.