shares do not reflect Central Office or Regional Area shares which the Navajo Nation has included in other Fiscal Year 2007 Pub. L. 93-638, as amended, contracts.

**D. CONTRACT SUPPORT FUNDS**

The Navajo Nation shall be entitled to contract support funds to the full extent specified in Section 106 (a)(2) of the ISDA, as amended, and related provisions. It is understood by the parties that full contract support funds may not be initially available to the Navajo Nation. However, upon becoming available by Congressional appropriation or through the identification of appropriate budget savings from Contract Support Cost line items, the Navajo Nation shall participate in the distribution of those shortfall funds. If, during the term of this AFA, it is not possible to pay all contract support amounts, DOI shall make a good faith effort, subject to applicable law, to identify funds or to obtain an appropriation to address this shortfall.

1. **Direct Contract Support**

In addition to the amount in paragraphs D. 2 and 3 of this AFA, the Navajo Nation shall receive direct contract support costs pursuant to Section 106(a)(2) of the ISDA, as amended. The amount of direct contract support costs are subject to negotiation between the Navajo Nation and DOI. To the extent that DOI does not receive sufficient appropriations to fully fund the amount of direct contract support costs that would otherwise be available under Section 106(a)(2) of the ISDA, as amended, DOI shall report such shortfall to Congress pursuant to the requirements of Section 106(c)(2) of the ISDA, as amended, and simultaneously provide the Navajo Nation with such report. DOI shall pay any shortfalls in direct contract support when, and to the extent such shortfall funds are appropriated by Congress.

2. **Indirect Costs**

In addition to the amount identified in paragraphs B, C, and D(1) of this AFA, the Navajo Nation shall receive indirect costs applicable to the period covered by this AFA as determined pursuant to the applicable Indirect Cost Agreement, negotiated between the Navajo Nation and its cognizant agent. To the extent that DOI does not receive sufficient appropriations to fully fund the amount of indirect costs that would otherwise be available under Section 106(a)(2) of the ISDA, as amended, DOI shall report such shortfall to Congress pursuant to the requirements of Section 106(c)(2) of the ISDA, as amended, and

simultaneously provide the Navajo Nation with such report. DOI shall pay any shortfalls in indirect costs when, and to the extent, such shortfall funds are appropriated by Congress. In no event does the Navajo Nation waive its right to recover 100% of the indirect costs associated with this AFA.

E. **PRE-AWARD COSTS**

Any costs the Navajo Nation incurs with respect to the performance of the Contract and this AFA before the award date or effective date of this AFA may be paid with funding under this AFA to the extent (a) that such costs are otherwise reasonable, allowable and allocable to performance of the attached Scope of Work, and (b) that the Nation informed BIA of costs consistent with Section 106 (a) (6) of the ISDA, as amended, if this AFA covers the initial year of a contract.

F. **PROGRAM BUDGET.**

The budget for the services provided under this AFA reflects the agreements reached during negotiations and is attached as Attachment B, which is incorporated herein by reference.

1. The Navajo Nation shall request prior approval from the Awarding Official for budget revisions whenever:

   a. The budget revision results from changes in the scope or stated objective of the program;
   b. The revision requires additional funding;
   c. The revision causes an increase in the amount of indirect cost for the Contract, or;
   d. The revision pertains to the addition of items requiring approval of the BIA under the ISDA, as amended, or 25 CFR Part 900.

2. All other budget revisions do not require BIA approval, including prior year savings attributable to operations of the program.

G. **AVAILABILITY OF FUNDS**

1. All funding under this AFA is subject to the availability of Congressional appropriations. Funding under this AFA may be reduced only according to the provisions of

Section 106(b) of the ISDA, as amended. No legal liability by the Federal government for any payment may arise until funds are made available to the BIA Awarding Official for the Contract.

2. In the event that funding of this AFA is reduced because of Congressional action, the Navajo Nation retains the option to renegotiate the Scope of Work contained in Exhibit A of this AFA, consistent with section B(5) of the Contract.

