IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DARRELL BOYE, et al., )
) No. 07-195C
Plaintiffs, ) (Judge Sweeney)
v. )
)
THE UNITED STATES, )
)
Defendant. )
)

**PLAINTIFFS' MOTION TO**
**STAY PROCEEDINGS TO CONDUCT DISCOVERY**

COME NOW Plaintiffs, by and through counsel undersigned, pursuant to RCFC 56 (f) and request that this court stay the proceedings to permit Plaintiffs time to obtain essential documents which Defendant continually refuses to acknowledge both the existence of and key terms contained therein. Defendant has filed its motion alleging Rule 12(b)(1) and 12(b)(6). Defendant has submitted documents not directly referenced in the pleadings. As such, Defendant's motion is considered a motion for Summary judgment. The existence of these contracts and the specific terms relied upon by Plaintiffs are the essence of this cause of action. These are yearly contracts at issue. Yet Defendant has provided only the 2007 version with selected related documents. Because they are not complete, it can be inferred that Defendant submits documents only beneficial to its arguments. Additionally, Defendant who does not contest it, has all contracts and related documents and has produced only selected documents. In fairness to Plaintiffs and to the court that must decide this matter based on all relevant facts, a short period for discovery should be permitted.

The attached Memorandum details the current inequities and how the courts have resolved this issue. Plaintiffs incorporate by reference the entire record in this matter, and any and all exhibits attached hereto.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**

## I. LEGAL STANDARD

As a matter of course, when a court considers evidence outside the pleadings in a 12(b)(1) and/or 12(b)(6) motion, it is converted to a Rule 56 motion for summary judgment. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir.2002). In this proceeding, defendant, in possession of all relevant documents, submits only selected documents bearing on the issue of accounting and total costs which would include wage issues also before the court. The court should reject Defendant's attempt to put blinders on the court by limiting the information before it.

The "638 Law Enforcement" contracts at issue are negotiated yearly. However, in supporting its pleadings, Defendant submits only the 2007 contract and select documents which the court should question whether these are even for the 2007 contract. Defendant's selective submission of documents should be construed against Defendant.

When substantial matters outside the pleadings are presented, as here, and are not rejected by the court, a Rule 12(b)(6) motion must be treated as one for summary judgment under Rule 56. *Couden v. Duffy*, 446 F.3d 483 (3rd Cir 2006). However, Defendant has not produced all the relevant documents for the court's consideration. Because of defendant's willful conduct, Plaintiffs should be given a reasonable opportunity to present all material evidence pertinent to the motion. *Id*. The emphasis is

that all the documents are in Defendant's possession; for its advantage, it has submitted a only a selected few.

On a Motion to Dismiss under RCFC 12(b)(6), when outside documents are attached to such motion, the motion to dismiss will be converted into a motion for summary judgment unless the attached document(s) "is: (1) central to the Plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.2002). In this context, undisputed means that the authenticity of the document(s) is not challenged. *Id.* In this matter, even the 2007 yearly contract attached by Defendant to its Reply is admittedly in dispute. At a minimum, there are five years of contracts with related documents not produced. Defendant does not represent that the selected ones it produces are exactly the same for each year. By virtue of Defendant's inclusion of and reliance upon a partial submission of relevant documents, it has rendered this situation a one-sided motion for summary judgment. As stated in counsel's affidavit, Plaintiffs have had access to only the one set of unsigned yearly contracts with no relevant documents.

Defendants have also asserted that Plaintiffs' action should be dismissed based on RCFC 12 (b)(1), lack of subject mater jurisdiction. Unlike a motion under 12(b)(6), attaching exhibits to a 12(b)(1) does not automatically convert it to a Rule 56 motion. However, a conversion does occur when as here, a 12(b)(1) question is intertwined with other issues. *Gonzalez v. U.S.*, 284 F.3d 281, 288 (1st Cir.2002); *Sizova v. Nat. Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir 2002). As a result, even though Defendant has asserted dismissal on jurisdictional grounds based on 12(b)(1), Defendant's motion is properly converted to a motion for summary judgment under Rule 56 because the question is intertwined with other issues.

