IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-195C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY

Pursuant to Rule 7.2(a) of the Rules of this Court ("RCFC"), defendant, the United States, respectfully files this opposition to the plaintiffs' motion to stay proceedings. A stay is not warranted in this case pursuant to the rules governing procedure in this Court.

PROCEDURAL HISTORY[1]

As discussed in our motion to dismiss, the complaint that is currently before the Court is the fourth complaint filed by the plaintiffs alleging similar pay-related claims.[2] The plaintiffs allege that a contract between the Bureau of Indian Affairs ("BIA") and the Navajo Nation, as well as certain regulations, require that Navajo Nation employees "be paid the same as their BIA counterparts." Id. at ¶ X. The plaintiffs allege that in breach of this 638 Contract, and in violation of these regulations, the plaintiffs are not being paid "the clearly defined rates of pay." Id. at ¶ XIV.

[1] For the sole purpose of this motion, we will treat the allegations in the plaintiffs' complaint as true. The documents attached to their complaint will be referred to as "Pl. Ex. _".

[2]All of the plaintiffs in the present action, with the exception of Jeremiah Dee, appear to have been plaintiffs to one or more of the prior actions discussed below in Part II of the Statement of Facts.

In our motion to dismiss, we established that the plaintiffs' complaint should be dismissed on the following grounds: (1) for lack of subject matter jurisdiction under the Tucker Act; (2) for lack of subject matter jurisdiction under the Indian Tucker Act; (3) for failure to state a claim; (4) in part for lack of subject matter jurisdiction as some of the claims are time-barred; and (5) for res judicata, or claim preclusion. In response to the plaintiffs' request that the United States produce copies of the contracts at issue, we attached to our reply brief copies of the contracts then located. On the basis of this, plaintiffs' seek a stay of the proceedings in this case for further discovery.

## ARGUMENT

### I. Applicable Law

RCFC 56(f) permits this Court to stay proceedings for further discovery only where one party has filed a motion for summary judgment, and the other party requires discovery to respond to that motion for summary judgment. The Rule states:

> (f) When Affidavits Are Unavailable.
> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

### II. It Would Not Be Appropriate To Convert This Motion To Dismiss Into A Motion For Summary Judgment

This Court's consideration of contracts requested by the plaintiffs and attached to our reply in support of our motion to dismiss does not convert our motion to dismiss into a motion for summary judgment.

A. The Contracts Produced By The United States Are Not Matters Outside The Pleadings

The contracts produced by the United States were referred to and relied upon in the plaintiffs' complaint. See, e.g., Compl. ¶ VII ("That at all times alleged herein, the Navajo DPS has operated pursuant to a "638 contract" with the United States Department of the Interior, Bureau of Indian Affairs, to provide law enforcement . . . ."). Accordingly, they do not constitute "matters outside the pleadings." See State of Montana v. United States, 33 Fed. Cl. 82, 88 (Fed. Cl. 1995) ("Documents referred to and relied upon in the complaint, such as the order approving the sale, the settlement agreements, and the orders approving those agreements, are not beyond the pleadings and may be considered by the court in deciding whether to dismiss the complaint for failure to state a claim."). Therefore, the Court's consideration of the contracts produced by the United States does not convert the Government's motion into a motion for summary judgment; such a conversion is only possible when the Court considers "matters outside the pleadings." See RCFC 12(b).

B. Even If The Contracts Were Matters Outside The Pleadings, Consideration Of Them Does Not Convert Our Motion To Dismiss For Lack Of Subject Matter Jurisdiction Into A Motion For Summary Judgment

Because the Court would only be considering the contracts produced in determining this Court's subject matter jurisdiction, our motion would not be converted into one for summary judgment. The United States only attached the contracts to our submission as plaintiffs had failed to attach complete copies to their complaint, and suggested in their response that they did not possess complete copies. Further, in attaching the complete copies of the contracts, we noted that a complete copy of one of the contracts had been attached in its entirety to an earlier district

court complaint by many of the same plaintiffs to this litigation. Finally, we only discussed the attached contracts in the context of the Government's motion to dismiss for lack of subject matter jurisdiction. Reply 11 ("In any event, the United States has attached this 638 Contract to this brief as Exhibit A and has attached the 638 Contracts for law enforcement patrol and criminal investigators from 2007 to this brief as Exhibits B and C. Review of these contracts in their entirety confirms that the plaintiffs are not intended third-party beneficiaries.").

Consideration of outside materials on a motion to dismiss for lack of subject matter jurisdiction does not convert the motion to a motion for summary judgment, as plaintiffs acknowledge, Pl. Mot. 3. See North Hartland, L.L.C. v. United States, 78 Fed. Cl. 172, 177-178 (2007) (explaining that RCFC does not allow conversion of a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment if matter outside the pleadings are considered). Nevertheless, plaintiffs cite to case law which is not binding on this Court, and moreover, which supports denial of their motion. Pl. Mot. 3.

Both of the cases cited by plaintiffs, Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Sizova v. Nat. Inst. of Stds. & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002), hold that a motion for summary judgment is only considered "intertwined" with the merits of the case where the subject matter jurisdiction of the court depends upon the same statute as that which governs the plaintiff's claim. This is not the case here, as the plaintiffs' alleged basis of subject matter jurisdiction is the Tucker Act, a statute which, by definition, cannot govern the merits of the plaintiffs' claims. See Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (reiterating that the Tucker Act is merely a jurisdictional statute that creates no substantive right to relief in suits against the United States).

C. Plaintiffs Have Not Met The Requirements of Rule 56(f)

Even if the Court was to treat our motion to dismiss for lack of subject matter jurisdiction as a motion for summary judgment, the plaintiffs have failed to identify with particularity the documents they are seeking or demonstrate with precision how those documents will enable them to oppose summary judgment. These are mandatory requirements of Rule 56(f), as reiterated by this Court recently in Flowers v. United States, 75 Fed. Cl. 615, 626 (2007). Plaintiffs are also required to support these assertions by affidavit. Id. Although plaintiffs have attached an affidavit to their motion, it neither identifies the documents sought nor explains why these documents are necessary. Accordingly, plaintiffs' motion fails.

Further, plaintiffs have provided no reason to believe that any additional documents are necessary to respond to the other portions of our motion to dismiss, namely on the grounds of statute of limitations or claim preclusion issues. Even to the extent that this Court determines that additional discovery is needed regarding the jurisdictional question or the question whether plaintiffs have stated a claim for relief, there is not even a colorable argument that review of any additional documents in the Government's possession is needed regarding the statute of limitations or claim preclusion. As demonstrated in our motion to dismiss, the plaintiffs failed to raise this third-party beneficiary theory in their prior litigation concerning the same facts; raising this theory now is precluded by res judicata. Further, all of the plaintiffs' claims prior to 2001 are barred by the Tucker Act's six-year statute of limitations.

CONCLUSION

For the foregoing reasons, this Court should dismiss the plaintiffs' motion to stay proceedings.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
James L. Weiner
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

October 22, 2007

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of October, 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah