# In the United States Court of Federal Claims

No. 07-195 C
(Filed: November 20, 2007)

| | |
|---|---|
| DARRELL BOYE et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

**ORDER**

Currently before the court in the above-captioned case are defendant's motion to dismiss and plaintiffs' motion to stay. Upon review of the parties' briefing on both motions, the court is inclined to grant plaintiffs' motion to stay to permit limited discovery in this case.

As a preliminary matter, the court finds that defendant's attachments to its reply brief in support of its motion to dismiss do not convert its motion to dismiss into a motion for summary judgment, because the attached documents are incorporated by reference in the plaintiffs' amended complaint. In fact, the annual contracts for law enforcement and criminal investigation services provide the jurisdictional basis for plaintiffs' breach of contract claim. Thus, because defendant's motion remains a motion to dismiss under Rule 12 of the Rules of the United States Court of Federal Claims ("RCFC"), RCFC 56(f), which concerns summary judgment procedures, is inapplicable.

Instead, the court will exercise its broad discretion to manage discovery. See Dorf & Stanton Commc'ns, Inc. v. Molson Breweries, 100 F.3d 919, 922-23 (Fed. Cir. 1996). Plaintiffs, in their motion to stay, have requested discovery to assist them in opposing defendant's motion to dismiss. See Mot. Stay 2 ("Plaintiffs should be given a reasonable opportunity to present all material evidence pertinent to the motion."); id. at 3 ("At a minimum, there are five years of contracts with related documents not produced."); id. at 5 ("Defendant's assertion of Plaintiff[s'] failure to state a claim under 12(b)(6) supports Plaintiffs' request to conduct discovery to obtain the contracts in question."). The court finds that a limited amount of discovery is necessary. In particular, plaintiffs are entitled to present evidence that supports this court's jurisdiction over

their complaint, and it appears that defendant is in possession of such documents.[1] Plaintiffs may also seek to discover evidence that rebuts defendant's specific arguments under RCFC 12(b)(6).

This limited discovery shall close **no later than Wednesday, February 20, 2008**. The parties shall then file a joint status report, **no later than Friday, February 29, 2008**, suggesting further proceedings in this case.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

[1] Indeed, at a minimum, a review of all of the contracts at issue in the complaint appears necessary to determine whether those contracts confer third-party beneficiary status on plaintiffs, and therefore support this court's jurisdiction. See Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1262 (Fed. Cir. 2005) ("[Intent to create a third-party beneficiary] is determined by looking to the contract and, if necessary, other objective evidence."); Maniere v. United States, 31 Fed. Cl. 410, 417 (1994) ("Thus, to determine these requirements, a court looks to the agreement proffered to support the third-party beneficiary argument: whether the contract demonstrates the requisite intent or not thus establishes if the party may maintain a third-party beneficiary status.").