IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-195C |
| v. | ) | |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, the United States, respectfully requests that this Court issue a protective order pursuant to Rule 26(c) of the Rules of this Court ("RCFC") regarding the discovery requested by Plaintiff Darrell Boye and his co-plaintiffs on December 5, 2007. The undersigned counsel has conferred with counsel for the plaintiffs in an attempt to resolve this matter without Court action.[1] Plaintiffs' counsel stated that it was willing to revise two of the purported Rule 30(b)(6) notices, but otherwise maintained that the remaining discovery was permissible. Plaintiffs' counsel indicated that the defendant should seek a protective order from this Court if the defendant sought to narrow the discovery to any extent.

QUESTIONS PRESENTED

1. Does the Court's order of November 20, 2007, permitting the plaintiffs to conduct limited discovery regarding this Court's jurisdiction and the Government's arguments pursuant to Rule 12(b)(6), permit the plaintiffs to conduct discovery regarding the alleged merits of their claims?

---

[1] Attached hereto in the Appendix are copies of the correspondence between the undersigned counsel and counsel for the plaintiffs' regarding this discovery dispute. See A23-27.

2. Does the Court's order of November 20, 2007, permitting the plaintiffs to conduct limited discovery regarding this Court's jurisdiction and the Government's arguments pursuant to Rule 12(b)(6), and making specific reference to the '638 Contracts, contemplate the taking of the depositions of high-level officials within the Bureau of Indian Affairs ("BIA") and other officials regarding the alleged merits of the plaintiffs' claims?

## BACKGROUND

As established in our motion to dismiss, the complaint that is currently before the Court is the fourth complaint filed by the plaintiffs alleging similar pay-related claims. The plaintiffs allege that they are past and present employees of the Navajo Nation in the field of law enforcement. Compl. at ¶ III & IV. As in their prior complaints, the plaintiffs allege that they have not received the pay to which they are entitled. Id. at ¶ V. In this complaint, their claim is one of breach of contract. Specifically, they allege that they are third-party beneficiaries of the 638 Contracts between their employer, the Navajo Nation, and the Bureau of Indian Affairs, which allegedly require that they be paid the same as their BIA counterparts. Id. at ¶¶ VII-XIII.

The Government filed a motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), and claim preclusion. In our motion, we established the following: (1) the plaintiffs are not parties to any contract with the Government, nor are they third-party beneficiaries to the 638 Contracts; (2) the plaintiffs are not employees of the BIA; (3) the plaintiffs have pointed to no money-mandating legal provision entitling them to relief; (4) the Indian Tucker Act does not permit this Court to assert jurisdiction over the plaintiffs' claims; (5)

the only breach the plaintiffs have identified is an alleged breach of BIA's alleged duty to investigate the plaintiffs' pay, a duty which does not appear in the 638 Contracts; (6) all claims regarding pay prior to 2001 are barred by the applicable statute of limitations; and (7) the plaintiffs' complaint is barred by claim preclusion. Docket Nos. 11, 15.

The plaintiffs sought a stay of proceedings for the purpose of obtaining discovery of the 638 contracts for 2007 and the prior five years in their entirety. Docket No. 17. Their motion specifically "request[ed] that this court stay the proceedings to permit Plaintiffs time to obtain essential documents which Defendant continually refuses to acknowledge both the existence of and key terms contained therein." Id., at 1 (emphasis added). The documents plaintiffs sought were the "yearly contracts at issue." Id.

In its order of November 20, 2007, the Court granted the plaintiffs limited discovery as to the matters in the Government's motion to dismiss. The Court stated, "In particular, plaintiffs are entitled to present evidence that supports this court's jurisdiction over their complaint," and stated that "a review of all of the contracts at issue in the complaint appears necessary to determine whether those contracts confer third-party beneficiary status on plaintiffs, and therefore support this court's jurisdiction." Docket No. 20, at 1-2 & n. 1. The Court also permitted the plaintiffs to obtain discovery to rebut the Government's specific arguments pursuant to RCFC 12(b)(6), Id., at 2; the only arguments the Government made with respect to RCFC 12(b)(6) were that the plaintiffs have failed to identify any provision of the relevant 638 Contracts that sets forth an allegedly nondelegable duty of the BIA to investigate pay of Navajo Nation employees. Docket Nos. 11, 15.

