No. 07-195C
Judge Sweeney

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DARRELL BOYE, et al.,

Plaintiffs,
v.

THE UNITED STATES,

Defendant.

# APPENDIX TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
ALTON E. WOODS
Assistant Solicitor
JAMES L. WEINER
Attorney-Advisor
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

January 11, 2008

**INDEX TO APPENDIX**

Plantiffs' Discovery Requests, served Dec. 5, 2007. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A1

Plaintiffs' Discovery Requests (revised in part), served Jan. 9, 2008. . . . . . . . . . . . . . . . . . . A12

Letter from M. Ewusi-Mensah to E. Fitzhugh, Jan. 2, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . A23

Letter from M. Ewusi-Mensah to E. Fitzhugh, Jan. 10, 2008. . . . . . . . . . . . . . . . . . . . . . . . A26

**LAW OFFICE OF**
**EDWARD D. FITZHUGH**

P.O. BOX 24238
TEMPE, ARIZONA 85285
PHONE - (480) 752-2200
FAX - (480) 752-2112

# FACSIMILE COVER SHEET

*TO:* Maame A.F. Ewusi-Mensah
Asst. Attorney General

*DATE:* 12-05-07

*FAX NUMBER:* 202-514-8624

*ORIGINAL WILL FOLLOW:* X

*FROM:* Edward Fitzhugh

*WILL NOT FOLLOW:* ____

11 *TOTAL PAGES (INCLUDING COVER)*

*RE:* Boye, et. al. v. United States.

*MESSAGE:* ____________________

*IF YOU DO NOT RECEIVE ALL PAGES, OR IF YOU ENCOUNTER ANY OTHER DIFFICULTY, PLEASE CALL OUR OFFICE*

*** *** *** *** *NOTICE* *** *** *** ***

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAME ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT WHO IS RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

*** *** *** *** *** *** *** ***

If you have any questions regarding this fax, please call (480)752-2200.

# LAW OFFICE OF EDWARD D. FITZHUGH

P.O. BOX 24238
TEMPE, AZ 85285-4238
OFFICE - (480) 752-2200
FAX- (480) 752-2112

*via fax 202-514-8624*

December 5, 2007

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Attn: Classification Unit, 8th Floor

Re: *Boye, et al v. U.S.; Case No. 07-195C*

Dear Ms. Ewusi-Mensah:

Enclosed are Plaintiff's Request For Production and Notice of Depositions. The documents and the persons sought to be deposed are clearly defined. However, if you have any questions on these matters please call me to clarify.

Sincerely,

Edward D. Fitzhugh

EDF/bkd

Enclosures

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**

PLAINTIFFS, pursuant to Rule 34, *Federal Rules of Civil Procedure*, hereby request Defendant to produce the following documents and materials for inspection and copying at the Offices of Edward D. Fitzhugh, P.O. Box 24238, Tempe, Arizona 85285-4238, within thirty (30) days from service of this electronically delivered request.

1. All documents pertaining to Law Enforcement Contracts for the past twenty-five years between Defendant and the Navajo Nation (all its agencies and departments). This includes, but is not limited to:

A) All finance and accounting;

B) Annual reports;

C) Audits;

D) All documents related to the contracts and the terms therein; including but not limited to; personnel qualifications, training; certification; report writing and uniform allowances;

E) All correspondence between Defendant and the Navajo Nation and, its departments regarding the 638 Law Enforcement Contracts;

F) All pay scales for police officers and criminal investigators the same period.

2. Any and all documents regarding inspections conducted by or at the request of the BIA pursuant to the terms of the 638 Law Enforcement Contracts between Defendant and the Navajo Nation (including all of its agencies and departments). This request is for the prior twenty-five years.

3. The pay scale for Bureau of Indian Affairs Law Enforcement Officers on the Hopi Reservation. This request is for the past twenty-five years.

4. Any and all documents regarding the determination of the required number of personnel to properly staff the Navajo DPS

   A) Any and all documents regarding the determination of the required number of personnel to properly staff the Hopi BIA.

   This request is for any and all documents utilized in making those determinations.

5. The Indian Affairs Manual in effect from January 1, 1972 to the present with all modifications.

6. The Law Enforcement Operations Handbook in effect from January 1, 1972 to the present with all modifications.

RESPECTFULLY SUBMITTED this 4th day of December, 2007.

LAW OFFICES OF EDWARD D. FITZHUGH

[signature]

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238

Attorney for Plaintiffs

CERTIFICATE OF MAILING

I hereby certify that on this 5th day of December, 2007, the original and copy of the foregoing *Plaintiffs' Request for Production of Documents and Things* were emailed, faxed and mailed to:

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Barbara K. Dean

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**NOTICE OF 30(B)(6) DEPOSITION**

**YOU ARE HEREBY NOTIFIED** that, pursuant to RCP 30, the deposition will be taken upon oral examination of the person(s) whose name(s) and address(es) are stated below at the times and place stated below before an officer authorized by law to administer oaths. If the name(s) are not known, a general description sufficient to identify those persons or the particular classes or groups to which these persons belong is given below.

**PERSON TO BE EXAMINED:** Director(s) of the Office of Indian Law Enforcement for the prior ten years.

**DATE AND TIME OF DEPOSITION:**

February 1, 2008 @ 10:00 a.m.; 1:00 p.m. and 3:00 p.m. (if necessary)

**PLACE OF DEPOSITION:**

Law Offices
1400 E. Southern Blvd. #1010
Tempe, Arizona 85282

The undersigned certifies that copies of this Notice of Taking Deposition have been served upon counsel by email, facsimile and U.S. mail as set forth below:

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Thomson Reporting Services
4021 N. 75th Street, Suite 101
Scottsdale, Arizona 85251-4568

RESPECTFULLY SUBMITTED this 4th day of December, 2007.

LAW OFFICES OF EDWARD D. FITZHUGH

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85285-4238
Attorney for Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**NOTICE OF 30(B)(6) DEPOSITION**

**YOU ARE HEREBY NOTIFIED** that, pursuant to RCP 30, the deposition will be taken upon oral examination of the person(s) whose name(s) and address(es) are stated below at the times and place stated below before an officer authorized by law to administer oaths. If the name(s) are not known, a general description sufficient to identify those persons or the particular classes or groups to which these persons belong is given below.

**PERSON(S) TO BE EXAMINED:** The Defendant's representative(s) that can testify with knowledge to:

1. The rates of pay for BIA Law Enforcement Officers (including Criminal Investigators) for the prior twenty-five years.

2. The rates of pay for Navajo DPS Law Enforcement Officers (including Criminal Investigators) for the prior twenty-five years.

3. The rates of pay for Law Enforcement Officers (including Criminal Investigators) of all other Indian Tribes operating police departments pursuant to "638 Law Enforcement Contracts". This request is for the prior twenty-five years.

**DATE AND TIME OF DEPOSITION:**

February 1, 2008 @ 10:00 a.m.; 1:00 p.m; and 3:00 p.m. (if necessary)

**PLACE OF DEPOSITION:**

Law Offices
1400 E. Southern Blvd., Ste. 1010
Tempe, Arizona 85282

The undersigned certifies that copies of this Notice of Taking Deposition have been served upon counsel by email, facsimile and U.S. Mail as set forth below:

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Thomson Reporting Services
4021 N. 75th Street, Ste. 101
Scottsdale, Arizona 85251-4568

RESPECTFULLY SUBMITTED this 4th day of December, 2007.

LAW OFFICES OF EDWARD D. FITZHUGH

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**NOTICE OF 30(B)(6) DEPOSITION**

**YOU ARE HEREBY NOTIFIED** that, pursuant to RCP 30, the deposition will be taken upon oral examination of the person(s) whose name(s) and address(es) are stated below at the times and place stated below before an officer authorized by law to administer oaths. If the name(s) are not known, a general description sufficient to identify those persons or the particular classes or groups to which these persons belong is given below.

**PERSON(S) TO BE EXAMINED:** The Defendant's representative(s) whose names and/or titles are listed as:

1. The "Awarding Official(s)" as described in the Indian Affairs Manual Part 40 Chapter 1 during the past twenty-five years. FN1

2. The BIA official(s) located in Gallup, New Mexico with the responsibility and/or authority to insure that the terms of the subject FN1.

3. The self-determination Specialist/Awarding Official. FN1

4. Director(s) of the Office of Indian Law Enforcement Services.

FN1 - Officials to be deposed includes Delores F. Torrez or as spelled in the AFA, Page 7, signed: January 17, 2002 and Sharon Pinto.

**DATE AND TIME OF DEPOSITION:**

January 21, 2008 @ 9:00 a .m.; 11:00 a.m.; 1:30 p.m. and 3:30 p.m.

**PLACE OF DEPOSITION:**

Law Offices
1400 E. Southern Blvd., Ste. 1010
Tempe, Arizona 85282

The undersigned certifies that copies of this Notice of Taking Deposition have been served upon counsel by email, facsimile and U.S. Mail as set forth below:

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Thomson Reporting Services
4021 N. 75th Street, Ste. 101
Scottsdale, Arizona 85251-4568

RESPECTFULLY SUBMITTED this 4th day of December, 2007.

LAW OFFICES OF EDWARD D. FITZHUGH

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs
(480) 752-2200

**LAW OFFICE OF**
**EDWARD D. FITZHUGH**

P.O. BOX 24238
TEMPE, ARIZONA 85285
PHONE - (480) 752-2200
FAX - (480) 752-2112

## FACSIMILE COVER SHEET

*TO:* Maame A.F. Ewusi-Mensah *DATE:* 01-09-08
Classification Unit, 8th floor

*FAX NUMBER:* 202-514-8624 *ORIGINAL WILL FOLLOW:* X

*FROM:* Edward Fitzhugh *WILL NOT FOLLOW:* ____

11 *TOTAL PAGES (INCLUDING COVER)*

*RE:* Boye v. U.S.

*MESSAGE:* ____________________

*IF YOU DO NOT RECEIVE ALL PAGES, OR IF YOU ENCOUNTER ANY OTHER DIFFICULTY, PLEASE CALL OUR OFFICE*

*** *** *** *** *NOTICE* *** *** *** ***

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAME ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT WHO IS RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

*** *** *** *** *** *** *** ***

If you have any questions regarding this fax, please call (480)752-2200.

**LAW OFFICE OF**
**EDWARD D. FITZHUGH**

P.O. BOX 24238
TEMPE, AZ 85285-4238
OFFICE - (480) 752-2200
FAX- (480) 752-2112

*via fax 202-514-8624*

January 9, 2008

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Attn: Classification Unit, 8th Floor

Re: *Boye, et al v. U.S.; Case No. 07-195C*

Dear Ms. Ewusi-Mensah:

As you can read in Plaintiffs' Memorandum we will not oppose the Motion For Extension of Time.

In Arizona, the courts would be extremely irritated at these discovery delays. Certainly they would expect the Motion For Protective Order to have been filed soon after it was apparent a compromise would not be reached, not represent it will be filed someday in the future.

Also, enclosed are the Amended Notices of Deposition with the technical changes you required.

Sincerely,

Edward D. Fitzhugh

EDF/bkd

Enclosures

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM RE: DEFENDANT'S "UNOPPOSED MOTION FOR ENLARGEMENT OF TIME"**

COME NOW Plaintiffs and submit their Memorandum regarding Defendant's Motion for Enlargement of Time. The motion is for an extension of time to respond to Plaintiffs requested discovery served December 5, 2007. Defendant informs the court that it has arbitrarily limited Plaintiffs' requested discovery and that it intends, sometime in the future, to file a Motion For Protective Order to further limit its responses.

Defendant acknowledges that upon receipt of the requested discovery it contacted Plaintiffs counsel. If, at the time, the parties, as Defense counsel represents discussed and could not agree on the scope of discovery, the Rule 26 Motion For Protective Over should have been filed. Plaintiffs object to this deliberate delay.

In light of Defendant's limited response to requested discovery Plaintiffs are compelled not to oppose Defendant's request for extension of time and the commensurate extension of the discovery deadline.

Plaintiffs request the court direct Defendant, to promptly respond to the discovery it does not dispute and to submit its' Motion For Protective Order detailing the factual and legal objections to the requested discovery and why it would not, at a

minimum, lead to discoverable evidence relevant to the Rule 12(B)(6) issues before the court. The primary issue in this case is why Plaintiffs are not being paid at the rate specifically stated in the subject contracts and mandated by the related federal regulation. During these entire proceedings Defendant has never stated why they do not mean what they plainly state. This imposes the additional burden on Plaintiffs to establish the Defendant United States interpretation and implementation of the provision and related regulation.

RESPECTFULLY SUBMITTED this 9th day of January, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

/s/ Edward D. Fitzhugh
Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs

## CERTIFICATE OF FILING

I hereby certify that on this 9th day of January, 2008, a copy of the foregoing *Plaintiffs' Memorandum RE: Defendant's "Unopposed Motion For Enlargement of Time"* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Barbara K. Dean

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**AMENDED NOTICE OF DEPOSITION**

**YOU ARE HEREBY NOTIFIED** that, pursuant to RCP 30, the depositions will be taken upon oral examination of the person(s) whose name(s) and address(es) are stated below at the times and place stated below before an officer authorized by law to administer oaths. If the name(s) are not known, a general description sufficient to identify those persons or the particular classes or groups to which these persons belong is given below.

**PERSON TO BE EXAMINED:** The Director(s) of the Office of Indian Law Enforcement for the prior ten years.

**DATE AND TIME OF DEPOSITION:**

February 1, 2008 @ 10:00 a.m.; 1:00 p.m. and 3:00 p.m. (if necessary)

**PLACE OF DEPOSITION:**

Law Offices
1400 E. Southern Blvd. #1010
Tempe, Arizona 85282

The undersigned certifies that copies of this Notice of Taking Deposition have been served upon counsel by email, facsimile and U.S. mail as set forth below:

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Thomson Reporting Services
4021 N. 75th Street, Suite 101
Scottsdale, Arizona 85251-4568

RESPECTFULLY SUBMITTED this 9th day of January, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85285-4238
Attorney for Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| | ) | (Judge Sweeney) |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF 30(B)(6) DEPOSITION**

**YOU ARE HEREBY NOTIFIED** that, pursuant to RCP 30, the deposition will be taken upon oral examination of the person(s) whose name(s) and address(es) are stated below at the times and place stated below before an officer authorized by law to administer oaths. If the name(s) are not known, a general description sufficient to identify those persons or the particular classes or groups to which these persons belong is given below.

**PERSON(S) TO BE EXAMINED:** The Defendant's representative(s) that can testify with knowledge to:

1. The rates of pay for BIA Law Enforcement Officers (including Criminal Investigators) for the prior twenty-five years.

2. The rates of pay for Law Enforcement Officers (including Criminal Investigators) of all Indian Tribes operating police departments pursuant to "638 Law Enforcement Contracts". This includes the rates of pay for Navajo DPS Law Enforcement Officers (including Criminal Investigators). This request is for the prior twenty-five years.

**DATE AND TIME OF DEPOSITION:**

February 1, 2008 @ 10:00 a.m.; 1:00 p.m; and 3:00 p.m. (if necessary)

**PLACE OF DEPOSITION:**

Law Offices
1400 E. Southern Blvd., Ste. 1010
Tempe, Arizona 85282

The undersigned certifies that copies of this Notice of Taking Deposition have been served upon counsel by email, facsimile and U.S. Mail as set forth below:

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Thomson Reporting Services
4021 N. 75th Street, Ste. 101
Scottsdale, Arizona 85251-4568

RESPECTFULLY SUBMITTED this 9th day of January, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## AMENDED NOTICE OF DEPOSITION

**YOU ARE HEREBY NOTIFIED** that, pursuant to RCP 30, the deposition(s) will be taken upon oral examination of the person(s) whose name(s) and address(es) are stated below at the times and place stated below before an officer authorized by law to administer oaths. If the name(s) are not known, a general description sufficient to identify those persons or the particular classes or groups to which these persons belong is given below.

**PERSON(S) TO BE EXAMINED:** The Defendant's representative(s) whose names and/or titles are listed as:

1. The "Awarding Official(s)" as described in the Indian Affairs Manual Part 40 Chapter 1 during the past twenty-five years. FN1
2. The BIA official(s) located in Gallup, New Mexico with the responsibility and/or authority to insure that the terms of the subject FN1.
3. The self-determination Specialist/Awarding Official. FN1
4. Director(s) of the Office of Indian Law Enforcement Services.

FN1 - Officials to be deposed includes Dolores F. Torrez (or the person who signed the AFA, at Page 7, dated: January 17, 2002) and Sharon Pinto.

**DATE AND TIME OF DEPOSITION:**

January 22, 2008 @ 9:00 a .m.; 11:00 a.m.; 1:30 p.m. and 3:30 p.m.

**PLACE OF DEPOSITION:**

Law Offices
1400 E. Southern Blvd., Ste. 1010
Tempe, Arizona 85282

The undersigned certifies that copies of this Notice of Taking Deposition have been served upon counsel by email, facsimile and U.S. Mail as set forth below:

Maame A.F. Ewusi-Mensah
Assistant Attorney General
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20530

Thomson Reporting Services
4021 N. 75th Street, Ste. 101
Scottsdale, Arizona 85251-4568

RESPECTFULLY SUBMITTED this 9th day of January, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs
(480) 752-2200

U. S. Department of Justice

Civil Division

MFH:MEwusi-Mensah
DJ No: 154-07-195

Tel: (202) 353-0503
Fax: (202) 514-8624

*Washington, D.C. 20530*

January 2, 2008

**VIA TELEFACSIMILE AND U.S. MAIL**

Edward D. Fitzhugh
P.O. Box 24238
Tempe, AZ 85285

Re: *Boye v. United States*, No. 07-195C (Fed. Cl.)

Dear Mr. Fitzhugh:

I write to confirm my conversation with your colleague, Tamara Facciola, on December 19, 2007, in which she agreed to grant the Government an extension of 30 days to respond to the discovery served via telefacsimile December 5, 2007. We will provide a formal response to the discovery (including objections) by Monday, February 4, 2008. In the meanwhile, however, please find enclosed the law enforcement and criminal investigator '638 contracts from 2002 to the present, which are responsive to the plaintiffs' request for production of documents.

In addition, I write to confer regarding the scope of the discovery requested. As I discussed with Ms. Facciola by telephone, the discovery requested by the plaintiffs is much broader than the limited discovery permitted by the Court's order of November 20, 2007. The Court's order grants the plaintiffs limited discovery to enable them to "present evidence that supports this court's jurisdiction over their complaint." Order, 1-2. The plaintiffs have sought the Court's jurisdiction on the basis of a third-party beneficiary theory, and the governing case law is clear that the focus of the Court's inquiry with respect to a third-party beneficiary claim is the contract at issue. It is for this reason that plaintiffs repeatedly made reference to obtaining the contracts in their briefing. Accordingly, the plaintiffs' belated requests for depositions and for documents that go to the merits of their claim are unwarranted. Furthermore, the Court's order only contemplates "documents" that should be produced, and points specifically to the '638 Contracts, which we are producing to you today.

For this reason, we object to the taking of any depositions as they are not contemplated by the Court's order and not reasonably calculated to lead to the discovery of admissible evidence on the narrow issue of jurisdiction on a third-party beneficiary basis. Further, all three Rule 30(b)(6) deposition notices list persons that are to be examined, and fail to list the topics for examination. Accordingly, these notices are invalid pursuant to Rule 30(b)(6). Rule 30(b)(6) requires that the notice "describe with reasonable particularity the matters on which examination

is requested." It also states that the party is to designate the persons to be deposed. Ms. Facciola explained to me that the first and third notices were not meant to be Rule 30(b)(6) notices, but rather deposition notices directed at particular individuals whose names are unknown.[1] If that is the case, we would ask that you withdraw these notices, and serve proper notices naming the persons you wish to depose.

Similarly, with respect to the second notice, although topics are listed, it is not clear that these are topics of examination as opposed to topics on which the deponent has knowledge. We ask that you withdraw this notice and serve a proper notice listing the topics of examination. We note, however, that the topics listed are outside the scope of the Court's order. It appears that the plaintiffs seek testimony regarding the rates of pay for BIA Law Enforcement Officers, Navajo DPS Law Enforcement Officers, and Law Enforcement Officers of all other Indian Tribes operating pursuant to '638 Contracts for the prior twenty-five years. None of this information is relevant to the plaintiffs' claims that they are third-party beneficiaries of the specific contracts at issue.

The requests set forth in the plaintiffs' request for production of documents are, for the most part, overly broad, unduly burdensome, and seek the production of material that is irrelevant to the jurisdictional question. Given that the applicable statute of limitations in this Court is six years, the requests for documents dating back twenty-five years are certainly overly broad and unduly burdensome. Further, Requests 1F through 6 do not appear to relate at all to the terms of the actual contracts at issue and whether or not those contracts expressly reflect an intent to benefit the plaintiffs, as the caselaw requires. Rather, they appear designed to enable the plaintiffs to show that they did not receive the pay to which they believe they are entitled. This is not permitted by the Court's order.

Requests numbered 1A through 1E also do not appear to relate to the third-party beneficiary question although they superficially relate to the contracts at issue. For example, the request for "all documents related to the contracts and the terms therein" (request 1D) is overly broad and unduly burdensome. The jurisdictional question pending before the Court is whether the plaintiffs can claim third-party beneficiary status with respect to their pay. Documents related to the contracts which do not concern the plaintiffs or their pay are necessarily irrelevant to this question and outside the scope of the Court's order. Similarly, the "finance and accounting" pertaining to the contracts (Request 1A) will not show whether the contracts themselves expressly reflect an intent to benefit the plaintiffs. Accordingly, we will limit our search for documents to those relating to the jurisdictional question and in our formal response to the plaintiffs' discovery, we will set forth in detail our objections and enumerate those categories of responsive documents which we will produce. To the extent that we locate responsive

---

[1] The first notice states that the person to be examined is the "Director(s) of the Office of Indian Law Enforcement for the prior ten years." The third notice lists several persons by title, including the "awarding officials."

documents relating to the jurisdictional question prior to filing our formal response, we will attempt to produce them to you as soon as possible.

Thank you very much for your consideration.

Very truly yours,

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division

Enclosures (by US mail only)

U. S. Department of Justice

Civil Division

MFH:MEwusi-Mensah
DJ No: 154-07-195

Tel: (202) 353-0503
Fax: (202) 514-8624

*Washington, D.C. 20530*

January 10, 2008

**VIA ELECTRONIC MAIL**

Edward D. Fitzhugh
P.O. Box 24238
Tempe, AZ 85285

Re: *Boye v. United States*, No. 07-195C (Fed. Cl.)

Dear Mr. Fitzhugh:

I write to further clarify the Government's objections to the plaintiffs discovery following my discussion of these matters with you by telephone in the past several days.

The plaintiffs contend that discovery as to the merits of their claims is permitted by the Court's order. As you explained to me, the plaintiffs believe that discovery as to the rates of pay received by various law enforcement officers and criminal investigators of the Navajo Nation, other Indian tribes, and the BIA, are relevant to the question of whether the plaintiffs have suffered damages sufficient to support a claim. The Government maintains that this discovery is not relevant to the third-party beneficiary question, namely whether the 638 Contracts expressly reflect an intent to benefit the plaintiffs.

We acknowledge that the Court's order permits discovery on the jurisdictional question as well as discovery to rebut the specific arguments made by the Government pursuant to Rule 12(b)(6). In our motion to dismiss, we established that the plaintiffs have failed to state a claim pursuant to Rule 12(b)(6) because they have not identified a provision in the 638 Contracts which sets forth the allegedly nondelegable duty to investigate pay that the plaintiffs allege the BIA has breached. To be clear, the plaintiffs' requested discovery is largely irrelevant to this question as well. In particular, any discovery as to any audits or investigations actually conducted by the BIA cannot rebut the Government's contention that the 638 Contracts do not contain a duty to investigate the plaintiffs' pay: only the 638 Contracts themselves, and perhaps related documents interpreting those contracts, can do so.

Given that the plaintiffs persist in the idea that their broad discovery going to the merits of their claims is permitted by the Court's order, the Government intends to file a motion for protective order Friday, January 12, 2008, seeking that no discovery be had besides the following: (1) production of the 638 Contracts from 2001 through 2007; and (2) production of

related contractual documents concerning the interpretation of the contractual provisions related to pay.

Thank you very much for your consideration.

Very truly yours,

M. Ewusi-Mensah

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division