IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | |
| | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO MOTION FOR PROTECTIVE ORDER**

**(ORAL ARGUMENT REQUESTED)**

COME NOW Plaintiffs, by and through counsel undersigned, and submit their Response to Defendant's Motion For Protective Order.

Briefly, Plaintiffs are law enforcement officers. They have not been paid at the rate clearly specified in the 638 Law Enforcement Contracts and mandated by 25 CFR 12.33 and 12.34. The contract and CFRs require periodic accounting and entitle the government to regular inspections to insure compliance with the contract provisions. In their response to Defendant's pending Motion to Dismiss, Plaintiffs cited Congress intent that the BIA could not contract for provision of law enforcement on Indian reservations at a rate lower than it would cost the Bureau.25 CFR 12.33 and 12.34 requires officers be paid at the same rate as BIA officers.

Employee wages are a major operating expense. Defendant, exercising its' contracted and statutory obligation for contractor accounting and to conduct audits should have known Plaintiffs pay was substantially lower than mandated.

The court's November 20, 2007 Order regarding discovery allows Plaintiffs to obtain the contracts at issue (pg. 1) and "other objective evidence" (pg. 2 fn.1.) The court

also allowed discovery "that rebuts defendant's specific arguments under RCFC 12(b)(6) pg 2.

In its Motion for Protective Order Defendant concedes that discovery should include "documents concerning the interpretation of the provisions of those contracts which relate to pay". Sect. IV, Pg. unnumbered.

QUESTION PRESENTED

WHETHER PLAINTIFFS REQUESTED DISCOVERY IS WITHIN THE COURT'S ORDER.

The government has yet to provide an explanation why the pay provision in the contracts and the related 25 CFR 12.33 and 12.34 do not mean what they say. However, since Defendant, as a party to the contract, has not enforced the pay provision its interpretation will not be found in the contracts. (Exhibit 1 is Plaintiff's Request For Production and three Notices of Deposition). To obtain evidence of the government's interpretation and duty to enforce the pay provision and law, Plaintiffs have submitted discovery requesting:

1. All documents pertaining to Law Enforcement Contracts for the past twenty-five years between Defendant and the Navajo Nation (all its agencies and departments). This includes, but is not limited to:
   A) All finance and accounting;
   B) Annual reports;
   C) Audits;
   D) All documents related to the contracts and the terms therein; including but not limited to; personnel qualifications, training; certification; report writing and uniform allowances;

E) All correspondence between Defendant and the Navajo Nation and, its departments regarding the 638 Law Enforcement Contracts;

2. Any and all documents regarding inspections conducted by or at the request of the BIA pursuant to the terms of the 638 Law Enforcement Contracts between Defendant and the Navajo Nation (including all of its agencies and departments). This request is for the prior twenty-five years.

(Exhibit 1)

Defendant has provided contracts for only the period: 2001-2007. Plaintiffs have alleged a continuing tort making the twenty-five yearly contracts discoverable. As a compromise Plaintiffs have offered to accept the contracts defendant has produced if it will concede that the contract provisions are the same in the prior years. (Exhibit 2, Letter to Defense Counsel) Defendant has not responded.

Should the requested documents not provide a clear "interpretation" of the pay provision Plaintiffs have set the depositions of field officers and officials responsible for administering the contracts, including the duty to investigate that the contract terms are carried out:

1. The "Awarding Official(s)" as described in the Indian Affairs Manual Part 40 Chapter 1 during the past twenty-five years. FN1

2. The BIA Official(s) located in Gallup, New Mexico with the responsibility and/or authority to insure that the terms of the subject FN1.

3. The Self-determination Specialist/Awarding Official. FN1

4. Director(s) of the Office of Indian Law Enforcement Services.

5. Directors of the Office of Indian Law Enforcement for the prior ten years.

(Exhibit 1)

As a compromise Plaintiffs have offered to take the depositions of the "field officers" and if evidence of the government's interpretation is established the depositions of defendant's "high ranking officials" will be postponed. (Exhibit 2). Defendant has not responded.

Plaintiffs have requested copies of the BIA Indian Affairs Manual (Req. No. 5) manual and the Law Enforcement Operations Handbook (Req. No. 6). These items can be reasonably be expected to contain evidence on the pay provision.

In order to prove the third element of their claim as well as highlight the obvious substantial differences in pay, Plaintiffs have requested documents concerning the BIA Law Enforcement officers pay scale to compare to the Navajo DPS scale:

1. (F). All pay scales for Police officers and criminal investigators the same period.

1. The rates of pay for BIA Law Enforcement Officers (including Criminal Investigators) for the prior twenty-five years.

2. The rates of pay for Law Enforcement Officers (including Criminal Investigators) of all Indian Tribes operating police departments pursuant to "638 Law Enforcement Contracts". This includes the rates of pay for Navajo DPS Law Enforcement Officers (including Criminal Investigators). This request is for the prior twenty-five years.

Plaintiffs have offered to delay these requests if Defendant would concede, at least for the purposes of the pending motion, that Plaintiffs have suffered damages. (Exhibit 2). Defendant has not responded.

CONCLUSION

Plaintiffs have offered to compromise on the requested discovery. Defendant has not responded.

There are 134 Plaintiffs. They sue on behalf of themselves and "other similarity situated employees". Over a thousand current and former employees could be affected by the court's decision. The requested discovery is relevant and not burdensome.

WHEREFORE, Plaintiffs respectfully request the court deny Defendant's Motion For Protective Order.

RESPECTFULLY SUBMITTED this 25th day of January, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

/s/ Edward D. Fitzhugh
Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on this 25th day of January, 2008, a copy of the foregoing *Plaintiffs' Response to Motion for Protective Order* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Edward D. Fitzhugh_________