IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-195C |
| v. | ) | |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 7.2(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to the brief filed by Plaintiff Darrell Boye and his co-plaintiffs in opposition to our motion for protective order. In our motion for protective order, we demonstrated that the Court's order of November 20, 2007, permitting limited discovery, does not permit the broad discovery requests served by the plaintiffs, most of which relate to issues such as the amount of the plaintiffs' alleged damages. We also showed that the Court's order did not permit taking the depositions of Bureau of Indian Affairs ("BIA") officials on damages issues or even on the terms of the contracts, as whether or not the contracts create a third-party beneficiary relationship or a nondelegable duty of investigation is determined by the language of the contracts themselves.

In their response, plaintiffs contend that their discovery is permitted by the Court's order because the plaintiffs are entitled to obtain "evidence of the government's interpretation and duty to enforce the pay provision and law." Pl. Opp. 2. They also allege that they attempted to compromise with the Government regarding the discovery.

For the reasons addressed below, and for the reasons addressed in our opening brief, this Court should grant our motion for protective order and limit discovery to production of the 638

Contracts from 2001 through 2007, as well as related documents addressing the interpretation of the contractual provisions concerning pay of law enforcement officers and criminal investigators.

## QUESTIONS PRESENTED

1. Does the Court's order of November 20, 2007, permitting the plaintiffs to conduct limited discovery regarding this Court's jurisdiction and the Government's arguments pursuant to Rule 12(b)(6), permit the plaintiffs to conduct discovery regarding the alleged merits of their claims?

2. Does the Court's order of November 20, 2007, permitting the plaintiffs to conduct limited discovery regarding this Court's jurisdiction and the Government's arguments pursuant to Rule 12(b)(6), and making specific reference to the '638 Contracts, contemplate the taking of the depositions of high-level officials within the Bureau of Indian Affairs ("BIA") and other officials regarding the alleged merits of the plaintiffs' claims?

## ARGUMENT

### I. The Plaintiffs Do Not Deny That Much Of The Requested Discovery Does Not Relate To The Question Of Whether The Contracts Create A Third-Party Beneficiary Relationship Between The BIA And The Plaintiffs

The plaintiffs do not deny that much of the requested discovery does not relate to the question of whether the contracts themselves create a third-party beneficiary relationship between the BIA and the plaintiffs. In fact, they make the following assertion, acknowledging that their interpretation is not drawn from the contracts themselves: "[S]ince Defendant, as a party to the contract, has not enforced the pay provision its interpretation will not be found in the contracts." Pl. Opp. 2. With respect to their requests for certain internal BIA manuals and

handbooks, the plaintiffs assert, without support, that these books "can be reasonably be expected to contain evidence on the pay provision." Pl. Opp. 4. The titles of these books themselves indicate that they are internal publications governing the operations of the BIA and its law enforcement operations. Accordingly, it is not reasonable to expect that these publications would contain evidence regarding whether the 638 Contracts create a third-party beneficiary relationship or impose on the BIA a nondelegable duty of investigation.

Similarly, the plaintiffs argue that they require production of documents concerning pay scales "in order to prove . . . their claim." Pl. Opp. 4. As established in our motion, the Court's order does not permit the plaintiffs to conduct wide-ranging discovery into any issue necessary to prove their claim. The Court's order is limited to the third-party beneficiary jurisdictional issue and the Government's arguments regarding 12(b)(6).[1] The plaintiffs fail to explain how the Court's order permits discovery into their alleged damages.

The crux of the plaintiffs' opposition to our motion for protective order is that "the government has yet to provide an explanation why the pay provision in the contracts and the related 25 C.F.R. §§ 12.33 and 12.34 do not mean what they say." Pl. Opp. 2. This misses the point altogether. This Court cannot reach the question of whether the pay provision creates liability on the part of the United States without resolving the threshold questions raised in the Government's motion to dismiss. Those questions are as follows: (1) are the plaintiffs third-

[1]With respect to the pay scales, the plaintiffs offered to "delay" seeking this information if the United States would concede that the plaintiffs have suffered damages. The United States was unable to respond to this offer prior to the filing of the plaintiffs' response brief due to the absence of undersigned counsel from the office. In any event, this proposed concession is unacceptable to the United States. The question of whether the plaintiffs have suffered damages is premature given that, as the United States has demonstrated, this Court does not possess jurisdiction to entertain the plaintiffs' claims.

party beneficiaries of the 638 Contracts; (2) even if they are, do the plaintiffs seek equitable relief which is impermissible in this court; (3) are the plaintiffs' claims barred in whole or in part by the six-year statute of limitations; and (4) are the plaintiffs' claims barred by claim preclusion. The only portion of the plaintiffs' discovery which is likely to lead to the discovery of admissible evidence on these questions are the Requests 1D and 1E. Although these requests are overly broad and unduly burdensome, those documents (including correspondence) which specifically relate to the interpretation of the pay provisions are proper subjects of discovery. The remainder of the requests should be quashed.

## II. The Requested Depositions Of BIA Officials Are Outside The Scope Of The Court's Order Permitting Limited Discovery

The plaintiffs do not deny that the testimony of BIA officials cannot create a third-party beneficiary relationship where one does not arise from the contracts themselves. Nevertheless, they contend that depositions of the "field officers" and others is necessary to establish the Government's interpretation of the contracts. As illustrated in our motion, this testimony cannot change the terms of the contracts, and it is the terms of the contracts which is at issue. Even assuming some contemporaneous documents regarding the interpretation of the pay provisions are relevant, deposition testimony of those persons currently administering the contracts is not.[2] To the extent that any such testimony is permitted by the Court, it should be strictly limited to whether, when entering into the 638 Contracts at issue, the BIA intended to create a third-party

---

[2] The plaintiffs offered to compromise on the depositions by offering to take the depositions of the "field officers" and postpone the others "if evidence of the government's interpretation is established." Pl. Opp. 4. This alleged compromise is unacceptable to the United States. The question of whether the 638 Contracts evidence an intent to create a third-party beneficiary relationship is a jurisdictional one, which cannot be waived.

beneficiary relationship with the plaintiffs and impose a nondelegable duty of investigation on the BIA.

III. The Plaintiffs' Requests For Information Dating Back Twenty-Five Years Cannot Be Reconciled With The Applicable Statute of Limitations Of Six Years

In our motion, we established that the discovery requests for information dating back twenty-five years is overbroad and unduly burdensome in light of the six-year statute of limitations governing contracts claims in this Court.[3] The plaintiffs fail altogether to address this issue, merely asserting, without support, that "Plaintiffs have alleged a continuing tort making the twenty-five yearly contracts discoverable." Pl. Opp. 3. Even assuming the plaintiffs are alleging a continuing tort, the statute of limitations only permits claims dating back six years. As established in our motion to dismiss, Def. Mot. 17, because this Court considers each failure to properly pay the plaintiffs and each failure to investigate whether the plaintiffs were being properly paid to constitute an "independent, distinct wrong," the plaintiffs are still not entitled to relief regarding any allegedly improper pay received more than six years prior to their complaint. See Brown Park Estates-Fairfield Dev. Co., 127 F.3d at 1455-56 (discussing the continuing claim doctrine in the context of contractual Tucker Act claims); Park Properties Assocs. L.P. v. United States, 74 Fed. Cl. 264, 270-272 (2006); see also Weber v. United States, 71 Fed. Cl. 717, 720-726 (2006) (discussing the continuing claims doctrine in the context of an Equal Pay Act claim, explaining that each instance of allegedly improper pay "is a discrete act and therefore

[3] The plaintiffs offered to forego production of the 638 Contracts prior to 2001 if the United States would stipulate that the contract provisions are the same in prior years. This stipulation is unacceptable to the United States. Not only is the six-year statute of limitations a jurisdictional bar which cannot be waived or stipulated away, but entering into such a stipulation would require collection and review of all of the 638 Contracts dating back twenty-five years and therefore not alleviate any of the burden of this unduly burdensome request.

embodies a separate cause of action for purposes of the statute of limitations."). Accordingly, the plaintiffs' request for information dating back twenty-five years should not be permitted.

CONCLUSION

For the foregoing reasons and the reasons set forth in our opening brief, this Court should order that the plaintiffs are only permitted production of the 638 Contracts from 2001 through 2007, as well as related documents addressing the interpretation of the contractual provisions concerning pay of law enforcement officers and criminal investigators.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Of Counsel:
ALTON E. WOODS
Assistant Solicitor
JAMES L. WEINER
Attorney-Advisor
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

February 1, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 1st day of February, 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah