**U. S. Department of Justice**

Civil Division

MFH:MEwusi-Mensah
DJ No: 154-07-195

Tel: (202) 353-0503
Fax: (202) 514-8624

*Washington, D.C. 20530*

February 1, 2008

**VIA ELECTRONIC MAIL**

Edward D. Fitzhugh
P.O. Box 24238
Tempe, AZ 85285

Re: *Boye v. United States*, No. 07-195C (Fed. Cl.)

Dear Mr. Fitzhugh:

I write in response to your two letters of January 17, 2008.

With respect to your proposed discovery compromises, while I appreciate your effort to attempt an amicable resolution of the parties' discovery dispute, we are unable to agree to any of the proposed stipulations in your letter, as discussed below.

First, the United States will not stipulate that "if Plaintiffs are third party beneficiaries they are entitled to be paid the BIA rate and that they have not been paid at the BIA rate." As you know from our motion to dismiss, we have moved to dismiss the plaintiffs' complaint on several grounds in addition to the third-party beneficiary issue. Even if the Court finds that the Plaintiffs are third-party beneficiaries, for the reasons set forth in our motion to dismiss, their claims still fail.

Similarly, the United States will not stipulate that the contract provisions of the 638 Contracts have been the same for the past twenty-five years. The basis of our objection to production of documents dating back twenty-five years is two-fold: first, this request cannot be reconciled with the six-year statute of limitations, and second, to collect and produce documents dating back twenty-five years would be unduly burdensome. We will not agree to the proposed stipulation because the six-year statute of limitations is an unwaivable jurisdictional bar, and because entering into such a stipulation would require collection and review of all of the 638 Contracts dating back twenty-five years and therefore not alleviate any of the burden of this request.

Finally, you offer to postpone the depositions of "high ranking officials" but not that of the others requested. As set forth in our motion, none of the depositions are justified, and they are already the subject of the pending motion for protective order.

In response to your second letter, we are not interested in staying the proceedings at this time, but are willing to revisit this question upon the court's resolution of our motion to dismiss.

Thank you very much for your consideration.

Very truly yours,

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division