IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | |
| | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION TO SUPPLEMENT RESPONSE TO MOTION TO DISMISS AND MOTION TO EXPAND SCOPE OF DISCOVERY**

COME NOW Plaintiffs, by and through counsel undersigned, and request leave to supplement their Response to the Motion to Dismiss with newly discovered evidence. The document was uncovered, by chance, last week during a perusal of the internet. The issues in the Motion to Dismiss are whether Plaintiffs were the intended beneficiaries of the pay provision of the subject contracts and whether Defendant, United States, had a duty to ensure that Plaintiffs received the contracted rate of pay. The proposed supplemental evidence, prepared by two of Defendant's agencies conclusively affirm Plaintiffs claims.

The proposed supplemental evidence is entitled 676 MOU re Indian Law Enforcement Reform Act, Memorandum of Understanding between the United States Department of Interior Bureau of Indian Affairs and the United States Department of Justice, F.B.I. (Hereinafter MOU). The agreement is signed by then-secretary of the Interior Bruce Babbitt and then-Attorney General of the United States, Janet Reno. The MOU arranges for the F.B.I.'s utilization of local law enforcement personnel on Indian

Reservations working under an Indian Self-Determination Act contract, i.e. 638 Law Enforcement Contract (Sect. IV. 4), such as the contacts at issue. The attached MOU pertains to criminal investigators employed under a 638 Contract such as the Plaintiffs in this case. This MOU between the Departments of Justice and the Interior requires criminal investigators, working under 638 Law Enforcement Contracts, be paid at a "rate comparable to that of BIA Criminal Investigators":

> 4. Any contracts awarded under the Indian Self-Determination Act to perform the function of the BIA, Branch of Criminal Investigators, must comply with all standards applicable to the Branch of Criminal Investigators, including the following:
>
> b. Criminal investigators must be certified Peace Officers and must have satisfactorily completed the basic Criminal Investigator course provided by the Department of Treasury at the Federal Law Enforcement Training Center, or an equivalent course approved by the Commissioner of Indian Affairs. Criminal Investigators will receive a minimum of 40 hours in-service training annually to keep abreast of developments in the field of criminal investigations.[1]
>
> c. Compensation for Criminal Investigators must be comparable to that of BIA Criminal Investigators.
>
> (Exhibit 1)

The MOU also confirms Plaintiffs' other allegation: That the United States has a duty to investigate and ensure these investigators are paid at the contractually required rate.

> 4. n. Tribal contractors must agree, and the BIA shall ensure, that there is an audit and evaluation of the overall contracted Criminal Investigator program at least every two years. Continuation of the contract shall be contingent upon successfully completion of each audit and evaluation.
>
> (Exhibit 1)

[1]Certification and training is not an issue.

The MOU reflects two United States agencies' interpretation of the 638 Law Enforcement Contracts at issue, requiring that the Criminal Investigators be paid at a rate comparable to the BIA rate and that "audits and evaluations" be regularly performed to ensure this provision is adhered to. As stated in the latter portion of subsection (n), proof of a successful audit and compliance with the terms of the contract are required for continuation of the agreement.

The MOU establishes that major agencies of the United States have interpreted these contract provisions, the related statutes, and regulations in exactly the same manner as Plaintiffs contend.

Plaintiffs request the court permit them to supplement their Response to Defendant's Motion to Dismiss, adding the MOU as an exhibit. Plaintiffs also request the court order that Plaintiffs' pending Request for Production, Nos. 1 and 2, be expanded to include all documents in the possession of or available to the Departments of Justice and Interior pertaining to all such MOU Agreements between these agencies, as well as all documentation regarding enforcement of the MOU's provisions related to the 638 Law Enforcement Contracts.

WHEREFORE, Plaintiffs respectfully request the court: 1) grant them leave to supplement their response to the Motion to Dismiss with the attached MOU; 2) direct defendant, United States, to include in its response to Plaintiffs' discovery all documents regarding the MOU's between the Departments of Justice and Interior regarding law enforcement on the Indian Reservations for the prior six years; and 3) direct defendant to include all documents relating to these departments' interpretations and application of the related statutes and regulations regarding pay for officers and criminal investigators working under 638 Law enforcement Contracts.

RESPECTFULLY SUBMITTED this 14th day of April, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

/s/ Edward D. Fitzhugh

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs

CERTIFICATE OF MAILING

I hereby certify that on this 14th day of April, 2008, a copy of the foregoing *Plaintiffs' Motion To Supplement Response To Motion To Dismiss and Motion To Expand Scope of Discovery* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Edward D. Fitzhugh_________