# 676 MOU re Indian Law Enforcement Reform Act

**MEMORANDUM OF UNDERSTANDING
BETWEEN THE
UNITED STATES DEPARTMENT OF INTERIOR
BUREAU OF INDIAN AFFAIRS
AND THE
UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION**

## I. PURPOSE

This Memorandum of Understanding (MOU) is made by and between the United States Department of Interior (DOI) and the Department of Justice (DOJ) pursuant to the Indian Law Enforcement Reform Act (Act), 25 U.S.C. 2801 *et seq*. The purpose of this MOU is to establish guidelines regarding the respective jurisdictions of the Bureau of Indian Affairs (BIA) and the Federal Bureau of Investigation (FBI) in certain investigative matters, and to provide for the effective and efficient administration of criminal investigative service in Indian country.

## II. BUREAU OF INDIAN AFFAIRS JURISDICTION

The Act establishes a Branch of Criminal Investigations within the Division of Law Enforcement (DLE) of the BIA, which shall be responsible for providing, or for assisting in the provision of, law enforcement services in Indian country. The responsibilities of the DLE shall include, inter alia, the enforcement of federal law and, with the consent of the Indian tribe, Tribal law; and in cooperation with appropriate federal and Tribal law enforcement agencies, the investigation and presentation for prosecution of cases involving violations of 18 U.S.C. 1152 and 1153 within Indian country(and other federal offenses for which the parties have jurisdiction). In addition, the Act authorizes the Secretary of the Interior to develop interagency agreements with the Attorney General and provides for the promulgation of prosecutorial jurisdictional guidelines by United States Attorneys (USA).

## III. FEDERAL BUREAU OF INVESTIGATION JURISDICTION

The FBI derives its investigative jurisdiction in Indian country from 28 U.S.C. 533, pursuant to which the FBI was given investigative responsibility by the Attorney General. Except as provided in 18 U.S.C. 1162 (a) and (c), the jurisdiction of the FBI includes, but is not limited to, certain major crimes committed by Indians against the persons or property of Indians and non-Indians, all offenses committed by Indians against the persons or property of non-Indians and all offenses committed by non-Indians against the persons of property of Indians. *See* 18 U.S.C. 1152 and 1153.

## IV. GENERAL PROVISIONS

1. Each USA whose criminal jurisdiction includes Indian country shall develop local written guidelines outlining responsibilities of the BIA, the FBI, and the Tribal Criminal Investigators, if applicable. Local USA guidelines shall cover 18 U.S.C. 1152 and 1153 offenses and other federal offenses within the investigative jurisdiction of the parties to this MOU.
2. Any other agreements that the DOI, DOJ, and Indian Tribes may enter into with or without reimbursement of personnel or facilities of another federal, Tribal, state, or other government agency to aid in the enforcement of criminal laws of the United States shall be in accord with this MOU and applicable federal laws and regulations.
3. The Secretary will ensure that law enforcement personnel of the BIA receive adequate training, with particular attention to report writing, interviewing techniques and witnesses statements, search and seizure techniques and preservation of evidence and the crime scene. Successful completion of the basic Criminal Investigator course provided by the Department of the Treasury at the Federal Law Enforcement Training Center or its equivalent shall constitute the minimum standard of acceptable training. The BIA may consult with the FBI and other training sources with respect to such additional specialized training as may be desirable. United States Attorneys may also require, and participate in, training at the field level.
4. Any contracts awarded under the Indian Self-Determination Act to perform the function of the BIA, Branch of Criminal Investigators, must comply with all standards applicable to the Branch of Criminal Investigators, including the following:
   a. Local USA guidelines must be followed.
   b. Criminal Investigators must be certified Peace Officers and must have satisfactorily completed the basic Criminal Investigator course provided by the Department of Treasury at the Federal Law Enforcement Training Center, or an equivalent course approved by the Commissioner of Indian Affairs. Criminal Investigators will receive a minimum of 40 hours in-service training annually to keep abreast of developments in the field of criminal investigations.
   c. Compensation for Criminal Investigators must be comparable to that of BIA Criminal Investigators.
   d. Criminal Investigators must be United States citizens.
   e. Criminal Investigators must possess a high school diploma or its equivalent.
   f. No Criminal Investigator shall have been convicted of a felony offense or crime involving moral turpitude.
   g. Criminal Investigators must have documentation of semi-annual weapons qualifications.
   h. Criminal Investigators must be free from physical, emotional, or mental conditions which might adversely affect their performance as law enforcement officers.

i. Criminal Investigators must be certified by Tribal officials as having passed a comprehensive background investigation, including unannounced drug testing. Such examinations must be documented and available for inspection by the BIA.

j. Appropriate procedures shall be devised to provide adequate supervision of Criminal Investigators by qualified supervisory personnel to ensure that investigative tasks are properly completed.

k. When a tribe is awarded a contract under the Indian Self-Determination Act, 25 U.S.C. 450 (a), there must be a "phase-in" period of not less than 180 days so as to ensure an orderly transition from one law enforcement agency to another. When a Tribe retrocedes its contract for the Criminal Investigator function, there must be a one-year time period from the date of request for retrocession, or a date mutually agreed upon by the BIA and the Tribe, for the BIA to prepare for reassuming the Criminal Investigation responsibility. All case files, evidence, and related material and documents associated with active and closed investigations must be turned over to the receiving criminal investigative agency, whether it be the BIA or a Tribe.

l. Appropriate procedures shall be established with respect to the storage, transportation and destruction of, and access to, case files, evidence, and related documents and other material, with particular attention directed to the confidentiality requirements of 18 U.S.C. 3509(d) and Rule 6(e) of the Federal Rules of Criminal Procedure. Criminal Investigators shall follow these procedures at all times. Access to such material will be for official use only.

m. Before any Tribe contracts for the Criminal Investigator function, the BIA and the Tribe must ensure that there is sufficient funding to cover the costs of a Criminal Investigator program including salary, equipment, travel, training, and other related expenses arising during both the investigation stage and the litigation stage of any case or matter covered by the contract.

n. Tribal contractors must agree, and the BIA shall ensure, that there is an audit and evaluation of the overall contracted Criminal Investigator program at least every two years. Continuation of the contract shall be contingent upon successful completion of each audit and evaluation.

o. Criminal Investigators are prohibited from striking, walking off the job, feigning illness, or otherwise taking any job action that would adversely affect their responsibility and obligation to provide law enforcement services in their capacity as Criminal Investigators.

5. Any individual who is a holder of a BIA Deputy Special Officer Commission and performing duties as a Criminal Investigator must comply with the standards applicable to Criminal Investigators set forth in the preceding paragraph.

6. When either the FBI or the BIA receives information indicating a violation of law falling within the investigative jurisdiction of the other agency, the agency receiving the information will notify the other agency. If either the FBI or the BIA declines to investigate a matter within the jurisdiction of both agencies, the other agency will be notified. The FBI and the BIA will attempt to resolve jurisdictional disputes at the field level. In the event the dispute cannot be resolved, it will be reviewed by each agency's respective headquarters for resolution.

7. With respect to the use of sensitive investigative techniques, such as the nonconsensual interception of wire, oral or electronic communications and undercover operations involving any sensitive circumstance (as defined in the Attorney General's Guidelines for FBI Undercover Operations), and the investigation of organized crime matters, the FBI shall be the agency primarily responsible. Undercover operations involving sensitive circumstances shall be conducted in accordance with the Attorney General's Guidelines for FBI Undercover Operations. This paragraph is not intended to prohibit the BIA from conducting consensual eavesdropping or undercover operations not involving a sensitive circumstance or utilizing other nonsensitive investigative techniques after proper training and when authorized by the appropriate United States Attorney.

8. Nothing in this MOU is intended to change any existing cooperative relationships and responsibilities between the BIA and the FBI, and nothing in this MOU shall invalidate or diminish any law enforcement authority or responsibility of either agency.

9. Consistent with the availability of resources, the FBI will offer specialized training to the BIA.

10. Consistent with limitations regarding confidentiality, the requirements of the Privacy Act and any other applicable laws, and respective policies and procedures, the BIA and the FBI will cooperate on investigative matters of mutual interest, exchange intelligence, and investigative reports, as appropriate.

11. To the extent possible and in consideration of limited resources, the FBI will continue to assist the BIA in its investigative matters by providing investigative support services through the Identification Division, Training Division, Criminal Investigative Division and Laboratory Division.

This document constitutes the full and complete agreement between the BIA and the FBI. Modifications to this MOU will have no force and effect unless and until such modifications are reduced to writing and signed by an authorized representative of the parties thereto. This MOU will, at regular intervals, be subjected to a thorough review to determine if changes are appropriate.

The provisions set forth in this MOU are solely for the purpose of internal guidance of components of the Department of the Interior and the Department of Justice. This MOU does not, is not intended to, shall not be construed to, and may

not be relied upon to, create any substantive or procedural rights enforceable at law by any party in any matter, civil, or criminal. This MOU does not, is not intended to, and shall not be construed to, exclude, supplant or limit otherwise lawful activities of the Department of Interior or the Department of Justice. By subscription of their signatures below, the parties acknowledge that they have read, understand, and will abide by the foregoing statements.

Bruce Babbitt
Secretary
United States Department of Interior
September 3, 1993

Janet Reno
Attorney General
United States Department of Justice
November 22, 1993