IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DARRELL BOYE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-195<br>Judge Sweeney |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT RESPONSE TO MOTION TO DISMISS AND MOTION TO EXPAND SCOPE OF DISCOVERY**

Pursuant to Rule 7.2(a) of the Rules of the Court of Federal Claims ("RCFC"), defendant, United States, respectfully submits this opposition to the Plaintiffs' Motion to Supplement Response to Motion to Dismiss and Motion to Expand Scope of Discovery. The plaintiffs' motion concerns a 1993 Memorandum of Understanding between the Department of Justice and the Department of Interior. The plaintiffs seek to supplement their response to our motion to dismiss with this document. In addition, they seek to expand the limited scope of discovery permitted in this matter to include all documents related to any Memoranda of Understanding between the Department of Justice and the Department of the Interior from 2001 through 2007, as well as all documents related to the interpretation and application, by the Department of Justice and the Department of the Interior, of the statutes and regulations concerning pay pursuant to the contracts at issue in this dispute (the "638 Contracts").

Although the Memorandum of Understanding is in no way relevant to the matters currently before the Court, and even though plaintiffs' request is untimely, we do not oppose the granting of plaintiffs' motion to supplement its response. We respectfully

request, however, that this Court deny plaintiffs' motion to expand the scope of discovery in its entirety.

QUESTION PRESENTED

Should the plaintiffs be prohibited from seeking additional discovery outside the scope of that set forth in the Court's March 4, 2008, order?

BACKGROUND

As established in our motion to dismiss, the complaint that is currently before the Court is the fourth complaint filed by the plaintiffs alleging similar pay-related claims. The plaintiffs allege that they are past and present employees of the Navajo Nation in the field of law enforcement. Compl. at ¶ III & IV. As in their prior complaints, the plaintiffs allege that they have not received the pay to which they are entitled. Id. at ¶ V. In this complaint, their claim is one of breach of contract. Specifically, they allege that they are third-party beneficiaries of the 638 Contracts between their employer, the Navajo Nation, and the Bureau of Indian Affairs, which allegedly require that they be paid the same as their BIA counterparts. Id. at ¶¶ VII-XIII.

We filed a motion to dismiss the plaintiffs' complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), and claim preclusion. In our motion, we established the following: (1) the plaintiffs are not parties to any contract with the Government, nor are they third-party beneficiaries to the 638 Contracts; (2) the plaintiffs are not employees of the BIA; (3) the plaintiffs have pointed to no money-mandating legal provision entitling them to relief; (4) the Indian Tucker Act does not permit this Court to assert jurisdiction over the plaintiffs' claims; (5) the only breach the plaintiffs have identified is

an alleged breach of BIA's alleged duty to investigate the plaintiffs' pay, a duty which does not appear in the 638 Contracts; (6) all claims regarding pay prior to 2001 are barred by the applicable statute of limitations; and (7) the plaintiffs' complaint is barred by claim preclusion. Docket Nos. 11, 15.

The plaintiffs then sought a stay to permit discovery. Docket No. 17. The Court granted the plaintiffs limited discovery as to the matters in the our motion to dismiss, Docket No. 20, and the plaintiffs subsequently served discovery which exceeded the scope of the Court's order. Accordingly, we brought a motion for protective order, Docket No. 23, which the Court granted in part and denied in part. Docket No. 34 (March 4, 2008 Order). In rejecting the plaintiffs' broad document requests, the Court specifically stated that the plaintiffs did not "indicate how the requested documents and depositions [would] provide them the evidence necessary to establish jurisdiction in this [C]ourt pursuant to their third-party beneficiary theory, or otherwise." Order, 6. Similarly, the Court found that plaintiffs had not "identified how any of the requested discovery bears upon the intent of the contracting parties—the BIA and the Navajo DPS—to benefit them." Order, 8. In addition, the Court found that the plaintiffs were not entitled to any documents predating 2001. Order, 7. Finally, the Court found, "that plaintiffs are not entitled to any of the requested discovery, beyond the already-produced contracts, for the purposes of establishing whether the relevant contracts at issue describe a nondelegable duty for the BIA to investigate and ensure that plaintiffs are being properly paid." Order, 10.

The Court permitted the plaintiffs to propound interrogatories on "the sole issue of whether the BIA intended to benefit plaintiffs when it entered into the contract."

Order, 10. The plaintiffs propounded three sets of interrogatories, numbering nineteen each (including subparts). Only two of each set fell within the scope of the Court's Order. We responded to these and objected to the remaining ones.

The Court also permitted the plaintiffs to obtain the following production of documents:

> (1) The relevant 638 Contracts for the years 2001 through 2007;
> (2) The documents related to the interpretation of the "pay provisions" of the relevant 638 Contracts for the years 2001 through 2007;
> (3) The correspondence between the BIA and the Navajo Nation that relates to the interpretation of the "pay provisions" of the relevant 638 Contracts for the years 2001 through 2007; and

Order, 10. As we had already produced all non-privileged documents that we could locate which fell into these three categories of documents, we produced no further documents to the plaintiffs. Nevertheless, the plaintiffs wrote to undersigned counsel seeking additional discovery outside of the scope of the Court's order, namely documents concerning the accounting of the 638 Contracts. In addition, the plaintiffs filed this motion seeking further additional discovery.

## ARGUMENT

### I. The 1993 Memorandum of Understanding Is Irrelevant

The purported basis for the plaintiffs' motion is a 1993 Memorandum of Understanding which is irrelevant to the sole issue upon which this Court has permitted discovery—namely, whether the Bureau of Indian Affairs ("BIA")[1] and the Navajo Nation expressed an intent to benefit the plaintiffs in the 638 Contracts. On its face, the Memorandum of Understanding does not bear at all on this question of intent. First, there is nothing in the Memorandum of Understanding which states that the BIA and the

[1] The BIA is sub-agency within the Department of the Interior.

Navajo Nation intended to benefit the plaintiffs when they entered into the 638 Contracts at issue. Second, the Memorandum explicitly disavows any attempt to read it as having any bearing on these contracts. It states:

> The provisions set forth in this MOU are solely for the purpose of internal guidance of components of the Department of the Interior and the Department of Justice. This MOU does not, is not intended to, shall not be construed to, and may not be relied upon to, create any substantive or procedural rights enforceable at law by any party in any matter, civil, or criminal. This MOU does not, is not intended to, and shall not be construed to, exclude, supplant or limit otherwise lawful activities of the Department of [the] Interior or the Department of Justice.

Accordingly, by its plain terms, this Memorandum cannot be used by the plaintiffs to demonstrate the intent of the BIA and the Navajo Nation with respect to the 638 Contracts at issue. Furthermore, even if this Memorandum did bear on the issue of intent, it is still irrelevant to the pending motion to dismiss because it predates the 638 Contracts at issue by nearly ten years.

In addition to asserting that the Memorandum supports their third-party beneficiary theory, the plaintiffs assert that it supports their claim that the United States "had a duty to ensure that Plaintiffs received the contracted rate of pay." Motion, 1. This Court has already rejected the plaintiffs' request for discovery bearing on this alleged duty, finding that plaintiffs do not require extrinsic evidence on the question of whether the 638 Contracts contain such a duty because they do not assert that the contractual language is ambiguous. March 4, 2008 Order, at 10. Because this Memorandum is irrelevant to both of the questions at issue in the motion to dismiss, this Court should not permit the plaintiffs additional discovery on the basis of this Memorandum.

## II. The Plaintiffs Should Be Prohibited From Obtaining Discovery Concerning MOUs As This Discovery Is Outside The Scope Of The Court's Order

The additional discovery sought by the plaintiffs is plainly outside the scope of the Court's order.[2] As a preliminary matter, plaintiffs' motion appears to assume the existence of Memoranda of Understanding between the Department of Justice and the Department of the Interior during the 2001 through 2007 time frame. The plaintiffs have not set forth any basis for this assumption. In any event, the one Memorandum that plaintiffs have pointed to does not bear on the intent question in the slightest, as demonstrated above. Even if it somehow related to the BIA's intent when entering into the 638 Contracts, it certainly does not set forth the mutual intent of the contracting parties to the 638 Contracts, namely the BIA and the Navajo Nation, given that the Navajo Nation is not a party to the Memorandum. Accordingly, it is not reasonable to conclude that the production of later Memoranda, should they exist, would lead to the discovery of admissible evidence on the intent question. Because the intent of the BIA and the Navajo Nation to benefit the plaintiffs is the sole issue upon which this Court has permitted discovery, this Court should prohibit the plaintiffs from seeking this additional discovery.

[2] Plaintiffs ask that the Court "order that Plaintiffs' pending Request for Production, Nos. 1 and 2, be expanded to include" the two additional categories of documents set forth in their motion. Motion, 3. It is unclear whether, on the one hand, the Plaintiffs believe that these two additional categories of documents fall within the categories of documents permitted by the Court, or, on the other hand, the Plaintiffs are seeking reconsideration of the Court's order for the specific purpose of having this Court add these two categories of documents to the categories permitted by the March 4, 2008 order. We have established in this brief that these categories of documents would not bear on the question of intent, and therefore fall outside the scope of the Court's order. Further, reconsideration of the Court's order is not warranted as the Court properly found that the plaintiffs are not entitled to any documents besides those set forth in its order.

III. The Plaintiffs Should Be Prohibited From Obtaining Discovery Concerning The Department of Justice And Department Of Interior As This Discovery Is Outside The Scope Of The Court's Order

The plaintiffs' request for documents from the Department of the Interior and the Department of Justice on the pay-related statutes at issue is similarly beyond the scope of this Court's order. Such documents would not bear on the intent of the BIA and the Navajo Nation to benefit the plaintiffs via the 638 Contracts. To the extent that the BIA generated documents bearing on this intent with respect to the 638 Contracts for 2001 through 2007, these documents have already been produced. Any documents that may have been generated by the Department of Justice, a wholly independent agency, with respect to a 638 Contract to which it is not a party, are simply irrelevant to the intent of the BIA and the Navajo Nation. This additional discovery should be prohibited.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the plaintiffs' motion to expand the scope of discovery.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

Of Counsel:
JAMES L. WEINER
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

May 1, 2008

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624
Attorneys for Respondent

CERTIFICATE OF FILING

I hereby certify that on this 1st day of May 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT RESPONSE TO MOTION TO DISMISS AND MOTION TO EXPAND SCOPE OF DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah