IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DARRELL BOYE, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 07-195<br>Judge Sweeney |

**JOINT STATUS REPORT**

Pursuant to the Court's March 4, 2008 Order, the plaintiffs and the defendant, the United States, respectfully submit the following joint status report. Despite diligent efforts, the parties were unable to agree upon a joint statement of status. Accordingly, the following report provides the parties respective suggestions for further proceedings:

1. Discovery: Defendant's Position

The plaintiffs served interrogatories on the defendant March 21, 2008, consisting of three sets of interrogatories numbering nineteen each, including subparts. The three sets of interrogatories were directed to Awarding Official Sharon Pinto, Awarding Official Dolores F. Torrez, and to "any other Awarding Official assigned to the 638 Law Enforcement Contracts between the Navajo Nation and the United States between 2001-2007."

With respect to the interrogatories directed to Sharon Pinto, the defendant provided responses to two of the interrogatories, objecting to the remaining interrogatories as being outside the scope of the Court's Order of March 4, 2008 permitting interrogatories "on the sole issue of whether the BIA intended to benefit plaintiffs when it entered into the contract." Order, 10. With respect to the interrogatories directed to Dolores F. Torrez, the defendant responded that, after making a good faith effort, it has been unable to locate Ms. Torrez, who is retired. The

defendant stated that it would continue to search for Ms. Torrez and supplement its responses accordingly if it was able to locate her. With respect to the final set of interrogatories, the defendant responded that there were no other Bureau of Indian Affairs ("BIA") Awarding Officials besides Sharon Pinto and Dolores F. Torrez assigned to administer the 638 Law Enforcement Contract between 2001 and 2007.

The plaintiffs wrote to the defendant on April 28, 2008, requesting that the defendant complete its interrogatory responses and supplement its document production, asserting that the documentation generated by the Awarding Official's Technical Representative would address the "obvious discrepancies in pay highlighted by the accounting reports." The defendant responded that its interrogatory responses and document production were complete (with the exception of Ms. Torrez, should the defendant locate her).

2. Discovery: Plaintiffs' Position

Plaintiffs have continually complained that they have not had access to documents necessary to support their claims. After two briefings and a hearing on discovery Plaintiffs are in no better position than the inception of this case. Plaintiffs advantage is that the plain meaning of the relevant provision in the contracts and accompanying CFR's unequivocally support their position.

Initially, the court permitted Plaintiffs a short period of discovery. Other than produce portions of contracts for the period 2001-2007 and sections of the BIA handbook, Defendant refused to comply with Plaintiffs Requested Discovery. In response to Defendant's Motion for Protective Order, the court ordered additional briefing on the relevance of the requested discovery. At the hearing the parties made their arguments regarding the necessity of discovery to address the issues raised in Defendant's Motion to Dismiss. The result of the additional

briefing and the parties arguments was a very detailed order on the scope of discovery. In part, the court's order detailed the interrogatories that could be submitted to the "awarding officials". These are the persons who have direct responsibility to administer these particular contracts and ensure that their provisions, including those at issue were complied with.

Defendant never objected to any of the specifics of the court's order. Plaintiffs promptly submitted their requested discovery. Defendant never complained to the court that any of the requested discovery was beyond the scope of the order or communicated with Plaintiffs' counsel to discuss any concerns. Instead, as it had done before, Defendant waited until the last day of the due date for a response, to submit a blanket objection. Defendant refuses to produce a single document or respond to the interrogatories. Defendant's blatant stonewalling and willful disregard of the court's detailed discovery orders support imposition of Rule 37 sanctions.

Plaintiffs will submit yet another Motion to Compel Discovery and request the court impose the appropriate sanctions.

3. Further Briefing: Defendant's Proposal

The United States proposes the following schedule for further briefing:

- By May 30, 2008, the plaintiffs file a surreply to the Defendant's Motion to Dismiss setting forth any other grounds of opposition based upon the discovery responses; and
- By June 20, 2008, the defendant files a sur-surreply responding only to any new issues raised by the plaintiffs in their surreply.

Should the Court grant the plaintiffs' motion to expand discovery, the United States hereby requests that the parties be permitted to submit an additional Joint Status Report revising the proposed briefing schedule set forth above.

4. Further Briefing: Plaintiffs' Proposal

Plaintiffs request the following:

1) That the parties be permitted to fully brief the Motion to Compel Discovery.

2) That the court hold a hearing to determine the appropriate sanctions to impose on Defendant and the future course of discovery.

3) That the court determine a final hearing date on Defendant's Stayed Motion to Dismiss.

Respectfully submitted,

s/ Edward D. Fitzhugh
EDWARD D. FITZHUGH
Law Offices of Edward D. Fitzhugh
2059 E. La Vieve Lane
Tempe, AZ 85285-4238
Tel: (480) 752-2200
Fax: (480) 752-2112

Attorney for Plaintiffs

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624
Attorneys for Respondent

May 9, 2008

CERTIFICATE OF FILING

I hereby certify that on this 9th day of May 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah