IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | |
| | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' REPLY IN MOTION TO SUPPLEMENT RESPONSE TO DEFENDANT'S [CORRECTED] MOTION TO DISMISS AND TO EXPAND DISCOVERY**

Defendant's Response does not object to the court's consideration of the memorandum of Understanding (MOU) between the Department of Justice and the BIA in support of Plaintiffs' Response to Motion to Dismiss. Yet, Defendant claims the same MOU has no relevance to the issues and is not a legitimate basis for Plaintiffs request to expand discovery. The relevant provisions in the MOU are not mere surplusage. They are included to comply with statutory and regulatory standards. Evidence of the Attorney General's adherence to these laws is relevant evidence for the court's consideration.

The primary issues before the court on Defendant's Motion to Dismiss are whether Plaintiffs were the intended beneficiaries of the pay provisions contained in each of the 638 Law Enforcement Contracts[1] and whether Defendant had a duty to ensure

[1] The issue of whether Plaintiffs were the intended beneficiaries of the contract pay provisions appears to be resolved. In the two non-uniform interrogatories it did respond to, Defendant concedes Section 106 of the 638 Law Enforcement Contract requires that Navajo DPS Officers be paid at a rate equal to or greater than their BIA counterparts. (See Exhibit 1, Response to Non-Uniform Interrogatories No. 2 and 4). Defendant qualifies this admission by claiming the rate of pay is subject to the availability of funds as stated in provision 101 of the Annual Funding Agreement. ("AFA") (Exhibit 1, Response to Non-Uniform Interrogatory Nos. 2 and 4). This argument has multiple inaccuracies. The Annual Funding Agreement pertains to direct and indirect costs incurred by the tribe that would not normally be incurred by the government had it

Plaintiffs were paid at the rate required in those contract provisions.

While irrelevant, Defendant's Opposition pleading continues to claim there have been four separate lawsuits (at p.2). Plaintiffs continue to correct the government that there was one lawsuit, the additional lawsuits added new Plaintiffs. The court should note that US District Court Judge Earl Carroll dismissed the original lawsuit but subsequently granted Plaintiffs a new trial. Plaintiffs decided the lawsuit was more appropriately before this court. Defendant's Opposition also reiterates the arguments contained in its Motion to Dismiss along with a subjective interpretation of the discovery issues.

The subject MOU is relevant because it contains the same provisions as the 638 Law Enforcement "contracts regarding rates" of pay and the requirement that the BIA "ensure" that this and other provisions of the contract are complied with. "Continuation of the program (MOU) is contingent on an audit and evaluation proving compliance" ¶ 4 (n). The MOU is relevant because it is authorized by 25 USC 2804, part of the Indian Law Enforcement Act 25 USC 2801. et. seq. This same act imposes the responsibility

---

performed the function.
Wages are included in what is termed the "secretarial amount" the amount it would have cost the government to perform this function. [Hence the statutory requirement that 638 Law Enforcement officers be paid at the same rate as their BIA officers performing the same responsibilities].
Defendant's claim that the AFA can limit the government's funding obligation was rejected by the Supreme Court in *Cherokee Nation of Oklahoma v. Leavitt*. 543 US 631 (March 2005) In Leavitt, the Department of the Interior sought to avoid paying second tier costs termed "contract support costs" (CSCs). Contract support costs are costs that a Tribe incurs in operating a program that the Secretary would not incur if he were directly administering the program 25 USC 45- j-1(a)(2). at 634. By definition, therefore, funding for CSC's is over and above what the secretary would require to operate the same program directly. The Supreme Court ruled that the Annual Funding Agreement "subject to the availability of appropriations" provision does not permit the government to avoid paying CSCs . The AFA certainly cannot be utilized to avoid paying the Tribe the amount it would have cost the government to operate the same program.

for law enforcement on the Indian Reservations on the secretary "acting through the Bureau" 25 USC 2802(a) and authorizes the secretary to contract with Indian Tribes to provide those same law enforcement services 25 USC 2802(d)(4). Regardless, the same personnel standards, education, experience and classification of positions apply to both means of providing law enforcement 25 USC 2802(e). The same statute includes the requirement that BIA personnel or contracted 638 Law Enforcement personnel be paid at the same rate. 25 USC 2802(e)(2)(3).

The Act permits the secretary to enter into agreements with other agencies, particularly the Attorney General, for the enforcement of tribal, state and federal law on Indian Reservations. 25 USC 2804. Certainly the Attorney General included the pay rate and ensuring provisions in the MOU as that agency's understanding of the applicable law. If the government insists the BIA has a different interpretation of these provisions and related statutes then evidence of the Attorney General's interpretation is very relevant.

## EXPANDED DISCOVERY

The MOU requires that the secretary provide proof to the DOJ that it is ensuring that the 638 Law Enforcement Officers and Criminal Investigators are being paid at the same rate as their BIA counterparts. Discovery that the secretary has complied with the terms of the MOU is further proof supporting Plaintiffs plain reading of these statutes, regulations and contract provisions intended to benefit them.

**CONCLUSION**

The MOU is another agency's interpretation of the statutes and contractual provisions at issue. Such evidence support Plaintiffs claims.

RESPECTFULLY SUBMITTED this 19th day of May, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

/s/ Edward D. Fitzhugh
Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on this 19th day of May, 2008, a copy of the foregoing "Plaintiffs' Reply In Motion to Supplement Response to Defendant's [Corrected] Motion to Dismiss and To Expand Discovery" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Edward D. Fitzhugh__________