IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DARRELL BOYE, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 07-195<br>Judge Sweeney |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (DIRECTED TO DOLORES F. TORREZ)[1]**

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, the United States, submits the following objections and responses to the plaintiffs' first set of interrogatories. The following responses are based upon Defendant's current knowledge, information and belief after making reasonable inquiry. Defendant expressly reserves the right to modify or supplement its responses as it discovers additional information relevant to these interrogatories. Defendant objects and responds to plaintiff's first set of interrogatories as follows:

GENERAL OBJECTIONS

The following general objections are stated with respect to each interrogatory or document request regardless of whether specifically identified in response thereto:

1. Defendant objects to each request to the extent that they are beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order. In that order, the Court

[1] Although Plaintiffs' Interrogatories make reference to "Delores Torrez," Defendant understands that this is a reference to Dolores F. Torrez, a retired Bureau of Indian Affairs ("BIA") Awarding Official formerly assigned to the 638 contracts for law enforcement officers and criminal investigators.

stated, with respect to interrogatories, that the plaintiffs were entitled to:

> The interrogatory responses of the "Awarding Officials" of the relevant 638 contracts for the years 2001 through 2007, on the sole issue of whether the BIA intended to benefit plaintiffs when it entered into the contract.

2. Defendant objects to each request to the extent that they seek to impose upon defendant burdens that are inconsistent with, or not otherwise authorized by, the Rules of the Court of Federal Claims or any order entered by this Court. Defendant will construe and respond to the interrogatories in a manner consistent with the Rules of the Court of Federal Claims, and not otherwise.

3. Defendant objects to these interrogatories to the extent that they would require release of information or production of documents that are exempt from disclosure, including, but not limited to, information or documents that are exempt from disclosure by virtue of the attorney-client privilege, the attorney work-product privilege, and/or the Privacy Act of 1974, 5 U.S.C. § 552a, et seq. Defendant further objects to these interrogatories to the extent that they would require release of otherwise protectable information.

4. Defendant objects to Interrogatories No. 3-11 below to the extent that they seek to impose upon defendant burdens that are inconsistent with the RCFC. Specifically, under Rule 33(a) of the RCFC, a party may not serve interrogatories more than 25 in number, including all discrete subparts, absent leave of Court or written stipulation, neither of which has occurred in this case.

<u>RESPONSES TO INTERROGATORIES</u>

<u>INTERROGATORY NO. 1</u>:

For the time between 2001-2007 during which you were the awarding official administering 638 Law Enforcement Contracts between the Navajo Nation and the United States

were you aware that Navajo DPS police officers and/or criminal investigators were paid at a different rate than BIA police officers and criminal investigators "with similar responsibilities"?

RESPONSE TO INTERROGATORY NO. 1:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 1(A):

If your response is yes, state in detail the actions you took in regard to this information.

RESPONSE TO INTERROGATORY NO. 1(A):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 1(B):

If you believed it was permitted that Navajo DPS police officers and criminal investigators be paid a different rate than BIA police officers and criminal investigators "with similar responsibilities," list the basis for that belief including the specific name, date of publication and page number of any directive, manual handbook or other written authority that allowed this difference in rate of pay.

RESPONSE TO INTERROGATORY NO. 1(B):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 1(C):

If your response was no, was it your understanding that Navajo DPS police officers and criminal investigators were being paid at the same rate as BIA police officers and criminal investigators "with similar responsibilities."

RESPONSE TO INTERROGATORY NO. 1(C):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 1(D):

What information or documents (the title, date of publication and page(s)) did you rely on to conclude they were being paid at the same rate.

RESPONSE TO INTERROGATORY NO. 1(D):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 2:

As the awarding official of the 638 Law Enforcement Contract, explain your understanding of contract provision 106:"Salaries" contained in the documents Statement of Work (See Exhibit 1).

RESPONSE TO INTERROGATORY NO. 2:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order. Defendant also specifically objects to the extent that this

interrogatory seeks a response regarding contracts other than the 638 Law Enforcement contracts for which Dolores F. Torrez was the awarding official. Accordingly, the response below is restricted solely to those 638 Law Enforcement contracts for which Dolores F. Torrez was the awarding official.

Subject to the foregoing objections, Defendant responds that Delores Torrez has retired from the Bureau of Indian Affairs ("BIA"). We have made a good faith effort to search for her, but have been unable to locate her. We will continue to attempt to locate Ms. Torrez, and will supplement our response if additional information is discovered.

INTERROGATORY NO. 3:

Explain your understanding of the requirement regarding the amounts to be paid police officers contained in 25 C.F.R. Section 12.34 (See Exhibit 2).

RESPONSE TO INTERROGATORY NO. 3:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 4:

In the attached Law Enforcement Contracts provision 106: Salaries, who does the first "Law Enforcement officers" phrase pertain to? (Exhibit 1)

RESPONSE TO INTERROGATORY NO. 4:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order. Defendant also specifically objects to the extent that this interrogatory seeks a response regarding contracts other than the 638 Law Enforcement contracts

for which Dolores F. Torrez was the awarding official. Accordingly, the response below is restricted solely to those 638 Law Enforcement contracts for which Dolores F. Torrez was the awarding official.

Subject to the foregoing objections, Defendant responds that Delores Torrez has retired from the BIA. We have made a good faith effort to search for her, but have been unable to locate her. We will continue to attempt to locate Ms. Torrez, and will supplement our response if additional information is discovered.

INTERROGATORY NO. 5:

Have you ever been advised by the AOTR, the Navajo Nation and/or the Navajo Department/Division of Public Safety or any other infividual organization, that Navajo Nation DPS police officers and/or criminal investigators were paid at a rate less than the contract rate required by provision 106: "Salaries" contained in the document Statement of Work (Exhibit 1).

RESPONSE TO INTERROGATORY NO. 5:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 6:

If you were at any time advised that Navajo DPS police officers and/or criminal investigators were paid at a rate less than the contract rate required by provision 106: "Salaries" contained in the document Statement of Work (Exhibit 1), provide an explanation of the procedure followed to investigate the violation of the contract provision.

RESPONSE TO INTERROGATORY NO. 6:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 7:

Have you at any time been informed that Navajo DPS Law Enforcement officers and criminal investigators could be paid at a rate lower than the salaries paid law enforcement officers and criminal investigators with similar responsibilities employed directly by the Bureau of Indian Affairs.

RESPONSE TO INTERROGATORY NO. 7:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 8:

List the title, date of publication and page(s) of any and all rules, regulations, directives or statutes stating that Navajo DPS Law Enforcement officers and criminal investigators could be paid at a lesser rate than the salaries paid law enforcement officers and criminal investigators with similar responsibilities employed directly by the Bureau of Indian Affairs.

RESPONSE TO INTERROGATORY NO. 8:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 9:

List any and all documents including, but not limited to, books, manuals, pamphlets utilized by awarding officials to administer, interpret and/or enforce the terms of the 638 Law Enforcement Contracts, Annual Funding Agreement and Statements of Work. (Exhibits 1, 3 and 4).

RESPONSE TO INTERROGATORY NO. 9:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 10:

Did the proposed plan of the "Awarding Official Technical Representative" (AOTR) (Exhibit 5) include a method for monitoring provision 106: Salaries for police officers and criminal investigators.

RESPONSE TO INTERROGATORY NO. 10:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 10(A):

If no, why there was no established method for monitoring this provision.

RESPONSE TO INTERROGATORY NO. 10(A):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 10(B):

If there was a method for monitoring provision 106: Salaries, please state its entire terms and the current location of the documents containing this method.

RESPONSE TO INTERROGATORY NO. 10(B):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 11:

Describe each and every procedure utilized to insure that each of the provisions of the Statements of Work (Exhibit 1) were complied with by the contractor (Navajo DPS).

RESPONSE TO INTERROGATORY NO. 11:

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 11(A):

Were documents produced by the contractor (Navajo DPS) as proof of compliance with the provisions of the Statements of Work reviewed by other department and/or persons?

RESPONSE TO INTERROGATORY NO. 11(A):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008 order.

INTERROGATORY NO. 11(B):

If so, state the name(s) of each department and/or persons.

RESPONSE TO INTERROGATORY NO. 11(B):

In addition to the general objections set forth above, Defendant specifically objects to this interrogatory upon the ground that it is beyond the scope of the limited discovery permitted by the Court in its March 4, 2008, order.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624
Attorneys for Respondent

Of Counsel:
JAMES L. WEINER
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

April 21, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of April 2008, I caused to be placed in the United States mail (first class mail, postage prepaid) copies of "Defendant's Responses and Objections to Plaintiffs' First Set of Interrogatories (Directed to Dolores F. Torrez)" addressed as follows:

Edward D. Fitzhugh
Law Offices of Edward D. Fitzhugh
2059 E. La Vieve Lane
Tempe, AZ 85285-4238

