IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | |
| | ) | No. 07-195C |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

As it had done in the past Defendant refuses to comply with requested discovery. This time however, Defendant's refusal to cooperate violates a court order. After input from the parties, the court's order specified the exact scope of discovery. As the court will read, Plaintiffs' discovery requests adhered to the parameters of the court's order. In contrast, Defendant refused even a superficial showing of an attempt to comply. Such continued refusal to cooperate supports sanctions against Defendant under Rule 37 RCP.

The discovery issue began when Defendant filed a Motion For Protective Order complaining of the content and scope of Plaintiffs' requested discovery.

The court ordered briefing on the proposed scope and relevancy of discovery. During the interim Plaintiffs' counsel corresponded with Defense counsel offering compromises and to meet in Washington, D.C. and discuss the issues. The offers were rejected.

The issues before the court are: could Plaintiffs reasonably be interpreted as intended third party beneficiaries to the pay provisions in the contract and the government's duty to insure compliance?

During the March 3, 2008 hearing, different proposals on the content of discovery were discussed, the court raised questions regarding the expected results of certain discovery, for example: Which of defendant's employees would likely have the best knowledge of the monitoring and enforcing the contract provisions?

A. PLAINTIFF'S NON-UNIFORM INTERROGATORIES

The court issued a compromise order with concise parameters for discovery. For example, rather than permit Plaintiffs' requested depositions of "awarding officials" [1] the court permitted interrogatories requesting the awarding officials' interpretation of the contract pay provisions at issue as well as questions related to any and all measures the awarding officials took to insure compliance with the contract provisions.

The court's order permitted Plaintiffs to submit non-uniform interrogatories to each of the awarding officials as follows:

> Plaintiffs may propound interrogatories on the "Awarding Official" of the relevant 638 contracts for 2001 through 2007, on the sole issue of whether the BIA intended to benefit Plaintiffs when it entered in to the contract". Order at pg. 10.
>
> **NOTE**: Defendant's disclosed to Plaintiffs a copy of a letter to President Shirley, attached to the 2007 contract, including the requirements pursuant to the Statement of Work. In the Statement of Work, Sec. 106 Codifies that 25 CFR 12.33 - 12.34 govern the salaries section and are the defining authority for the specified pay standards. (Exhibit 2, See Defendant Bates #1290-1319) (CFR 12.33 and 12.34 are the regulations that specifically require that 638 Law Enforcement Officers be paid the same rate as their BIA counterparts).

---

[1] Awarding Officials are those government employees having direct responsibility for administering the subject 638 Law Enforcement Contracts. These awarding officials insure the terms of the contract are being complied with as well as reviewing periodic reports accounting and results of audits. At the hearing defense counsel acknowledged these were the persons who administered these contracts and had knowledge.

Defendant never objected or requested clarification of the order from the court. Upon receipt of the interrogatories, defense counsel never contacted Plaintiffs' counsel to discuss the content. Attached are copies of the interrogatories to the awarding officials, with Defendant's Responses. (Exhibit 1).

Strictly adhering to the parameters of the court's order Plaintiffs asked the awarding officials the following questions:

> Were you aware these Plaintiffs (Navajo DPS officers and criminal investigators employed through a 638 Law Enforcement Contract) were paid at a rate different than the rate paid BIA officers and criminal investigators with similar responsibilities (**Non-Uniform Interrogatory No. 1**); cite the basis/authority for the belief they were paid the same or at a different rate. (**Non-Uniform Interrogatory No. 1, A-D**); whether the awarding official had learned that Plaintiffs were paid at a lesser rate, (**Non-Uniform Interrogatory No. 6**); and to identify the person(s) and/or publications authorizing the difference in pay. (**Non-Uniform Interrogatory, No. 7, 8, 9**). To identify all person(s) and procedures to ensure compliance with the contract pay provisions (**Non-Uniform Interrogatory No. 10, 11**). (Exhibit 1).

Yet, in a deliberate challenge to the court's order, Defendant refused to respond to Plaintiffs' questions.[2] As an example of Defendant's arrogance, Defendant, submitted the following generic objections to each of the requested interrogatories: "beyond the scope of limited discovery permitted by the court in its March 4, 2008 order"; "Defendant objects to each request to the extent that they seek to impose upon defendant

---

[2] In the one and only response provided by Defendant to Plaintiffs' interrogatories, Defendant concedes and acknowledges that Navajo DPS police officers' and criminal investigators' salaries must be equal to or greater than the salaries of their BIA counterparts. Defendants claim, however, that this requirement is "subject to the availability of funds, pursuant to provision 101 of the Statement of Work". (Exhibit 1, at pg. 5). Plaintiffs pointed out that in 2006 the Supreme Court in *Moore v. Chertoff*, 00-953 Filed in Dist. Ct. for D.C., specifically rejected "subject to the availability of funds" argument.

burdens that are inconsistent with or not otherwise authorized by the Rules of the court of Federal Claims"; "Defendant objects to these interrogatories to the extent that they would require release of information or production of documents that are exempt from disclosure including, but not limited to, information or documents that are exempt from disclosure by virtue of the attorney-client privilege, the attorney work-product privilege, and/or the Privacy Act of 1974 5 USC 552(a) et. seq." (See Exhibit 1).

As the court can clearly see, rather than confer with Plaintiffs' counsel or obtain direction from the court, Defendant claims that Plaintiffs' discovery requests were not within the scope of the court's order and simply refused to respond.

B. COURT AUTHORIZED REQUEST FOR PRODUCTION

The court's March 4, 2008 Order also directed Defendants to produce to Plaintiffs the following documents::

> The relevant 638 Contracts for the years 2001-2007. Order, Pg. 10. Interpretation of the pay provisions of the related 638 Contracts . . . and any other provision that directly relates to the pay or benefits to be paid pursuant to the contracts. (Pg. 8 & 10).
>
> Correspondence between the BIA and the Navajo Nation that relates to the interpretation of the "pay provisions" of the relevant 638 Contracts . . . and any other provision that directly relates to the pay or benefits. (Pg. 10).

Defendant did not produce a single court-ordered document. Yet, as pointed out to Defendant, the letter from the awarding official to the Awarding Official's Technical Representative ("AOTR") (Exhibit 3) requires several documents to be generated and maintained regarding contract compliance and enforcement specifically related to the pay provisions at issue:

> I have discussed your appointment with your immediate supervisor who understands that your AOTR duties will be in addition to your regular Bureau responsibilities.
>
> The duties and responsibility of the AOTR shall include, but are not limited to, the following:
>
> (b) Prepare a plan for monitoring the contract and submit it to the Awarding official within 45 calendar days of receipt of the designation memorandum.
>
> (d) Advise the tribal organization of any violation of the contract terms and provisions and promptly bring the matter to the attention of the Awarding Official if the tribal organization fails or is unable to correct or stop the violation.
> (Exhibit 3).

These referenced documents are unequivocally within the scope of the documents the court ordered Plaintiffs could obtain.

C. CONCLUSION

Defendant continues to maintain the baffling and untenable position that it is not subject to the court ordered discovery. The discovery requested by Plaintiff is well within the scope of the court's order. Plaintiffs have, in good faith, attempted to confer with defendant to secure the requested discovery. However, after correspondence between counsel, it is clear that court intervention is required for Plaintiffs' to obtain the requested information.

The government's intransigence on discovery in this case is not unique. The court is likely aware of other current cases in which simply refuses to cooperate with discovery. Attached hereto is a recent article regarding the Secret Service refusal to

produce documents despite multiple sanctions. (*Moore v. Chertoff*, 00-953 Filed in Dist. Ct. for D.C.).

Beyond ordering compliance with Plaintiffs' requested discovery the court as a sanction deem the government had the duty to investigate and enforce compliance with the pay provisions. The sanction is not extreme, the multiple documents continually acknowledge such a duty. The parties can then proceed to the next issues in the case.

RESPECTFULLY SUBMITTED this 19th day of June, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

/s/ Edward D. Fitzhugh
Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on this 19th day of June, 2008, a copy of the foregoing *Plaintiffs' Motion to Compel Discovery* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Barbara K. Dean