IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DARRELL BOYE, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 07-195<br>Judge Sweeney |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 7.2(a) of the Rules of the Court of Federal Claims ("RCFC"), defendant, United States, respectfully submits this opposition to the Plaintiffs' Motion to Compel Discovery. In their motion, plaintiffs allege that we have failed to comply with court-ordered discovery and seek the imposition of sanctions on this basis. Plaintiffs' motion and the allegations contained therein are without merit; we have complied in full with all the discovery permitted by the Court.

What plaintiffs truly seek is additional discovery to which they are not entitled at this preliminary stage of proceedings. Furthermore, even if this Court finds that the production of additional documents is warranted, the imposition of sanctions is unwarranted as we have sought to comply with the Court's orders in good faith and our refusal to produce the additional discovery has been substantially justified.

**BACKGROUND**

In their most recent complaint on the same pay-related issues, plaintiffs allege that they are third-party beneficiaries of the 638 Contracts between their employer, the Navajo Nation, and the Bureau of Indian Affairs ("BIA"). Compl. at ¶¶ VII-XIII. According to plaintiffs, these contracts allegedly require that plaintiffs be paid the same as their BIA counterparts. Id.

We filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), and claim preclusion. In our motion, we established, among other things, that plaintiffs are not third-party beneficiaries to the 638 Contracts nor do those contracts impose on the BIA a duty to investigate plaintiffs' pay. Docket Nos. 11, 15.

Plaintiffs sought a stay of proceedings for the purpose of obtaining discovery of the 638 contracts for 2007 and the prior five years. Docket No. 17. In its order of November 20, 2007, the Court granted limited discovery to plaintiffs as to the matters in the Government's motion to dismiss. The Court stated, "In particular, plaintiffs are entitled to present evidence that supports this court's jurisdiction over their complaint," and stated that "a review of all of the contracts at issue in the complaint appears necessary to determine whether those contracts confer third-party beneficiary status on plaintiffs, and therefore support this court's jurisdiction." Docket No. 20, at 1-2 & n. 1.

The Court also permitted plaintiffs to obtain discovery to rebut the Government's specific arguments pursuant to RCFC 12(b)(6). Id., at 2. Our only RCFC 12(b)(6) related argument is that plaintiffs have failed to identify any contract provision that sets forth an allegedly nondelegable duty of the BIA to investigate pay of Navajo Nation employees. Docket Nos. 11, 15.

On December 5, 2007, plaintiffs served us with requests for production of documents and notices of deposition pursuant to Rule 30(b)(6). On January 2, 2008, the Government produced to plaintiffs all of the 638 Contracts regarding criminal investigators and law enforcement officers from 2002 through 2007. On February 4, 2008, the Government produced all additional responsive, non-privileged documents which fall within the scope of the Court's discovery order.

We brought a motion for protective order, however, concerning those discovery requests falling outside the scope of the Court's order. On March 4, 2008, this Court permitted plaintiffs to obtain the following limited discovery:

> (1) The relevant 638 contracts for the years 2001 through 2007;
> (2) The documents related to the interpretation of the "pay provisions" of the relevant 638 contracts for the years 2001 through 2007;
> (3) The correspondence between the BIA and the Navajo Nation that relates to the interpretation of the "pay provisions" of the relevant 638 contracts for the years 2001 through 2007; and
> (4) The interrogatory responses of the "Awarding Officials" of the relevant 638 contracts for the years 2001 through 2007, on the sole issue of whether the BIA intended to benefit plaintiffs when it entered into the contract.

Order, 10.

Plaintiffs served interrogatories March 21, 2008, consisting of three sets of interrogatories numbering nineteen each, including subparts. The three sets of interrogatories were directed to Awarding Official Sharon Pinto, Awarding Official Dolores F. Torrez, and to "any other Awarding Official assigned to the 638 Law Enforcement Contracts between the Navajo Nation and the United States between 2001-2007."

With respect to the interrogatories directed to Sharon Pinto, we provided responses to two of the interrogatories, objecting to the remaining as being outside the scope of the Court's Order of March 4, 2008 permitting interrogatories "on the sole issue of whether the BIA intended to benefit plaintiffs when it entered into the contract." Order, 10. With respect to the interrogatories directed to Dolores F. Torrez, we responded that, after making a good faith effort, we are unable to locate Ms. Torrez, who is retired. We explained that we would continue to search for Ms. Torrez and supplement our responses accordingly if we are able to locate her. With respect to the final set of interrogatories, we responded that there were no other Bureau of

Indian Affairs ("BIA") Awarding Officials besides Sharon Pinto and Dolores F. Torrez assigned to administer the 638 Law Enforcement Contract between 2001 and 2007.

Plaintiffs wrote to us on April 28, 2008, requesting that we complete our interrogatory responses and supplement our document production, asserting that the documentation generated by the Awarding Official's Technical Representative would address the "obvious discrepancies in pay highlighted by the accounting reports." We responded that our interrogatory responses and document production were complete (with the exception of Ms. Torrez, should we locate her).

**ARGUMENT**

**I. Plaintiffs Interrogatories Exceed The Court's Order**

The Court should reject plaintiffs' motion to compel as we have provided all the discovery responses to which plaintiffs are entitled. In its order, this Court permitted plaintiffs to propound interrogatories "on the sole issue of whether the BIA intended to benefit Plaintiffs when it entered into the [638 contracts." Order, 10 (emphasis added). Rather than propounding interrogatories on this sole issue, plaintiffs propounded nineteen interrogatories concerning numerous issues falling well outside the scope of the Court's order including whether the Awarding Official was "aware that Navajo DPS police officers and/or criminal investigators were paid at a different rate than BIA police officers and criminal investigators 'with similar responsibilities.'" See Pl. Ex. 1, Interrogatory No. 1.

To excuse their failure to comply with the Court's limits on interrogatories, plaintiffs mischaracterize the Court's order, asserting (without citation) that the court "permitted interrogatories requesting the awarding officials' interpretation of the contract pay provisions at issue as well as questions related to any and all measures the awarding officials took to insure

compliance with the contract provisions." Pl. Mot. 2. The Court's order is clear. The Court did not order responses to interrogatories concerning "any and all measures the awarding officials took to insure compliance with the contract provisions." Pl. Mot. 2. The two paragraphs of the order concerning interrogatories are as follows:

> Plaintiffs may propound interrogatories on the "Awarding Officials" of the relevant 638 contracts for the years 2001 through 2007, on the sole issue of whether the BIA intended to benefit plaintiffs when it entered into the contract signed by the "Awarding Official." Once plaintiffs have received the interrogatory responses, they may petition the court to conduct depositions. Plaintiffs' request, if any, must explain why the requested depositions are needed to support their jurisdictional claim. [Order, 8-9 (footnote omitted).]
>
> (4) The interrogatory responses of the "Awarding Officials" of the relevant 638 contracts for the years 2001 through 2007, on the sole issue of whether the BIA intended to benefit plaintiffs when it entered into the contract. [Order, 10.]

Given that the vast majority of plaintiffs' nineteen interrogatories were so far outside the scope of the Court's order, we responded to the two interrogatories which appeared to bear on the "sole issue" identified in the Court's order and objected to the remaining interrogatories as being outside the scope of the Court's order.

The Court should reject plaintiffs' efforts to expand the scope of discovery. In their briefing on the Defendant's Motion for Protective Order, both parties set forth in full their positions on the permitted discovery. This Court properly found that the majority of the discovery sought by plaintiffs at that time was irrelevant to the preliminary issues before the Court. The Court should not permit plaintiffs to use a motion to compel to seek reconsideration of that order.

Indeed, even if the Court permits plaintiffs to seek reconsideration, a change in the Court's order is not justified. The seventeen interrogatories to which we objected all concern

issues that are not likely to lead to admissible evidence on the limited issues before this Court. For the most part, these interrogatories go to "the measures the awarding officials took to insure compliance with the contract provisions." Pl. Mot. 2. The measures the awarding officials took are irrelevant to the question of whether the contract was intended to benefit plaintiffs and whether the contract contained a nondelegable duty to investigate. Accordingly, the Court should not permit Plaintiffs' additional interrogatories.

We respectfully request that this Court deny plaintiffs' request to obtain any additional interrogatory responses.

## II. <u>Plaintiffs Are Not Entitled To Any Additional Documents</u>

The Court should reject plaintiffs' motion to compel document production as we have already produced all documents responsive to this Court's order.

On March 4, 2008, the Court ordered the production of three narrow categories of documents:

> (1) The relevant 638 contracts for the years 2001 through 2007;
> (2) The documents related to the interpretation of the "pay provisions" of the relevant 638 contracts for the years 2001 through 2007;
> (3) The correspondence between the BIA and the Navajo Nation that relates to the interpretation of the "pay provisions" of the relevant 638 contracts for the years 2001 through 2007 . . . .

Order, 10. The court clarified that "pay provisions" referred to "the 'Salary' paragraph in the contracts already in the record before the court, the equivalent provision in the remaining relevant 638 contracts, and any other provision that directly relates to the pay or benefits to be paid pursuant to the contracts."

Plaintiffs do not dispute that we produced all of the relevant 638 contracts for the years 2001 through 2007. Neither do they point to the existence of any documents or correspondence

concerning the interpretation of the pay provisions. Rather, they allege that we failed to produce those documents "generated and maintained regarding contract compliance and enforcement specifically related to the pay provisions at issue." Pl. Mot. 4. Assuming these documents even exist, they do not fall within the categories of documents to which the Court determined plaintiffs were entitled, and the Court should reject plaintiffs' attempt to re-argue the motion for protective order.

On its face, plaintiffs' Exhibit 3 does not describe any documents which could be fairly described as documents or correspondence "related to the interpretation of the pay provisions." Order, 10 (emphasis added). The AOTR "plan for monitoring the contract" would be just that; a plan for monitoring the contract which would not necessarily include any interpretation of the pay provisions. Similarly, any notice of contract violations would not necessarily include any interpretation of the pay provisions.

As part of the initial production of documents in this case, however, we reviewed the contract files and contract audit files for the relevant period and located no documents (other than those produced) which concern the interpretation of the pay provisions. This is consistent with the fact that no dispute has arisen between the parties to the 638 Contracts regarding the meaning of this provision. Accordingly, the Court should deny plaintiffs' request for additional documents.

III. Sanctions Are Not Warranted

There is no justification for the imposition of any sanctions in this matter and certainly no justification for drawing the adverse inference plaintiffs seek. See Pl. Mot. 6. As established above, we have fully complied with the Court's orders concerning discovery.

Should this Court find that we have not complied with its discovery orders, sanctions are still unwarranted. Pursuant to RCFC 37, this Court may not impose sanctions where it finds that the "opposing party's nondisclosure, response, or objection was substantially justified." Dairyland Power Co-op. v. United States, 79 Fed. Cl. 709, 715 (2007). Our position, set forth above, and in our earlier briefs — that plaintiffs' discovery requests fall outside the scope of the Court's orders — is substantially justified and based upon the text of this Court's orders. Accordingly, the Court should reject plaintiffs' motion for sanctions.

Moreover, sanctions are an extreme penalty which require a finding that the party at issue acted willfully and in bad faith. Id. The drawing of an adverse inference is a particularly extreme penalty generally reserved for cases where there has been destruction of relevant documents. See, e.g., Jandreau v. Nicholson, 492 F.3d 1372, 1375 (Fed. Cir. 2007). Plaintiffs have made no showing that we acted willfully and in bad faith, and are unable to make such a showing.

Throughout this litigation, we have attempted to comply with Court-ordered discovery in good faith. We stand ready and able to search for and produce any additional documents ordered by the Court. We also remain willing to work with plaintiffs to reach an amicable resolution to the discovery dispute, but have found it difficult to do so given the fundamental disagreements we appear to have with plaintiffs concerning the proper scope of discovery. Whereas it is clear that plaintiffs are only entitled to limited discovery to enable them to properly respond to our motion to dismiss, they continue to seek a wide range of discovery concerning the merits of their case. In any event, we have been unable to reach a meeting of the minds on these issues, despite a good faith effort. These facts do not warrant the imposition of sanctions.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny plaintiffs' motion to compel discovery and impose sanctions.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Martin F. Hockey, Jr. by Kenneth M. Dintzer
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624
Attorneys for Respondent

Of Counsel:
JAMES L. WEINER
Office of the Solicitor
United States Department of the Interior
1849 C Street, N.W.
Room No. 7326
Washington, DC 20240
Tel: (202) 208-6984
Fax: (202)208-6475

July 7, 2008

CERTIFICATE OF FILING

I hereby certify that on this 7th day of July 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah