IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DARRELL BOYE, et al., | ) | No. 07-195C |
| | ) | |
| Plaintiffs, | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Defendant's Response asserts the semantical argument that any statement or act acknowledging that Plaintiffs are not being paid the contractual and statutory rate that also relates to the issue of enforcement of the pay provision exceeds the scope of discovery. Plaintiffs' complaint alleges the contract provides for a specific rate of pay and that Defendant had a duty to ensure that Plaintiffs received the contractual rate of pay.

In this case the two issues overlap. As the court points out in its March 4, 2008, discovery order regarding Plaintiffs' Third Party Beneficiary Status . . . "the contract must reflect an intent to benefit the party directly". (at pg. 7).

Some of Plaintiffs interrogatories inquire of defendant's intent: what if any actions Defendant undertook to ensure the provisions of the contract were complied with signifying that it intended that Plaintiffs be paid the contractual rate. While these

interrogatories can be construed as pertaining to the duty to investigate they can just as reasonably be viewed as establishing the government's "intent to benefit" Plaintiffs.

Defendant's sophistry merely delays the case and takes up the court's time. As pointed out in this motion Defendant already concedes that the contract pay provisions were for the benefit of Plaintiffs.

The motion also cites that Plaintiffs have learned that the awarding official assigned to monitoring compliance with the provisions of the contract was assigned an assistant who had the everyday duties of monitoring the contact. (Exhibit 3 to Plaintiffs Motion To Compel). There are even provisions for sub-AOTRs. An assistant to help the assistant to the person responsible for monitoring compliance. As noted their duties included preparing a plan for monitoring the contract, promptly bringing to the attention of the awarding official any violation of the contract terms and to <u>ensure</u> (delineation added) contract funds are used for the purpose intended. (Exhibit 3, Bates Nos. A27-28, attached to Motion to Compel).

In reality, how much of the duty to ensure compliance is disputable. The Memorandum of Understanding (MOU) submitted April 14, 2008 contains the specific provision in the agreement between the Department of Justice and the Bureau of Indian Affairs, reflecting the statutory requirements, that the Bureau ensure that the 638 Officers compensation must be comparable to their BIA counterparts. These are defendant's own documents.

Defendant fails to even offer different explanation for the purpose of the AOTRs whose written primary responsibility was to monitor and ensure compliance with the terms of the contract.

To cap all of this was the testimony of the Assistant Secretary for Indian Affairs in the Department of the Interior before Congress on the ISDEA, (the statutory authority for 638 Contracts). The hearing invited the Department of the Interior to comment on various proposals to amend the act. The assistant Secretary commented that "another problem is the BIA's need to monitor the contractor while the contract is being carried out <u>because of the BIA's continuing responsibility to ensure compliance with detailed contract terms</u>" (delineation added). Exhibit A, S.REP. 100-274 1988, U.S.C.C.A.N. 2620, at 2663.

As pointed out in the few interrogatories defendant responded to, it conceded that the pay provision in the contract was for the benefit of Plaintiffs. (See Exhibit 1, pg. 9, Plaintiffs' Motion to Compel). Evidence of whether Plaintiffs were the intended beneficiaries of the pay provision can also be proven by evidence of defendant's acknowledgment of its duty to enforce the provisions of the contract and the measures it took Plaintiffs' requested discovery is within the scope of the court's interpretation of third party beneficiary status.

What should not be overlooked is that Congress required inclusion of the pay provision for policy reasons. The high rate of unemployment and poverty on Indian reservations had to be considerations.

Defendant has not provided any legitimate reasons for not responding to the requested discovery. Plaintiffs suggest as an alternative 30(b)(6) deposition of Defendant's representative(s) who can explain the content of the various documents and the AOTR's duties would be appropriate.

RESPECTFULLY SUBMITTED this 21st day of July, 2008.

LAW OFFICES OF EDWARD D. FITZHUGH

/s/ Edward D. Fitzhugh

Edward Fitzhugh
P.O. Box 24238
Tempe, Arizona 85288-4238
Attorney for Plaintiffs

**CERTIFICATE OF FILING**

I hereby certify that on this 21st day of July, 2008, a copy of the foregoing *Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to Compel Discovery* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ Edward D. Fitzhugh_________