3. To the extent that any shortfalls exist in funding, contract support or otherwise, owed to the Navajo Nation, the DOI and BIA shall make a good faith effort, subject to applicable law, to identify funds or to obtain an appropriation to address this shortfall. DOI will report such shortfalls to Congress, and simultaneously provide the Navajo Nation with such report.

4. Nothing in this AFA shall be deemed a waiver of any right the Navajo Nation may have under the Act to receive 100% of its funding, contract support or otherwise, as determined under Section 106 of the ISDA, as amended.

## H. APPLICABLE LAW

In the performance of the Contract and this AFA, the Navajo Nation agrees to comply with all expressly applicable Federal laws, regulations and executive orders, including the Drug-Free Workplace Act of 1988 (Pub. L. 100-689), and all applicable Navajo Nation laws, regulations and executive orders. The parties shall renegotiate and modify the language of this AFA to conform to any applicable federal and Navajo Nation laws, regulations or executive orders which are passed after the effective date of this AFA. The BIA shall inform the Navajo Nation, in writing, of all existing federal laws, regulations and executive orders it believes apply to this AFA within 30 days of execution. The BIA shall inform the Navajo Nation, in writing, of all newly enacted or amended federal laws, regulations and executive orders it believes apply to this AFA within 30 days of adoption.

## I. MANAGEMENT SYSTEMS

The Navajo Nation shall maintain management systems consistent with requirements of the ISDA, as amended, and 25 CFR Part 900. The BIA has on file the most recent versions of the following Navajo Nation management system Policies and Procedures:

i. Navajo Nation Personnel Policies Manual.
ii. Navajo Nation Employees Travel Policies and Procedures Handbook.
iii. Property Management Policy.
iv. Navajo Nation Procurement Rules and Regulations.

The Navajo Nation agrees to provide copies of the of the following management system Policies and Procedures Manuals, within 90 days of final adoption by the responsible oversight committees:

i. Recordkeeping Policies
ii. Finance and Accounting Policies

### 1. Accounting/Financial System

The Navajo Nation shall maintain a fiscal accounting system which will provide accurate, current and complete information with respect to the Contract and this AFA in such a manner as to facilitate audit and review of the financial records consistent with federal statutory and regulatory requirements.

The Navajo Nation shall provide certification by a licensed accountant that the bookkeeping and accounting procedures that the tribal organization presently uses meets the standards of 25 CFR Part 900, Subpart F. The Navajo Nation has submitted the certification and it is on file at the BIA, Navajo Regional Office.

### 2. Personnel Management

Unless otherwise stated in this AFA or through an approved and executed Intergovernmental Personnel Agreement, all personnel employed by the Navajo Nation to carry out the Contract and this AFA shall meet the qualifications set forth by the Navajo Nation Department of Personnel Management and all personnel employed by the Navajo Nation under this AFA will adhere to applicable Navajo Nation personnel policies and procedures including sick leave, holidays, pay schedules and pay tables.

3. **Records System**

a. The Navajo Nation agrees to keep such records as required pursuant to Section 108(c)(b)(7)(A) of the ISDA, as amended; to make reports required by Section 5(a)(1) and (2) of the ISDA, as amended; and to make such information and reports available to the Indian beneficiaries as required by Section 5(c) of the ISDA, as amended. The Navajo Nation shall maintain a recordkeeping system that will allow for the maintenance of records to facilitate retrocession or reassumption of the Contract. Such records system, at a minimum, shall:

1) Provide for the creation, maintenance and safeguarding of records of lasting value, including those involving individual rights.

2) Provide for orderly retirement of records used or created under the Contract. Such records shall be returned to the BIA for disposition according to the General Records Schedules and the BIA Records Control Schedule.

b. When the Navajo Nation operates a system of records to accomplish a BIA function, the Navajo Nation shall comply with the Navajo Nation Privacy and Access to Information Act, 2 N.N.C. section 81, et seq..

c. The Navajo Nation shall make all reports and information concerning the Contract available to the Indian beneficiaries that the Contract serves or represents pursuant to the provisions of the Navajo Nation Privacy and Access to Information Act, 2 N.N.C. Section 81 et seq.

J. EXAMINATION OF RECORDS.

1. The Navajo Nation agrees to maintain books, records, documents and other evidence pertaining to the costs and expenses of the Contract (hereinafter collectively called "records") to the extent and in such detail as will properly reflect all net costs,

direct and indirect, of labor, materials, equipment, supplies and services, and other costs of whatever nature for which expenditure, payment or reimbursement is claimed under the provisions of the Contract or this AFA.

2. The Navajo Nation agrees to make available at the Navajo Nation offices at all reasonable times during the time period of the Contract and this AFA below any of the records, with reasonable advance notice, for inspection, audit or reproduction by any authorized representative of the Comptroller General or the Secretary of Interior as required under the ISDA, as amended, and applicable federal regulations..

3. Pursuant to Section (b)(7) of the Contract, the Navajo Nation shall preserve and make available its records related to the Contract and this AFA:

a. Until the expiration of the earlier of three years from the date of final payment under the Contract or the time period for the particular records specified in Part 1-20 of the Federal Procurement Regulations.

b. If the Contract is completely or partially cancelled, the records relating to the work terminated shall be preserved and made available for a period of three years from the date of any resulting final settlement.

4. Records which relate to appeals under the Section (b)(12), Disputes, of the Contract; litigation or the settlement of claims arising out of the performance of the Contract; or costs and expenses of the Contract as to which exception has been taken by the Awarding Official or any of his duly authorized representatives, shall be retained until such appeals, litigation, claims or exceptions have been disposed of.

5. Except for documentary evidence required under paragraph 4 above, the Navajo Nation may in fulfillment of its obligation to retain records substitute photographs, microphotographs, or other authentic reproductions or such records, after the expiration of 2 years following the last day of the month of payment or reimbursement to the Navajo Nation of the invoice or voucher to which such records relate, unless a shorter period is

authorized by the Awarding Official with the concurrence of the Comptroller General or his duly authorized representative.

6. The provisions of this paragraph (J) shall be applicable to each subcontract hereunder which is on a cost; cost-plus-a-fixed-fee, time-and-material or labor-hour basis.

7. The Navajo Nation further agrees to include in each of its subcontracts hereunder a provision to the effect that the sub-Contractor agrees that the Comptroller General, the Secretary of the Interior, the Awarding Official, and the Tribal Contracting Officer, or any of their duly authorized representatives, shall, until the expiration of 3 years after final payment under the subcontract, or of the time periods for the particular records specified in Part 1-20 of the Federal Procurement Regulations, whichever expires earlier, have access to and the right to examine any directly pertinent books, documents, papers, and records of such sub-Contractor, involving transactions related to the sub-Contract. The term "sub-Contract" as used in this paragraph only, excludes:

i. Purchase orders not exceeding $10,000; and

ii. Sub-Contracts or purchase orders for public utility services at rates established for uniform applicability to the general public.

## K. NAVAJO PREFERENCE

Consistent with Section 7 (B) of the ISDA, as amended, the Navajo Nation Business Opportunity Act, 5 N.N.C. Section 201, et seq., and the Navajo Preference in Employment Act, 15 N.N.C. Section 601, et seq., shall apply to the administration of the Contract and this AFA.

## L. REPORTS

During the course of this AFA, the Navajo Nation shall submit the following reports:

1. **Financial Status Report** *(SF-269A)*. The Navajo Nation agrees to submit an original annual SF-269A report to the Awarding Official. This report shall be used to

monitor expenditures incurred during annual operations. The SF-269A shall be submitted with the Annual Report 120 days after closure of each contract funding period.

2. **Annual Report.** The Navajo Nation agrees to submit the brief Annual Report to the Awarding Official 120 days after closure of each contract funding period. The report shall describe the conduct of the program and activities in:

a. Accomplishments of the program objectives;
b. Description of any significant problems encountered; and
c. Any changes required to the Contract and/or Scope of Work.

The Awarding Official Representative (AOR) will notify the Navajo Nation of delinquent report(s) and suggest the due date that the BIA must receive the delinquent report(s). If the Navajo Nation fails to submit the overdue report(s) by the established deadline, the AOR will notify the Awarding Official and recommend corrective action. A copy of such recommendation shall be provided to the Navajo Nation. The Awarding Official will than take appropriate action, consistent with the ISDA, as amended, to ensure that the Navajo Nation complies with the terms and conditions of the Contract and this AFA.

3. **Additional Reports.** Any additional reports required by law to be submitted beyond the Financial Status Report and Annual Report identified above shall be negotiated between the parties and delineated in Attachment C, which is incorporated herein by reference.

**M. <u>SINGLE AUDIT REQUIREMENTS</u>**

1. The Navajo Nation shall comply with the Single Audit Act Amendment of 1996, 31 U.S.C. 7501 <u>et seq</u>., and agrees to arrange for an annual single organization-wide audit as prescribed by the ISDA, as amended; the Single Audit Act Amendment of 1996, 31 U.S.C. 7501 <u>et seq</u>.; Office of Management and Budget (OMB) Circular No. A-133 and 43 CFR Part 12.

2. If the Navajo Nation fails to comply with the requirements for obtaining audits according to the Single Audit Act Amendment of 1996, the BIA may take actions as

appropriate given the circumstances and as allowed pursuant to Subpart B § __.225 of the OMB Circular No. A-133.

3. In addition to the submission requirements of the Single Audit Act Amendment of 1996, the Navajo Nation shall send two copies of its Single Audit Reports to the Office of Audit and Evaluation and Federal Audit Clearinghouse to meet the reporting requirements of the ISDA, as amended. The address is:

Office of Audit and Evaluation and
U.S. Department of the Interior
Ely Parker Building
2051 Mercator Drive
Reston, VA. 20191

Federal Audit Clearinghouse
1201 E. 10th Street
Jeffersonville, IN 47132

## N. TECHNICAL ASSISTANCE AND MONITORING

1. The BIA will expeditiously provide special technical assistance to assist the Navajo Nation to successfully operate the program under the Contract and this AFA.

2. The Awarding Official and Awarding Official Technical Representative (AOTR) will monitor the submission of annual reports required under the Contract and the ISDA, as amended.

3. The BIA will provide monitoring services to ensure compliance with the terms of the Contract and this AFA. This monitoring function will include:

a. One annual evaluation (Monitoring Session) by the Navajo Region, Branch of Indian Self-Determination Office program and the Awarding Official and AOTR. This visit shall be scheduled in advance as prescribed in Section (b)(7)(C) of the Contract. During the Monitoring Session, the Navajo Region, Branch of Indian Self-Determination and the Awarding Official will review records, speak to the Program Director and staff and inspect premises to determine compliance with the Contract and this AFA.

b. Additional visits beyond the Monitoring Session shall only occur when requested by the Navajo Nation or when the Awarding Official determines that

there is reasonable cause to believe that grounds for reassumption of the Contract, suspension of contract payments, or that other serious Contract performance deficiency may exist in accordance with Section (b)(7)(C) of the Contract. Such visits shall be scheduled in advance as prescribed in Section (b)(7)(C) of the Contract.

## O. FEDERAL TORT CLAIMS ACT

1. For purposes of Federal Tort Claims Act coverage, the Navajo Nation and its employees are deemed to be employees of the Federal government while performing work under the contract. This status is not changed by the source of the funds used by the Navajo Nation to pay the employees salary and benefits unless the employee receives additional compensation for performing covered services from anyone other than the Navajo Nation.

2. In accordance with the requirement in 25 CFR, Part 900, Subpart M, subsection 900.188(a) the Navajo Nation agrees to designate an individual to serve as tort claims liaison with the Federal government. The designated tort claims liaison shall provide the assistance specified in 25 CFR, Part 900, and Subpart M. subsection 900.188(c).

## P. CONTRACT ADMINISTRATION

1. **Federal Contract Administration**

All information or questions concerning the Contract and this Annual Funding Agreement (AFA) should be referred to:

Self-Determination Specialist/Awarding Official
Bureau of Indian Affairs – Navajo Regional Office
P.O. Box 1060
Gallup, New Mexico 87305
Telephone No. (505) 863-8403
Fax No. (505) 863-8461

2. **Tribal Contract Administration**

All notices, information, or questions concerning the Contract and this AFA should be referred to:

Navajo Nation Contracting Officer
Contracts and Grants Section - Office of Management and Budget
Post Office Box 646
Window Rock, Arizona 86515
Telephone No. (928) 871-6470
Fax No. (928)871-6567

## Q. SEVERABILITY

The provisions of this AFA are severable. If any provision of this AFA is determined to be invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the remainder of the AFA.

## R. EFFECT ON EXISTING RIGHTS

1. Nothing in this AFA shall be construed as affecting, modifying, diminishing, waiving or otherwise impairing the sovereign immunity from suit enjoyed by the Navajo Nation.

2. Nothing in this AFA shall be construed as waiving any rights of the parties under applicable federal law.

3. Nothing in this AFA shall be construed as authorizing or requiring the termination of any existing trust responsibility of the United States with respect to the Navajo Nation, Navajo people, or Indian beneficiaries.

## S. EFFECTIVE DATE

This AFA shall be effective for the term of the funding year, January 1, 2007 through December 31, 2007, or until such time that a successor AFA is executed or a new contract is issued with a new contract term identified. However, this does not alter the obligation of the Navajo Nation to provide DOI with a proposed AFA for the following calendar year, or a notice of intent not to renew, at least 90 days prior to end of the current calendar year.

Joe Shirley, Jr., President

**THE NAVAJO NATION**

Date

Secretary, Department of the Interior, or designee

**UNITED STATES OF AMERICA**

2-12-07

Date

## CRIMINAL INVESTIGATIONS P.L. 93-638 CONTRACT
## STATEMENT OF WORK

101. The Contractor shall perform the following Bureau program: CRIMINAL INVESTIGATION SERVICES. Subject to the terms of the contract, the Annual Funding Agreement (AFA), and the availability of funds, the Contractor shall perform criminal investigation services as noted in the Indian Law Enforcement Reform Act, 25 U.S.C. § 2801, including promptly conducting investigations of suspected violations of the criminal laws of the United States which occur within the Navajo Nation as authorized by the United States Attorney (25 CFR § 12.23). All investigations shall be conducted with a view towards prosecution in court. Investigations shall be conducted professionally, impartially, and thoroughly, and reports shall be timely, objective, and accurate. Contractor shall:

A. Cooperate with any legitimate request for assistance, which it deems reasonable, made by any federal, state, local or tribal criminal justice agency. Contractor shall fully participate in all aspects of the federal criminal justice system.

B. Conduct criminal investigations, including:

1. Photograph the crime scene which includes aerial photographs when required and funded by the United States Attorney, and maintain a photo log.

2. Conduct interviews and interrogation of all appropriate persons connected with an investigation. Reports of interviews shall be completed within a reasonable period of time and shall become a permanent record of the individual criminal investigation case file.

3. Prepare crime scene sketches from which a final diagram of the crime scene is made which properly identifies all items of evidence along with accurate measures.

4. Maintain individual criminal investigation case files at each of the district stations which shall contain all reports, original notes of criminal investigators, statements, affidavits, letters, police radio call logs, telephone logs and notes, photographs with negatives, memoranda, criminal history records, crime scene sketches and diagrams, tape and video recordings of interviews, and all other document that pertain to each criminal investigation conducted within the districts. All criminal investigation case files, with exception of Internal Affairs documents, shall be kept secured and shall be made accessible to any Bureau law enforcement contracting officer's representative upon written demand and in conformity with applicable provisions of law and other internal policies and procedures of the Contractor.

5. When federal criminal investigations are closed for whatever reason, a Final Disposition Report of all investigation reported to the Contractor shall be completed and become a permanent record of an investigation case file.

6. Immediately and thoroughly conduct crime scene and other investigative work and file reports within a reasonable period of time after completing such investigative work.

7. Contractor shall conduct all investigations under this contract in a professional and impartial manner and perform its obligations in conformity with applicable provisions of the Navajo Nation laws and procedures. Contractor shall not exercise any recrimination against any criminal investigator for the proper performance of the investigator's duties under this contract.

C. Serve and respond to subpoenas:

1. Criminal investigators shall serve all subpoenas and other federal and civil processes issued by the United States Magistrate or United State District Courts. Whenever a subpoena is not served within a reasonable time after receipt, the United States Attorney's Office shall be notified in writing. Such notifications will be reported quarterly to the appropriate COR.

2. Criminal investigators shall honor and respond to all federal subpoenas. Subpoenas may require attendance at trial or a pretrial hearing, or production and delivery of certain items of evidence at a specific location.

3. All federal subpoenas issued for investigation reports shall be confirmed with the Navajo Nation Office of the Attorney General and appropriate U.S. Attorney's Office before compliance.

4. For cases under the U.S. Attorney's jurisdiction, Contractor shall contact the appropriate U.S. Attorney's Office and follow his/her instruction(s) before complying with the subpoena.

D. Identify and Preserve evidence:

1. Identify and preserve each item of evidence.

2. Maintain a secured evidence room and comply with standard rules and procedures currently in effect and as amended and promulgated by the Contractor.

3. Comply with the U.S. Attorney Guidelines regarding the preservation of evidence.

4. Evidence collected at the crime scene or from subjects shall be properly preserved and transported to a crime laboratory maintained by a criminal justice agency. Evidence shall be submitted to a laboratory no later than five (5) calendar days after it is collected.

5. There shall be no reason of evidence or other records in pending federal criminal cases as federal criminal case discovery is governed by rule 16 of the Federal Rules and Criminal Procedure and is the sole method of federal criminal case discovery.

E. Interact with United States Attorneys and other federal agencies:

1. Promptly and accurately report felony criminal cases within its jurisdiction to the appropriate Unites States Attorney's Office. Within five (5) business days after receipt of a report of a federal crime, Contractor shall notify in writing the appropriate Unites States Attorney's Office, using a standardized prosecutive report.

2. A completed prosecutive report of cases within its jurisdiction shall be submitted to the appropriate Unites States Attorney's Office within a reasonable period of time after the investigation is completed. Investigations shall be completed with due diligence and with regard to the court-imposed deadlines, i.e. indictment must occur within thirty (30) calendar days after a defendant's initial appearance.

3. Some cases involving known subjects can be declined for federal criminal prosecution after telephonic consultation with the Unites States Attorney's Office. In such cases, a standard declination letter shall be prepared adequately summarizing the facts upon which declination is based and specifically identifying the attorney who declined prosecution. Declination letters shall be sent to the appropriate Unites States Attorney's Office within a reasonable time following declination.

4. All federal civil forfeiture actions requested by the Contractor as a result of specific violations of federal law shall be consummated only upon the authorization of the Unites States Attorney. Any property seized and in the possession of the Contractor must be returned to the owner by the Contractor, if federal civil forfeiture action has not been successfully prosecuted against the property or when the Unites States Attorney remits the property to the owner.

5. Whenever juvenile is accused of committing a Federal criminal offense, Contractor shall comply with applicable Navajo Nation and federal laws.

6. Criminal investigators shall cooperate with the United States Attorney's Office in responding to short notices of proceeding such as a Grand Jury, pretrial conferences, participation at pretrial motions (suppression or evidentiary hearings), detention hearings, removal hearings, and other instances, provided that it does not significantly interfere with any on-going criminal investigations, and provided that the Navajo Department of Criminal Investigations is reimbursed for travel, meals, and lodging.

7. Prior to the release of any information to the media regarding a federal investigation or arrest, the Contractor shall have an approval of the appropriate U.S. Attorney.

F. Refer cases declined by the United States Attorney to the Navajo Nation Prosecutor for appropriate action and the Contractor will be responsible for criminal investigation if necessary.

G. Assist the victim/witness Program of the Navajo Nation with the transportation of witness and victims when necessary, and such other services the United States Attorney may