## II. ARGUMENT

### A. By Any Reasonable Interpretation, Defendant's have converted their Motion to Dismiss into a Motion for Summary Judgment.

Plaintiffs filed their Complaint. In lieu of an Answer, Defendant filed a Motion to Dismiss claiming ignorance of the 638 Law Enforcement contracts and the specific provisions at issue. In their Response Plaintiffs complained that defendant was not fulfilling its duty to the court in failing to produce all relevant documents which are exclusively in its possession. To plaintiffs substantial prejudice they do not have access to all relevant documents which would surely, at minimum be demanded by this court to make a well-informed resolution of this dispute. The selected documents submitted by defendant clearly are documents outside the pleadings and bear on the essential facts in the complaint. As a threshold even the authenticity and content of the attached contracts that are in dispute, their consideration by the court converts the Defendant's motion into a summary judgment. *Horsley v. Feldt*, 304 F.3d at 1134.

Defendant does not even claim the attached documents are all the relevant documents, rather Defendant glosses it over seeking a narrow scope of the court's review, putting Plaintiffs at a disadvantage. *See Pryor v. NCAA*, 288 F.3d 548, 559-60 (3rd Cir.2002); *Beddall v. State St. Bank & Trust Co*., 137 F.3d 12, 17 (1st Cir.1998); *Van Bushirk v. CNN, Inc*., 284 F.3d 977, 980 (9th Cir.2002).

For example, excerpts from the 2007 contract attached Defendant's Reply fails to disclose to the court that the 2007 contract contains striking differences from the earlier contracts. Specifically, the 2007 contract now contains a specific provision that "no third party beneficiary status to be conferred" - the earlier contracts do not contain this

provision. Beyond the fact that third party beneficiary status is a court-created right, it cannot be contracted away.

### B. Defendant's Denial of the Contracts Supports Plaintiffs' Discovery Request.

In support of its Motion to Dismiss, Defendant's alleges 12(b)(1), lack of subject matter jurisdiction and 12(b)(6), failure to state a claim upon which relief may be granted. Although Plaintiffs' complaint and Response to the Motion to Dismiss assert multiple grounds for this court's jurisdiction, Defendant's initial argument in support of its 12(b)(1) challenge was that the federal 638 Law Enforcement contracts did not exist. Defendant's assertion that the contracts didn't exist supports this very request by Plaintiffs to conduct discovery to obtain those contracts in their entirety. Similarly, Defendant's assertion of Plaintiff's failure to state a claim under 12(b)(6) supports Plaintiffs' request to conduct discovery to obtain the contracts in question.

### C. Complete Candor Regarding the Content of the Supporting Documents is Required.

Another important fact, that Defendant will not challenge, is that the partial 2007 contract documents it now submits are substantially altered from the earlier contracts, although Defendant does not confess this to the court. The 2007 contracts and its provisions do not provide an accurate representation of the other at least five yearly contracts in dispute in this case. Defendant should not be allowed to pass off substantially altered 2007 contracts as identical to the earlier contracts.

## III. CONCLUSION

In fairness to the plaintiffs, who are only seeking what they are due, the court should defer ruling on the motion to allow the parties to present additional material or

engage in discovery or until evidence is offered at trial. *Sizova v. Nat. Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10thCir 2002); *State Employees Bargaining v. Rowland*, 494F.3d 71 (2ndCir 2007); *Teacher's Retirement System v. Hunter*, 477 F.3d 162 (4thCir 2007); *Roberts v. Wal-mart Stores, Inc.*, 2007 WL 2456122.

RESPECTFULLY SUBMITTED this 2nd day of October, 2007.

LAW OFFICES OF EDWARD D. FITZHUGH

/s/ Edward D. Fitzhugh
Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on this 2nd day of October, 2007, a copy of the foregoing *Plaintiffs' Motion to Stay Proceedings to Conduct Discovery* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Edward D. Fitzhugh_________