On December 5, 2007, the plaintiffs served the Government with requests for production of documents and notices of deposition pursuant to Rule 30(b)(6).[2] On January 2, 2008, the Government produced to the plaintiffs all of the 638 Contracts regarding criminal investigators and law enforcement officers from 2002 through 2007. In addition, the Government is locating additional responsive, non-privileged documents which fall within the scope of the Court's discovery order, and intends to produce them to the plaintiffs as expeditiously as possible.

## ARGUMENT

### I. The Court's Order Permitting Limited Discovery Does Not Permit The Plaintiffs To Seek A Broad Range Of Discovery Going To The Merits Of Their Claims

The requests set forth in the plaintiffs' request for production of documents are, for the most part, overly broad, unduly burdensome, and seek the production of material that is irrelevant to the jurisdictional question or the question of whether the contracts contain a provision setting forth an allegedly nondelegable duty to investigate the pay of Navajo Nation employees.

Given that the applicable statute of limitations in this Court is six years, the requests for documents dating back twenty-five years are certainly overly broad and unduly burdensome. See A3-4. Further, in Requests 1F through 6, plaintiffs seek pay scales, documents regarding BIA inspections, and documents regarding the determination of the number of personnel required to staff the "Navajo DPS" and the "Hopi BIA," as well as BIA manuals. These requests do not appear to relate at all to the terms of the actual contracts at issue, or whether or not those contracts expressly reflect an intent to benefit the plaintiffs, as the caselaw requires. See A3-4. Rather, they appear designed to enable the plaintiffs to show that they did not receive the pay to

[2] The Plaintiffs' discovery requests, as well as their revised deposition notices, are attached hereto in the Appendix.

which they believe they are entitled or that the BIA did not fulfill its duty of investigation. Whether or not the plaintiffs received a particular rate of pay does not establish whether or not the 638 Contracts expressly reflect an intent to benefit them. Similarly, whether or not the BIA conducted any investigations does not establish whether the 638 Contracts set forth a nondelegable duty to investigate. Accordingly, this discovery lies outside the bounds of the Court's order.

Requests numbered 1A through 1E also do not appear to relate to the third-party beneficiary question or the investigatory duty question although they superficially relate to the contracts at issue. See A3. For example, the request for "all documents related to the contracts and the terms therein" (request 1D) is overly broad and unduly burdensome. See A3. The jurisdictional question pending before the Court is whether the plaintiffs can claim third-party beneficiary status with respect to their pay. Documents related to the contracts which do not concern the plaintiffs or their pay are necessarily irrelevant to this question and outside the scope of the Court's order. Similarly, the "finance and accounting" pertaining to the contracts (Request 1A) will not show whether the contracts themselves expressly reflect an intent to benefit the plaintiffs or whether the 638 Contracts require the BIA to investigate the plaintiffs' pay.

## II. The Court's Order Does Not Contemplate The Taking Of Any Depositions And Certainly Not Depositions Of High-Level Officials Or Depositions Of Others Regarding the Pay The Plaintiffs And BIA Employees Received

The plaintiffs' motion to stay specifically sought the production of documents. Docket No. 17. Similarly, the Court's order granting that motion specifically referred to documents thought to be in the possession of the Government. Docket No. 20. In their discovery requests, however, the plaintiffs have inappropriately sought depositions of high -level officials of the

BIA, namely, the Directors of the Office of Indian Law Enforcement for the past ten years, the Awarding Officials during the past twenty-five years, and the BIA Officials in Gallup, New Mexico with responsibility or authority regarding the 638 Contracts. See A17, 19. They have also sought depositions pursuant to RCFC 30(b)(6) of Government representatives who can testify as to the rates of pay for BIA Law Enforcement Officers and Criminal Investigators for the past twenty-five years as well as the rates of pay for all Law Enforcement Officers and Criminal Investigators employed by any Indian tribe providing law enforcement pursuant to a 638 Contract for the past twenty-five years.[3] See A21.

The depositions sought are not contemplated by the Court's order and not reasonably calculated to lead to the discovery of admissible evidence on the narrow issue of jurisdiction on a third-party beneficiary basis or the issue of whether the contracts contain a provision setting forth a nondelegable duty to investigate the pay of Navajo Nation employees. In particular, the depositions of BIA officials are overly broad and unduly burdensome as they are not limited at all by topic. As stated earlier, the contracts will reveal whether or not those contracts expressly reflect an intent to benefit the plaintiffs and a nondelegable duty to investigate their pay. The officials whose depositions are being sought cannot, by their testimony, change the terms of the contracts at issue. This Court, therefore, should not permit the plaintiffs to take these depositions.

Further the Rule 30(b)(6) deposition notice, like several of the document requests, appears to address the alleged merits of the plaintiffs claims, namely whether or not they have

---

[3] This deposition notice appears to be defective for the additional reason that it does not technically set forth the topics of the deposition itself. It sets forth the topics regarding which the deponent should be knowledgeable. Should this Court determine that such a deposition should take place, the United States respectfully requests that the Court order that the deposition be limited to the topics listed in the notice.

indeed been paid less than their alleged BIA counterparts. Accordingly, this notice falls outside the Court's order, and this deposition should not be permitted to go forward.

III. The Plaintiffs Acknowledge That Their Discovery Goes To The Merits, But Contend That This Is Permitted By The Court's Order

The plaintiffs contend that their discovery as to the merits of their pay claims is permitted by the Court's order. During the meet-and-confer process, counsel for the plaintiffs explained that this discovery as to the rates of pay and related matters was permitted because whether or not the plaintiffs indeed received less pay than their alleged BIA counterparts goes to the plaintiffs damages and therefore whether they can set forth a claim for relief. Similarly, in their memorandum of January 9, 2008, the plaintiffs state,

> The primary issue in this case is why Plaintiffs are not being paid at the rate specifically stated in the subject contracts and mandated by the related federal regulation. During these entire proceedings Defendant has never stated why they do not mean what they plainly state. This imposes the additional burden on Plaintiffs to establish the Defendant United States interpretation and implementation of the provision and related regulation.

See A15. The Court's order explicitly permits only "limited" discovery as to this Court's jurisdiction and as to the arguments made by the Government pursuant to Rule 12(b)(6). The questions presented by the plaintiffs in their discovery do not address either of those narrow topics, and should not be permitted.

IV. Pursuant To This Court's Order, This Court Should Only Permit A Narrow Portion Of The Plaintiffs' Broad Discovery Requests

As established above, the plaintiffs' discovery lies largely outside the bounds of the Court's Order. Accordingly, we respectfully seek an order limiting the written discovery to the 638 Contracts for 2001 through 2007, as well as documents concerning the interpretation of the provisions of those contracts which relate to pay. This discovery falls under Requests 1D and 1E

of the plaintiffs' Request for Production of Documents. The remaining written discovery should not be permitted. Similarly, the plaintiffs should not be permitted to take any of the depositions set forth in their three notices of deposition.

## CONCLUSION

For the foregoing reasons, this Court should order that the plaintiffs are only permitted production of the 638 Contracts from 2001 through 2007, as well as related documents addressing the interpretation of the contractual provisions concerning pay of law enforcement officers and criminal investigators.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Of Counsel:
ALTON E. WOODS
Assistant Solicitor
JAMES L. WEINER
Attorney-Advisor
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

January 11, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of January 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah